UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*************************************
Frank Staples, et al            *
                                *
           Plaintiffs,           *
      v.                         *      No. 1:24-cv-00331-LM-TSM
                                *
Governor Christopher Sununu, et al.  *
                                *
           Defendants.           *
                                *
*************************************

**OBJECTION TO "EXPEDITED MOTION" FOR
ENTRY OF DEFAULT JUDGMENT**

The New Hampshire Governor[1] and the New Hampshire Attorney General, by and through the Office of the Attorney General, hereby object to the plaintiffs' "Expedited Motion for Entry of Default Judgment Against Defendant Governor Chris Sununu" (ECF Doc. No. 11), stating as follows:

1. The plaintiffs are not entitled to a default or a default judgment. The Governor timely moved to extend his answer deadline, and that motion remains pending with the Court. ECF Doc. No. 8. The Governor filed this motion in good faith and there are strong justifications for the relief requested in the motion. If the Court grants that motion, the Governor's deadline to answer or otherwise plead will not have elapsed. If the Court were to deny the motion, and a default were to enter under Rule 55(a), then there would be ample good cause to set it aside. Fed.

---

[1] The plaintiffs purport to bring individual and official capacity claims against Governor Sununu. As of January 9, 2025, Governor Sununu no longer holds the office of Governor. To the extent the plaintiffs bring official-capacity claims seeking prospective relief, substitution of the current Governor is appropriate under Federal Rule of Civil Procedure 25(d). At the same time, the former Governor remains a defendant in this case to the extent the plaintiffs seek damages from him in his individual capacity. For the sake of clarity, and because the Office of the Attorney General represents both the current and former Governor in any event, this objection uses the singular "Governor" to encompass the plaintiffs' retrospective and prospective claims. *See* Fed. R. Civ. P. 25(d) ("[A]ny misnomer not affecting the parties' substantial rights must be disregarded.").

R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."); *see also Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010) (setting forth good cause standard).

2.    Entering a default now is therefore both inappropriate and would serve little purpose. Further, because no default has entered (nor should one), the plaintiffs are likewise not entitled to a default judgment. *Moody v. PennyMac Loan Servs.*, LLC, No. 16-cv-21-JL, 2016 U.S. Dist. LEXIS 134500, at *6 (D.N.H. Aug. 30, 2016), *report and recommendation approved*, 2016 U.S. Dist. LEXIS 134496, at *1 (D.N.H. Sep. 28, 2016) ("Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process that requires an entry of default by the clerk prior to the entry of a default judgment." (cleaned up)). Nor are they entitled to any of the other relief they seek, which all appears to be premised on an entry of a default judgment.

3.    While this is dispositive of the plaintiffs' motion, the Governor and Attorney General take this opportunity to briefly address a few other points raised in that filing.

4.    Contrary to the plaintiffs' assertion, the Governor and Attorney General have not acted "in bad faith" by seeking to set a single answer deadline. ECF Doc. No. 11 at 2. Rather, as noted in the motion to extend, setting a single deadline will promote efficiency and judicial economy by allowing the Governor and the Attorney General to file a single response to the complaint and allowing the other defendants to be served and appear. ECF Doc. No. 8 ¶¶ 10–11. That the plaintiffs have purportedly now served the other defendants only strengthens the argument for a single answer deadline. It is not in anyone's interest (and certainly not the plaintiffs') to have three or more different defendant groups respond to plaintiffs' complaint at different times, triggering different time standards, and splintering this litigation from its inception.

5. The motion to extend the answer deadline is likewise not moot. ECF Doc. No. 11 at 2. The plaintiffs do not dispute that the Attorney General had not been served when the waivers of service were filed. *See id.* (noting that Attorney General was served on December 27, a week after waiver was filed). A waiver of service is treated as the equivalent of service of process and renders subsequent service unnecessary. Fed. R. Civ. P. 4(d)(4) (when waiver is filed, "proof of service is not required and these rules apply as if a summons and complaint had been served at the time of the filing the waiver"). Returning the waiver before being served with process triggers the 60-day answer deadline in Rule 4(d)(4). Fed. R. Civ. P. 4(d)(4). The Attorney General's answer deadline is accordingly February 18, 2025, regardless of what the Governor's is. The Governor, rather than contest whether he was properly served on December 4, voluntarily appeared in this case and filed his own waiver to confirm that he does not oppose service. The Governor also moved to consolidate his deadline with the Attorney General's for the reasons stated above and in his motion. He did so before he was under any obligation to answer or otherwise plead, even assuming he was properly served on December 4. The plaintiffs' subsequent efforts to unnecessarily serve the Attorney General do not render the motion to extend moot.

6. The plaintiffs' contention that the Attorney General and the Governor misrepresented to the Court that the plaintiffs had requested a waiver of service is also misplaced. The motion to extend itself dispels the suggestion that the Attorney General or Governor misrepresented that the plaintiffs had requested that a waiver of service. To be sure, the Attorney General and the Governor did file waivers of service, downloaded from the judiciary's website, that contain form language contemplating a request for waiver of service. ECF Doc. Nos. 6 & 7. Those forms mirror Rule 4(d), which likewise contemplates that a waiver

of service will ordinarily be filed upon request of the plaintiff. Going forward, defense counsel will endeavor to file modified waivers in cases in which a plaintiff has not formally requested that service be waived to avoid any confusion about whether such a request has been made. The use of the waiver form here, however, was in no way "improper" or a "misrepresentation," as the plaintiffs contend. ECF Doc. No. 11 at 2.

7. Nor is there any support for the plaintiffs' apparent suggestion that a defendant cannot waive service unless requested by the plaintiff. It is unsurprising that Rule 4(d) would contemplate a waiver of service being filed upon the plaintiff's request, as many defendants will not become aware that they have been sued until informed by the plaintiff suing them. But nothing in Rule 4 precludes a defendant who has become aware of a lawsuit from waiving service regardless of whether a plaintiff has made a formal request for a waiver. To the contrary, Rule 4(d)(1) places an affirmative "duty" on defendants "to avoid unnecessary expenses of serving the summons." It would be more than a little strange for a rule that is so clearly designed to facilitate waivers of service to nonetheless preclude a defendant from waiving service unless a plaintiff has requested a waiver. The plaintiffs cite no authority for that proposition, and defense counsel has not identified any.

8. At the end of the day, the Governor and the Attorney General have voluntarily appeared in this case, have sought to avoid the need for the plaintiffs to unnecessarily serve process, and have requested that the Court set a single answer deadline designed to make this case more manageable from the outset. Each of these acts benefits the plaintiffs as much as the defendants. The plaintiffs' suggestion that any of this was done in bad faith or for some improper purpose is misplaced. They are not entitled to any of the relief sought in their motion.

WHEREFORE, the Governor and the Attorney General respectfully request that this Honorable Court:

A. Deny the plaintiffs' "Expedited Motion for Entry of Default Judgment Against Defendant Governor Chris Sununu"; and

B. Grant such further relief as the Court deems just and equitable.

                              Respectfully submitted,

                              GOVERNOR CHRISTOPHER SUNUNU and
ATTORNEY GENERAL JOHN FORMELLA

                              By their attorney,

                              JOHN M. FORMELLA
NEW HAMPSHIRE ATTORENY GENERAL

Dated: January 10, 2024        /s/ *Samuel Garland*
                              Samuel Garland, Bar #266273
                              Senior Assistant Attorney General
                              Civil Bureau
                              N.H. Department of Justice
                              1 Granite Place South
                              Concord, NH 03301
                              samuel.rv.garland@doj.nh.gov
                              (603) 271-3650

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent this day by first class mail to each of the plaintiffs at the address listed in the CM/ECF docket.

                              /s/ *Samuel Garland*
                              Samuel Garland