UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Case No. 1:24-cv-00331-LM-TSM

**Frank Staples and Kathleen Bussiere, Plaintiffs**
v.
**Governor Chris Sununu, et al., Defendants**

---

# PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION AND MOOTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

---

**NOW COME** the Plaintiffs, Frank Staples and Kathleen Bussiere, pursuant to **Federal Rule of Civil Procedure 72(a)**, and respectfully object to the Magistrate Judge's endorsed order granting the Defendants' Motion for Extension of Time (Doc. 8) and mooting Plaintiffs' Motion for Default Judgment (Doc. 11). Plaintiffs assert that the Magistrate Judge's rulings are **clearly erroneous and contrary to law**, and request that this Honorable Court vacate the orders and deny the Defendants' Motion for Extension.

---

## 1. Procedural Impropriety in Mooting Plaintiffs' Motion for Default Judgment

The Magistrate Judge granted the Defendants' Motion for Extension (Doc. 8) and, in doing so, rendered Plaintiffs' Motion for Default Judgment (Doc. 11) moot without addressing Plaintiffs' Objection to the Defendants' Motion (Doc. 10). This sequence of rulings was improper because:

- **Failure to Address the Objection**: Plaintiffs' timely objection raised substantive arguments against granting the Defendants' motion, including their bad faith tactics and the prejudice caused by the delay. The Magistrate Judge failed to evaluate or address these arguments before granting the extension.

    - **Case Support**: "Failure to evaluate properly raised objections undermines the fairness of the process and violates the obligation of de novo review." – *United States v. Rivera*, 900 F.2d 1462 (10th Cir. 1990).
- **Improperly Mooting Plaintiffs' Motion for Default**: By granting the extension without ruling on the objection, the Magistrate Judge effectively nullified Plaintiffs' Motion for Default Judgment without providing any reasoning. This creates the appearance of bias

and deprives Plaintiffs of a fair opportunity to litigate the issue.

- **Case Support**: "The district judge must make an independent determination of any disputed issue properly brought before the court through objections to the magistrate judge's recommendation." – *United States v. One 1972 Chevrolet Corvette*, 625 F.2d 1026 (1st Cir. 1980).

---

## 2. Defendants' Bad Faith Tactics and Material Misrepresentation

The Defendants engaged in procedural tactics that demonstrate bad faith and caused substantial harm to Plaintiffs and the judicial process:

- **Filing False Waiver Forms**: The Defendants filed waiver of service forms (Docs. 6 and 7) falsely asserting that Plaintiffs requested waivers of service under Rule 4(d). This was a material misrepresentation, as Plaintiffs served all Defendants in hand and never initiated waivers.

- **Admitting to Improper Conduct**: The Defendants later admitted to filing incorrect forms but failed to acknowledge or remedy the harm caused by this misrepresentation, which delayed proceedings and created procedural confusion.

- **Last-Minute Filing of Extension Request**: The Defendants filed their Motion for Extension (Doc. 8) just four days before their response deadline of December 24, 2024. This request appears calculated to delay the proceedings and force the court to act without full consideration of Plaintiffs' objection.

    - **Case Support**: "It is the obligation of the court to ensure objections are meaningfully considered to preserve the integrity of the judicial process." – *Haines v. Liggett Group, Inc.*, 975 F.2d 81 (3d Cir. 1992).

---

## 3. Defendants Are Limited to 21 Days from December 27, 2024

As of December 27, 2024, all Defendants were served in hand, rendering their request for an extension based on Rule 4(d) moot. Under **Rule 12(a)(1)(A)(i)**, Defendants must respond within 21 days of service, making the new response deadline **January 17, 2025**.

- **Misuse of Waiver Rules**: Rule 4(d) allows for 60 days to respond only when a waiver is properly initiated by the Plaintiffs. Here, no such waivers were requested or executed. The Defendants cannot retroactively invoke Rule 4(d) to justify their delay.
- **Limit on Extensions**: The Defendants' service date establishes the response deadline. Extending this period further unfairly prejudices Plaintiffs and rewards improper tactics.

- - **Case Support**: "The filing of timely objections to a magistrate judge's report triggers the district court's duty to review those objections de novo." – *Thomas v. Arn*, 474 U.S. 140 (1985).

## 4. Plaintiffs' Right to Control Litigation Strategy

Plaintiffs intentionally structured service to stagger response deadlines. This approach was a strategic decision designed to streamline responses and focus litigation efforts. By overriding this strategy, the court has:

1. Disrupted Plaintiffs' case management; and
2. Shown unwarranted favoritism toward the Defendants, undermining judicial neutrality.

## 5. Harm Caused by Irregularities

The Magistrate Judge's failure to address the harm caused by Defendants' misrepresentation demonstrates procedural irregularities and raises questions about judicial impartiality. This pattern of favoring Defendants undermines public confidence in the fairness of the proceedings.

## 6. Request for Relief

Plaintiffs respectfully request that this Honorable Court:

1. Vacate the Magistrate Judge's endorsed order granting Defendants' Motion for Extension (Doc. 8);
2. Deny Defendants' Motion for Extension;
3. Reinstate Plaintiffs' Motion for Default Judgment (Doc. 11) for adjudication on the merits;
4. Limit all Defendants' response deadlines to 21 days from December 27, 2024, pursuant to Rule 12(a)(1)(A)(i);
5. Impose sanctions against Defendants for misrepresenting procedural filings; and
6. Grant such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**Frank Staples**
332 Merrimack Street
Manchester, NH 03103

*/s/ Frank Staples/*

(603) 722-5408
Absolutedefiance@protonmail.com

**Kathleen Bussiere**
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Date: ~~December 27~~ January 21st, 2024

*[signature: Kathleen Bussiere]*

---

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the foregoing Objection has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties.

[Signatures]

*[signature: Kathleen Bussiere]*

*[signature]*