UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Frank Staples, et al. | \* |
| | \* |
| Plaintiffs, | \* |
| v. | \*   No. 1:24-cv-00331-LM-TSM |
| | \* |
| Governor Christopher Sununu, et al. | \* |
| | \* |
| Defendants. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RESPONSE TO OBJECTION

The New Hampshire Governor[1] and the New Hampshire Attorney General submit the within Response to Plaintiffs' Objection to the Magistrate Judge's recent Orders, stating in support thereof as follows:

1. The Plaintiffs have filed a lawsuit against the Governor and the Attorney General, as well as Charles O'Leary, an official with the New Hampshire Department of Safety, and "72 John Does." ECF Doc. No. 1.

2. The Governor and the Attorney General are both represented by the Civil Bureau of the NHAG's Office in this matter. Any reference to "Defendants" in this pleading is to these parties only.

3. On December 4, the Plaintiffs filed a proof of service, representing that the Governor was served in-hand at the Executive Council meeting held that day. ECF Doc. No. 5.

---

[1] The Plaintiffs purport to bring individual and official capacity claims against Governor Sununu. As of January 9, 2025, Governor Sununu no longer holds the office of Governor. To the extent the plaintiffs bring official-capacity claims seeking prospective relief, substitution of the current Governor is appropriate under Federal Rule of Civil Procedure 25(d). At the same time, the former Governor remains a defendant in this case to the extent the plaintiffs seek damages from him in his individual capacity. For the sake of clarity, and because the Office of the Attorney General represents both the current and former Governor in any event, this objection uses the singular "Governor" to encompass the plaintiffs' retrospective and prospective claims. *See* Fed. R. Civ. P. 25(d) ("[A]ny misnomer not affecting the parties' substantial rights must be disregarded.").

4. It is not clear that the effort to serve the Governor on December 4 constituted proper service of process under Federal Rule of Civil Procedure 4.

5. Regardless, the Governor and the NHAG subsequently waived formal service and moved to extend and consolidate their response deadlines. *See* ECF Doc. Nos. 6-8.

6. While Defendants' Motion to Extend was pending, Plaintiffs filed a Motion for Default, arguing that (rather than grant the pending request for extension or resolve the issue on the merits) the Court should issue an expedited order of default and, among other things, award the *pro se* Plaintiffs $72,000.00 in attorneys' fees for their own time. *See* ECF Doc. No. 11.

7. This Court (Saint-Marc, J.) ultimately granted Defendants' request for extension.

8. For obvious reasons, when the Defendants' response deadline was extended by Court order, the Plaintiffs' Motion for Default (which sought default based on the passing of the alleged original deadline for response) became moot.

9. Now, the Plaintiffs ask this Court to reverse the Order granting the extension.

10. Defendants hereby incorporate the arguments made in their Motion for Extension.

11. Contrary to Plaintiffs' assertions, the Court's granting of the extension is not evidence of bias, nor is it an indicator that the Court disregarded Plaintiffs' Objection to the request for extension.

12. The Court acted within its discretion in extending the response deadline, especially where the request was made prior to the deadline's expiration. *See* Fed. R. Civ. P. 6(b)(1)(A)(stating that "the court may, for good cause, extend the time [of a deadline] … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]"); *and see McIntosh v. Antonino*, 71 F.3d 29, 38 (1st Cir. 1995) (holding that

the "administration of filing deadlines is a matter of case management that comes within the district court's discretion.")

13. To the extent Plaintiffs' Objection seeks affirmative relief and sanctions, Defendants object.

14. Specifically, Defendants hereby incorporate the arguments in their Objection to Plaintiffs' Expedited Motion for Entry of Default Judgment.

15. Defendants reiterate that their use of the Court's waiver form was in no way improper, and deny that their doing so caused any delay or otherwise prejudiced Plaintiffs' case.

16. Indeed, even in the absence of such waivers, the Defendants could have sought, and this Court would have had discretion to grant, a request to consolidate and extend their response deadlines. Similarly, if Defendants filed Motions to Dismiss even on separate response deadlines, this Court would be within its discretion to grant a request by Plaintiffs to consolidate and extend their response deadlines for same, just as the Court would have authority to *sua sponte* consolidate its own order(s) on said Motions.

17. In sum, the Court acted within its sound discretion in administering and extending deadlines for the present case, and its granting of the subject extension did not substantially prejudice the Plaintiffs.

18. Similarly, the Court's denial of the Plaintiffs' hasty Motion for Default was within its sound discretion and was consistent with the Court's long-held preference for resolving cases on their merits. *See Universitas Educ., LLC v. Granderson*, 98 F.4th 357, 377 (1st Cir. 2024)(internal citations and quotations omitted) (stating "default judgment is a drastic measure that runs contrary to the goals of resolving cases on the merits and avoiding harsh or

unfair results. As such, it should be employed only in an extreme situation, and to protect diligent parties from clearly unresponsive adversaries.").

19. Accordingly, Defendants request that the Magistrate Judge's Orders be upheld.

WHEREFORE, the Governor and Attorney General respectfully request that this Honorable Court:

A. Note the within Response;

B. Deny the relief requested in Plaintiffs' Objection; and

C. Grant such other relief as the Court deems just and equitable.

Respectfully submitted,

GOVERNOR CHRISTOPHER SUNUNU and
ATTORNEY GENERAL JOHN FORMELLA

By their attorney,

JOHN M. FORMELLA
NEW HAMPSHIRE ATTORENY GENERAL

Dated: February 4, 2025         /s/ *Shawna Bentley*
Shawna Bentley, Bar #270149
Attorney - Civil Bureau
N.H. Department of Justice
1 Granite Place South
Concord, NH 03301
shawna.bentley@doj.nh.gov
(603) 271-3650

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent this day via the Court's electronic filings system to all parties of record.

/s/ *Shawna Bentley*
Shawna Bentley

- 4 -