

USDC -NH
FEB 10 PM 4:34

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Case No. 1:24-cv-00331-LM-TSM

Frank Staples and Kathleen Bussiere, Plaintiffs
v.
Governor Kelly Ayotte (in her official capacity), et al., Defendants

---

PLAINTIFFS' MOTION TO STRIKE DOCUMENTS 6 & 7 FROM THE RECORD

(Pursuant to Federal Rule of Civil Procedure 12(f))

---

I. INTRODUCTION

Plaintiffs, Frank Staples and Kathleen Bussiere, move this Court to strike Documents 6 and 7 from the record pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that these filings are improper, misleading, and were not initiated by the Plaintiffs as required by Rule 4(d).

Defendants falsely represented that they had received a valid request for waiver of service from Plaintiffs, despite no such request ever being made. Their reliance on these documents to justify an extension of time under Document 8 (Motion for Extension of Time to Answer) constitutes bad-faith litigation conduct and violates due process.

Accordingly, Plaintiffs respectfully request that the Court:

1. Strike Documents 6 and 7 from the record as improper and misleading filings.

2. Preclude Defendants from relying on these documents in future filings.

3. Grant any further relief this Court deems just and equitable.

---

## II. FACTUAL & PROCEDURAL BACKGROUND

1. December 4, 2024 – Defendant Chris Sununu was served in hand with the complaint and summons.

2. December 20, 2024 – Defendants filed Document 8 (Motion to Extend Time to Answer), seeking a 60-day deadline extension based on waiver of service forms.

3. December 20, 2024 – Defendants also filed Documents 6 and 7, purporting to be valid waiver of service forms signed by Plaintiffs.

4. December 27th, 2024 – Plaintiffs filed Document 9 (Objection to Motion to Extend Time), arguing that no waiver of service was ever requested by them.

5. January 10, 2025 – Defendants filed Document 12 (Objection to Default Judgment Motion), admitting that they improperly used forms meant for Plaintiffs and would not do so again in the future (page 3.6).

6. January 13, 2025 – The Magistrate granted Document 8 (Defendants' Motion to Extend) without addressing Document 9 (Plaintiffs' Objection).

7. January 16, 2025 – The Court denied Document 11 (Motion for Default Judgment) as moot, again without ruling on Document 9 or the validity of Documents 6 and 7.

Defendants' attempt to rely on a false waiver of service process constitutes procedural misconduct and necessitates the striking of Documents 6 and 7.

---

## III. MEMORANDUM OF LAW

A. Federal Rule of Civil Procedure 12(f) Authorizes the Striking of False or Misleading Filings

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Courts have held that filings that mislead the court or misrepresent facts should be stricken.

Gulf Oil Co. v. Bernard, 452 U.S. 89, 101 (1981) (Courts have inherent power to regulate conduct and strike improper filings that mislead the court).

United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004) (Misrepresentations in filings can constitute procedural abuse justifying sanctions).

Since Documents 6 and 7 falsely represent a waiver of service process that was never initiated by Plaintiffs, these filings should be stricken to preserve procedural integrity.

---

B. Rule 4(d) Does Not Permit Defendants to Initiate Waiver of Service

Under Rule 4(d)(1) of the Federal Rules of Civil Procedure, only a plaintiff may initiate a request for waiver of service. Defendants cannot unilaterally generate a waiver of service form and use it to their advantage.

Rivera-Torres v. Ortiz-Velez, 341 F.3d 86, 94 (1st Cir. 2003) (Failure to follow proper service rules results in procedural forfeiture).

Harrington v. Nashua, 610 F.3d 24, 29 (1st Cir. 2010) (Waiver of service requires plaintiff's consent; an invalid waiver has no effect).

Since Plaintiffs never requested a waiver of service, Documents 6 and 7 are invalid and must be stricken.

---

C. The Court Should Not Permit Defendants to Benefit from Procedural Misconduct

Defendants admitted in Document 12 (page 3.6) that they improperly used waiver forms meant for plaintiffs and that they would not do so again. Allowing these documents to remain part of the record would enable Defendants to benefit from their procedural misrepresentation.

Pina v. Children's Place, 740 F.3d 785, 789 (1st Cir. 2014) (Courts should not allow parties to gain advantage through improper filings).

United States v. Taylor, 487 U.S. 326, 336 (1988) (Judicial discretion must be exercised within procedural fairness).

Since Documents 6 and 7 were improperly filed, the Court should strike them to prevent further abuse of the legal process.

---

IV. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Strike Documents 6 and 7 from the record as improper and misleading filings.

2. Preclude Defendants from relying on these documents in future filings.

3. Sanction Defendants under Rule 11(b) for misrepresentations to the Court.

4. Grant any further relief this Court deems just and equitable.

---

Respectfully Submitted,

Frank Staples
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)

178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Date: February 10, 2025

---

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties.

Frank Staples

/s/ Kathleen Bussiere (Electronic Signature)