USDC -NH
FEB 10 PM4:35

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Case No. 1:24-cv-00331-LM-TSM

Frank Staples and Kathleen Bussiere, Plaintiffs
v.
Governor Kelly Ayotte (in her official capacity), et al., Defendants

---

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE AND MOTION FOR DEFAULT JUDGMENT & SANCTIONS

(Pursuant to Federal Rules of Civil Procedure 55(a) & 11)

---

I. INTRODUCTION

Plaintiffs, Frank Staples and Kathleen Bussiere, move this Court to enter default judgment against Defendants pursuant to Rule 55(a) and impose sanctions under Rule 11(b) for Defendants' procedural misrepresentations and bad-faith litigation tactics.

Additionally, Plaintiffs request that the Court rule on the pending Motion to Strike Documents 6 & 7, which were improperly filed and falsely represented as valid waivers of service. The Defendants' reliance on these improper filings directly undermines their Motion for Extension of Time (Document 8) and highlights their abuse of the litigation process.

Accordingly, Plaintiffs respectfully request that the Court:

1. Grant Plaintiffs' pending Motion to Strike (Documents 6 & 7).

2. Enter default judgment against Defendants for failure to timely respond.

3. Impose Rule 11 sanctions on Defendants for filing misleading waiver forms and improperly seeking extensions.

4. Strike any untimely response by Defendants.


---

II. FACTUAL & PROCEDURAL BACKGROUND

1. December 4, 2024 – Defendant Chris Sununu was served in hand with the complaint and summons.


2. December 20, 2024 – Defendants filed Document 8 (Motion to Extend Time to Answer), seeking a 60-day deadline extension based on waiver of service forms.


3. December 20, 2024 – Defendants also filed Documents 6 and 7, purporting to be valid waiver of service forms, despite Plaintiffs never initiating any waiver request.


4. December 27, 2024 – Plaintiffs filed Document 9 (Objection to Motion to Extend Time), arguing that Documents 6 & 7 were improper and should not be relied upon.


5. January 10, 2025 – Defendants filed Document 12 (Objection to Default Judgment Motion [Doc 11]), admitting that they improperly used waiver of service forms meant for plaintiffs (pages 3.6 and 4.7).


6. Defendants did not object to Document 9, Plaintiffs Objection.


7. On January 13, 2025, the Magistrate granted Document 8 (Defendants' Motion to Extend) without addressing Document 9 (Plaintiffs' Objection).


8. Later that same day, the Court denied Document 11 (Motion for Default Judgment) as moot, again without ruling on Document 9 or the validity of Documents 6 and 7.


9. January 17, 2025 – The correct 21-day response deadline elapsed for Defendants served on December 27, yet no response was filed.

Since Documents 6 & 7 were improperly filed, the Court must strike them before considering Defendants' extension request.

---

III. MEMORANDUM OF LAW

A. Default Judgment is Warranted Under Rule 55(a)

Under Rule 55(a), default must be entered when a party "has failed to plead or otherwise defend" within the prescribed time.

Defendants failed to file a timely response under Rule 12(a)(1)(A)(i).

Defendants did not move to consolidate or extend the response deadline for Defendants served on December 27.

The improper extension does not excuse their default, as the Court failed to rule on Document 9 before granting relief to Defendants.

Rivera-Torres v. Ortiz-Velez, 341 F.3d 86, 94 (1st Cir. 2003) supports default judgment when procedural deadlines are ignored.

Since Defendants chose not to request an extension for the December 27 service, their deadline expired on January 17, and they are now in default under Rule 55(a).

---

B. Rule 11 Sanctions are Warranted

Defendants admitted in Document 12 (pages 3.6 and 4.7) that they improperly used waiver forms meant for plaintiffs and that they would not do so again. This admission supports sanctions under Rule 11(b)(2) for Defendants' bad-faith tactics:

1. Fabricating a waiver of service process that Plaintiffs never initiated.

2. Seeking an extension without requesting consolidation for all Defendants.

3. Deliberately failing to request an extension for the December 27 service to later argue for a retroactive extension.

4. In addition, courts have imposed Rule 11 sanctions where parties engage in misleading procedural tactics. See* Pina v. Children's Place, 740 F.3d 785, 789 (1st Cir. 2014)** (courts should not allow parties to gain an advantage through improper filings).

Rule 11 permits monetary sanctions and procedural restrictions on parties who engage in bad-faith litigation conduct.

---

IV. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Grant Plaintiffs' pending Motion to Strike Documents 6 & 7 from the record.

2. Enter default judgment against Defendants under Rule 55(a) for failing to respond by January 17.

3. Impose Rule 11 sanctions against Defendants for procedural misrepresentations and improper filings.

4. Strike any untimely response by Defendants.

5. Schedule an evidentiary hearing to examine Defendants' bad-faith litigation conduct.

6. Rule on Plaintiffs' Objection (Document 9) before considering Defendants' Motion for Extension (Document 8), as it was timely filed and remains unaddressed.

7. Grant any further relief this Court deems just and equitable.

---

Respectfully Submitted,

Frank Staples
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Date: February 10, 2025

---

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served via the Court's
CM/ECF system on all counsel of record and via certified mail to any unregistered parties.

Frank Staples

/s/ Kathleen Bussiere (Electronic Signature)