

USDC -NH
FEB 10 PM 4:35

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Case No. 1:24-cv-00331-LM-TSM

Frank Staples and Kathleen Bussiere, Plaintiffs
v.
Governor Kelly Ayotte (in her official capacity), et al., Defendants

---

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION AND REQUEST FOR COURT RECONSIDERATION OF MAGISTRATE ORDERS

---

I. INTRODUCTION

Plaintiffs, Frank Staples and Kathleen Bussiere, respectfully request that this Court reconsider the Magistrate Judge's order granting Defendants' Motion for Extension (Document 8).

The Magistrate Judge's ruling was improper because it:

1. Failed to rule on Plaintiffs' Objection (Document 9) before granting relief to Defendants.

2. Ignored procedural misrepresentations by Defendants regarding their waiver of service forms (Documents 6 & 7).

3. Did not consider Plaintiffs' subsequent filings (Document 10 & Defendants Document 12), which further exposed procedural errors.

Accordingly, Plaintiffs request that the Court:

1. Reconsider and reverse the Magistrate's order granting an extension (Document 8).

2. Issue a ruling on Plaintiffs' pending Objection (Document 9).

3. Strike the improperly granted 60-day extension.

4. Enter default judgment against Defendants for failure to timely respond.

5. Impose Rule 11 sanctions for procedural misrepresentation.

6. Schedule an evidentiary hearing to review Defendants' bad-faith litigation conduct.

---

II. PROCEDURAL HISTORY

1. December 4, 2024 – Defendant Chris Sununu was served in hand with the complaint and summons.

2. December 20, 2024 – Defendants filed Document 8 (Motion to Extend Time to Answer), citing waiver of service despite Plaintiffs never initiating such a waiver.

3. December 20, 2024 – Defendants also filed Documents 6 & 7, falsely representing them as valid waiver forms initiated by Plaintiffs.

4. December 27, 2024 – Plaintiffs filed Document 9 (Objection to Defendants' Motion for Extension), arguing that:

Documents 6 & 7 were invalid.

Defendants misrepresented the waiver process.

The extension request was procedurally improper.

5. January 10, 2025 – Defendants filed Document 12 (Objection to Default Judgment Motion [Document 11]), admitting that:

They improperly used waiver forms meant for Plaintiffs.

They would not do so again in the future.

6. Defendants never objected to Plaintiffs' Objection (Document 9), effectively waiving their right to contest it.

7. January 13, 2025 – The Magistrate granted Document 8 without ruling on Document 9.

8. January 13, 2025 – The Court denied Document 11 (Motion for Default Judgment) as moot, again without ruling on Documents 9, 10 or 12.

9. January 17, 2025 – The 21-day response deadline elapsed for Defendants served on December 27, yet no response was filed.

Since the Magistrate failed to rule on Document 9 before granting relief, this Court must correct the procedural error and enforce the proper deadlines.

---

III. LEGAL ARGUMENTS

A. The Court Must Rule on Document 9 Before Granting an Extension

Courts cannot grant relief to a party when a timely-filed objection remains unaddressed.

✔ Rivera v. Riley, 209 F.3d 24, 27 (1st Cir. 2000) (court discretion must be exercised in harmony with procedural fairness).
✔ United States v. Taylor, 487 U.S. 326, 336 (1988) (a pending objection that affects case timing must be resolved before ruling on an opposing motion).

The Magistrate's failure to rule on Document 9 before granting an extension violated procedural fairness and must be corrected.

---

B. Defendants' Use of Waiver of Service is Procedurally Invalid

Under Rule 4(d)(1), only Plaintiffs may initiate waiver of service.

✔ Harrington v. Nashua, 610 F.3d 24, 29 (1st Cir. 2010) (an invalid waiver has no effect).
✔ Pina v. Children's Place, 740 F.3d 785, 789 (1st Cir. 2014) (litigation tactics that mislead the court warrant sanctions).

Since Plaintiffs never initiated waiver of service, Documents 6 & 7 are invalid, and the extension granted based on them must be reversed.

---

C. Rule 12(a)(1)(A)(i) Controls the Deadline – Not Rule 6(b)(1)(A)

Rule 6(b)(1)(A) cannot override a mandatory deadline imposed by Rule 12(a)(1)(A)(i).

✔ Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 (1990) (statutory deadlines must be strictly construed and cannot be extended through judicial discretion).

Since Defendants did not move to consolidate deadlines for the December 27-served Defendants, their deadline remained January 17, 2025, and they are now in default.

---

D. Default Judgment Under Rule 55(a) is Proper

✔ Rivera-Torres v. Ortiz-Velez, 341 F.3d 86 (1st Cir. 2003) (failure to comply with procedural deadlines results in default judgment).
✔ Rule 55(a) (default is appropriate when a party "has failed to plead or otherwise defend").

---

E. Request for Sanctions Under Rule 11(b)(2)

✔ Pina v. Children's Place, 740 F.3d 785, 789 (1st Cir. 2014) (procedural misrepresentation warrants sanctions).

✔ Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (courts must ensure procedural fairness before ruling on contested motions).

---

IV. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Reconsider and reverse the Magistrate's order granting an extension (Document 8).

2. Rule on Plaintiffs' Objection (Document 9).

3. Strike the improperly granted 60-day extension.

4. Enter default judgment against Defendants under Rule 55(a).

5. Impose Rule 11 sanctions for procedural misrepresentation.

6. Schedule an evidentiary hearing to examine Defendants' bad-faith litigation conduct.

Respectfully Submitted,

*[signature]*

Frank Staples
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015

kaffatina@yahoo.com

Date: February 10, 2025

---

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties.

Frank Staples

/s/ Kathleen Bussiere (Electronic Signature)