**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Frank Staples, *et al.*,                                      \*

                                                                        \*

                    Plaintiffs,                            \*

         v.                                                        \*         Civil No.: No. 1:24-cv-331-LM-TSM

                                                                        \*

                                                                        \*

Governor Chris Sununu, *et al.*,                   \*

                                                                        \*

                    Defendants.                          \*

                                                                        \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR

## MOTION TO DISMISS

Defendants Governor Chris Sununu and Attorney General John Formella (the "State Defendants"), by and through their counsel, the Office of the Attorney General, submit this Memorandum of Law in Support of their Motion to Dismiss. [1]

## BACKGROUND

For purposes of this motion only, the facts as alleged in the Complaint are accepted as true. Plaintiffs bring myriad claims under both the federal and New Hampshire Constitutions. The claims are listed in the table below, and Defendants have numbered each count in the order they appear in the Complaint for ease of reference.

---

[1] To the extent the New Hampshire Attorney General's Office appears for Officer O'Leary in this matter, it will be through a different Bureau. Undersigned counsel does not represent Officer O'Leary in this matter.

| Federal constitutional claims | New Hampshire constitutional claims |
|---|---|
| (Count I) – "First Amendment (Freedom of Speech and Assembly)" | (Count VII) – "Article 8 (Accountability and Transparency)" |
| (Count II) – "Fourth Amendment (Unlawful Arrest and Excessive Force)" | (Count VIII) – "Article 22 (Freedom of Speech)" |
| (Count III) – "Fifth Amendment (Due Process)" | (Count IX) – "Article 32 (Right to Assemble)" |
| (Count IV) – "Eighth Amendment (Excessive Force/Cruel and Unusual Punishment" | (Count X) – "Article 14 (Due Process)" |
| (Count V) – "Fourteenth Amendment (Equal Protection, Due Process)" | |
| (Count VI) – "42 U.S.C. § 1985(3) (Conspiracy to Interfere with Civil Rights" | |

In their Complaint, Plaintiffs appear to allege that on separate occasions, the State

Defendants took action to violate their federal and New Hampshire constitutional rights. Compl.

at 1–10. First, Plaintiffs allege that Frank Staples became "vocal" at a September 29, 2021

Executive Council meeting, leading an unnamed person or persons to cancel the meeting. *Id.* at

6. Staples was allegedly "identified in news coverage" thereafter. *Id.*

Plaintiffs do not identify the involvement of any State Defendants in the events of the

September 29, 2021 Executive Council meeting. Compl. at 6. Additionally, the Complaint is

devoid of any allegation that either State Defendant had any involvement in news coverage of

the September 29, 2021 event, let alone any coverage which "identified" Staples. *See id.*

Plaintiffs then allege that at an October 13, 2021 Executive Council meeting, Frank

Staples and other unnamed parties "participated in a peaceful protest [during the session], turning

their backs on Governor Sununu while the meeting continued." *Id.* Plaintiffs allege that

Governor Sununu then texted, nodded at law enforcement, and communicated with Attorney

General John Formella just before the arrests of Plaintiff Frank Staples and non-party Therese

Grinnell occurred. *Id.*

The Complaint next alleges that Governor Sununu gave a press conference after the October 13, 2021 arrests, in which he labeled those arrested as "anti-vaxxers" and "extremists." *Id.* Next, the Complaint alleges that—at an unidentified trial for an unidentified charge—Defendant-Attorney Charles O'Leary wrongfully introduced video evidence from the September 29, 2021 meeting, which Plaintiffs allege unfairly targeted Staples. *Id.* at 7.

Lastly, Plaintiffs allege that at a November 19, 2021 Fiscal Committee meeting, Plaintiff Frank Staples "spoke up" about his previous arrest and was arrested by non-party "Trooper DeLuca." *Id.* at 7. Notably, Plaintiffs fail to allege any involvement, or even the attendance, by the State Defendants at the November 19, 2021 Fiscal Committee Meeting. *See* Compl. at 7. For the reasons set forth below, all of the claims against the State Defendants should be dismissed.

## STANDARD OF REVIEW

"[T]o survive a motion to dismiss for failure to state a claim [under Fed. R. Civ. P. 12(b)(6)], the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012) quoting *Katz v. Pershing*, *LLC*, 672 F.3d 64, 72–73 (1st Cir. 2012). As the First Circuit Court of Appeals explains, this inquiry is a two-step process:

> First, the court must sift through the averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited). Second, the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim of relief.

*Goldstein v. Galvin*, 719 F.3d 16, 29-30 (1st Cir. 2013). "If this factual residue is too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint may be dismissed." *Id.*

**ARGUMENT**

**I.     The Eleventh Amendment bars Plaintiffs' official-capacity claims for monetary damages and declaratory relief.**

"The Eleventh Amendment generally bars suits against states and state officials in federal court." *Parente v. Lefebvre*, 122 F.4th 457, 461 (1st Cir. 2014) (citation and quotation marks omitted). For actions brought under 42 U.S.C. § 1983, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office … [a]s such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  It is therefore well settled that "neither a State nor its officials acting in their official capacities" can be subject to a suit for monetary damages in federal court under § 1983. *Id*. Accordingly, the Eleventh Amendment bars Plaintiffs' federal claims to the extent those claims are asserted against the State Defendants in their official capacities and seek monetary damages. Those claims must therefore be dismissed.

The Eleventh Amendment likewise bars Plaintiffs' federal constitutional claims against the State Defendants to the extent Plaintiffs seek declaratory relief. While the *Ex parte Young* doctrine "permits federal courts to issue *prospective* relief that requires state officials to conform their future conduct to federal law," it does not provide an exception to Eleventh Amendment immunity for "retrospective relief that only makes reparation for the past." *Cotto v. Campbell*, __ F.4th __, 2025 U.S. App. LEXIS 1275, at *15 (1st Cir. Jan. 21, 2025); *see also T.W. v. N.Y. State Bd. of Law Exam'rs*, 110 F.4th 71, 91–92 (2d Cir. 2024) (holding that request for declaratory relief that was "facially retrospective" in that it sought "only a declaration regarding [the government's] previous actions, not its future conduct" was barred by the Eleventh Amendment). Here, Plaintiffs seek only declarations that the State Defendants' *past* conduct violated federal law. They do not allege any ongoing violation of federal law. Their requests for declaratory relief

thus do not fall within the *Ex parte Young* exception to Eleventh Amendment immunity and must also be dismissed.

Lastly, the Eleventh Amendment also bars *all* of Plaintiffs' state-law claims against the State Defendants in their official capacities. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). This is true regardless of the relief sought. *See id.* Accordingly, any state-law claims asserted against the Governor and Attorney General in their official capacities must likewise be dismissed.

**II.     Plaintiffs' claims for declaratory relief are not viable to the extent asserted against the State Defendants in their individual capacities.**

Plaintiffs do not specify in their complaint whether they are seeking declaratory relief under state or federal law against the State Defendants in their *individual* capacities. To they extent they are, those claims are not viable. "Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022). Likewise, there are no allegations in Plaintiffs' complaint that would support an inference (much less a plausible one) that either the Governor or the Attorney General took any action in relation to Plaintiffs outside of the scope of his official role. In the absence of such allegations, a claim asking a state official to "act according to [state] law" is asserted against that official in his "official capacit[y]." *Contoocook Valley Sch. Dist. v. State*, 174 N.H. 154, 169 (2021). Plaintiffs' claims for declaratory relief under state or federal law therefore cannot proceed against the State Defendants in their individual capacities. Those claims must also be dismissed.

III.    **Plaintiffs' state constitutional claims are not viable to the extent Plaintiffs seek damages.**

To the extent Plaintiffs bring damages claims against the State Defendants for alleged violations of the New Hampshire Constitution, those claims are also not viable. The New Hampshire Supreme Court has consistently declined to recognize state constitutional torts for damages akin to a federal *Bivens* action. *See, e.g.*, *Khater v. Sullivan*, 160 N.H. 372, 374–75 (2010); *Marquay v. Eno*, 139 N.H. 708, 721–22 (1995); *Rockhouse Mountain Prop. Owners Ass'n v. Conway*, 127 N.H. 593, 597–602 (1986). Thus, to the extent Plaintiffs seek monetary damages for purported constitutional violations, their claims are not viable under established law and must also be dismissed.

IV.    **Any claims arising out of the September 29, 2021 Executive Council meeting are time-barred.**

It is not clear from Plaintiffs' complaint whether any of their claims arise out of allegations related to the September 29, 2021 Executive Council meeting. To the extent they do, those claims are time-barred. "Section 1983 does not contain a built-in statute of limitations. Thus, a federal court called upon to adjudicate a section 1983 claim ordinarily must borrow the forum state's limitation period governing personal injury causes of action." *Nieves v. McSweeney*, 241 F.3d, 46, 51 (1st Cir. 2001). New Hampshire law imposes a three-year statute of limitations for claims against state agencies or officials. RSA 541-B:14, IV; *see also* RSA 508:4 (imposing a three-year limitations period for personal actions). Plaintiffs filed their complaint on October 11, 2024, more than three years after the September 29, 2021 Executive Council meeting. Any claims that arise out of alleged conduct at that meeting are therefore time-barred.

**V.    Plaintiffs fail to state a claim upon which relief on any of their individual-capacity federal claims and those claims are barred by qualified immunity.**

In light of the above analysis, the only remaining claims that fall within this Court's original jurisdiction are Plaintiffs' individual-capacity claims for damages under the U.S. Constitution and 42 U.S.C. § 1985. These claims must be dismissed for failure to state a claim and because they are barred by qualified immunity.

*a.    Plaintiffs have failed to state any viable individual-capacity claim under federal law.*

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal ellipsis omitted). While a complaint need not contain "detailed factual allegations," it must set forth more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citations, quotation marks, and bracketing omitted). In short, the complaint must give the defendants a "meaningful opportunity to mount a defense."  *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004).

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiffs must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Put differently, "[i]t is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged

in terms of their own actions." *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999). Thus, to state

an individual-capacity claim against the State Defendants under § 1983, Plaintiffs must allege

well-pleaded facts that, when taken as true, support a plausible inference that each State

Defendant violated Plaintiffs' constitutional rights.

Plaintiffs have failed to allege the involvement, or even the attendance, of any of the

State Defendants at the November 19, 2021 Fiscal Committee meeting. Compl. at 7.

Accordingly, Plaintiffs pleadings surrounding the November 19, 2021 meeting are patently

insufficient to state an individual-capacity claim under § 1983.

Plaintiffs' allegations with respect to the October 13, 2021 Executive Council meeting

are likewise insufficient to state an individual-capacity claim under federal law. While Plaintiffs

do allege that the State Defendants were present at the October 13, 2021 Executive Council

meeting, they fail to allege facts that, when taken as true, sustain any claim for relief under

federal law.

Plaintiffs' allegations are instead the textbook definition of conclusory, unadorned, 'the-

defendant-unlawfully-harmed-me' accusations. *See Iqbal*, 556 U.S. at 678. Plaintiffs' factual

allegations make no attempt to tie the conclusory legal claims listed in their complaint to the

actions of the State Defendants in a manner that gives the State Defendants fair notice of

Plaintiffs' theories of liability. *See* Compl. at 6-10. Instead, Plaintiffs provide a laundry list of

constitutional provisions in one section and provide a vague and fragmented summary of facts in

another. *See id.*

For example, Plaintiffs invoke at least two federal constitutional provisions—the Fifth

and Eighth Amendments—that do not apply to them under the facts they allege. "The Fifth

Amendment Due Process Clause . . . applies only to actions of the federal government—not to

those of state or local governments." *Martinez-Rivera v. Ramos*, 498 F.3d 3, 8 (1st Cir. 2007)

(cleaned up). Similarly, "the Eighth Amendment's prohibition of cruel and unusual punishment

only applies to incarcerated persons serving a criminal sentence." *Silva v. Commonwealth*, No.

20-11866-LTS, 2021 U.S. Dist. LEXIS 44767, at *9 (D. Mass. Mar. 9, 2021) (citing *Martinez-*

*Ramos*, 498 F.3d at 9). Plaintiffs' sparse factual allegations are patently insufficient to state a

claim under either amendment.

Similarly, while Plaintiffs purport to assert "Due Process" claim under the Fourteenth

Amendment, they allege no facts that could sustain such a claim. Rather, Plaintiffs offer only a

threadbare assertion that "[t]he delayed charges and lack of immediate explanation violated the

right to due process." Compl. at 9. Plaintiffs do not explain to what "charges" these claims relate,

how Plaintiffs were prejudiced by the alleged delays, or even how each individual State

Defendant played a role in the alleged delays. *See id.*

Moreover, to the extent Plaintiffs suggest that the state court system fails to provide

constitutionally sufficient process, they fail to allege any facts that would support that

extraordinary contention. *Cf. Casea Marie, Inc. v. Superior Court of P.R. for Dist. of Arecibo*,

988 F.2d 252, 262 (1st Cir. 1993) ("Except in the most extraordinary cases, a federal court must

presume the state courts . . . are fully competent to adjudicate federal constitutional and statutory

claims properly presented by the parties.").

And, to the extent Plaintiffs suggest that state prosecutors' actions in initiating

prosecutions against them violated their rights, they not only fail to explain what those violations

were or how either State Defendant played a role in them, but also how those actions would fall

outside of absolute prosecutorial immunity. *See Penate v. Kaczmarek*, 928 F.3d 128, 135 (1st

Cir. 2019) (prosecutors are "absolutely immune in exercising their core prosecutorial functions of 'initiating a prosecution and presenting the State's case'").

Plaintiffs' invocation of equal protection fares no better. "[O]nly classifications considered 'suspect' are examined with heightened scrutiny" under the Equal Protection Clause. *Mazzarino v. Mass. State Lottery Comm'n*, 616 F.3d 3d 118, 128 (D. Mass. 2022) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985)). While Plaintiffs suggest they were 'categorized' as "political opposition" and "religious dissenters" because of their stance on vaccination, they offer no facts to support that suggestion. Compl. at 7. Notably, aside from balking at this alleged categorization, Plaintiffs do not claim their actions were, in fact, motivated by any kind of religious belief. Compl. at 1-10. Further, while Plaintiffs contend that they were arrested at the October 13, 2021 Executive Council meeting for being "anti-vaxxers" and "extremists," they offer no support for the proposition that either classification triggers heightened scrutiny.

Plaintiffs have also failed to state a viable claim of excessive force under the Fourth Amendment. While the Complaint states that "Frank and [non-party] Therese Grinnell were quietly tapped on the shoulder and arrested," the Complaint makes no mention of how *any* force, much less excessive force, was used in the arrest on October 13, 2021. *See* Compl. at 6. Similarly, while the Complaint suggested that Kathleen Bussiere sustained physical injuries when arrested on that day, *id.*, there are no allegations as to the nature of the force that was used on Ms. Bussiere or what individual actions either State Defendant took in relation to that force. Plaintiffs thus fail to sufficiently allege who used force, how the use of force was excessive, or any other details that would put State Defendants on notice of Plaintiffs' theory of liability. Compl. at 6–8.

While Plaintiffs also purport to bring an unlawful arrest claim under the Fourth Amendment, they explain neither the bases for the arrests nor what about the arrests was unlawful. For this reason alone, their unlawful arrest claim is not sufficiently pleaded.

But the claim also fails because Plaintiffs have failed to allege that there was no probable cause to arrest them on October 13, 2021. *Freedman v. Ali*, No. 16-cv-11151-DJC, 2018 U.S. Dist. LEXIS 194070, at *8 (D. Mass. Nov. 14, 2018) ("A claim for unlawful arrest requires a showing that the officer did not have probable cause to perform the arrest." (citing *Acosta v. Ames Dep't Stores, Inc.*. 386 F.3d 5, 9 (1st Cir. 2004)). "Probable cause for an arrest exists when the arresting officer, acting upon apparently trustworthy information, reasonably concludes that a crime has been (or is about to be) committed and that the putative arrestee is one of the perpetrators." *Acosta*, 386 F.3d at 9.

Under New Hampshire law, a person is guilty of disorderly conduct if "[h]e purposely causes a breach of the peace, public inconvenience, annoyance or alarm, or recklessly creates a risk thereof, by: . . . "[d]isrupting the orderly conduct of business in any public or governmental facility" or "[d]isrupting any lawful assembly or meeting of persons without lawful authority." RSA 644:2, III (b) & (c). In their complaint, Plaintiffs acknowledge that Mr. Staples "became vocal in opposing the conditions of" federal COVID-19 funding at the September 29, 2021 Executive Council meeting, leading to the meeting's cancellation. Compl. at 5. They further allege that they were arrested when they began protesting at the October 13, 2021 meeting. *Id.* Based on these allegations, Plaintiffs have failed to plausibly allege that it was unreasonable for an officer to conclude that at crime had been or was about to be committed when Plaintiffs were arrested on October 13, 2021. For this reason, too, their unlawful arrest claim fails.

Plaintiffs' First Amendment claim fails for this same reason. "Claims of retaliation for the exercise of First Amendment rights are cognizable under § 1983." *Powell v. Alexander*, 391 F.3d 1, 16 (1st Cir. 2004). "The plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause." *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019). Having failed to meet this pleading requirement, Plaintiffs' First Amendment claim is also not viable.

Finally, Plaintiffs' purported conspiracy claim under 41 U.S.C. § 1985 is also deficient. "Pleading a section 1985(3) conspiracy requires at least minimum factual support of the existence of a conspiracy." *Parker v. Landry*, 935 F.3d 9, 18 (1st Cir. 2019). "Thus, a plaintiff seeking to allege such a conspiracy must plausibly allege facts indicating an agreement among the conspirators to deprive the plaintiff of her civil rights." *Id.* "Without direct evidence of such an agreement, . . . the plaintiff must plead plausible factual allegations sufficient to support a reasonable inference that such an agreement was made." *Id.* "A complaint containing only vague and conclusory allegations of a conspiracy fails to state a plausible claim under section 1985(3)." *Id.* Here, Plaintiffs fail to allege any facts that, when taken as true, support a reasonable inference that the State Defendants entered into a conspiracy to violate Plaintiffs' civil rights. Rather, their allegations are wholly vague and conclusory. Accordingly, any conspiracy claim also fails.

### b. *Even if Plaintiffs had alleged one or more viable federal claims, the State Defendants are entitled to qualified immunity.*

If the Court concludes that Plaintiffs have minimally alleged one or more federal claims, those claims still must be dismissed based on qualified immunity. "The doctrine of qualified immunity shields [officials] from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Tahlequah, Ok. v. Bond*, 142 S. Ct. 9, 11 (2021) (per curiam) (citation and quotation

marks omitted). "[Q]ualified immunity protects all but the plainly incompetent and those who knowingly violate the law." *Id.* (same omissions).

Government officials sued in their individual capacities "are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Segrain v. Duffy*, 118 F.4th 45, 57 (1st Cir. 2024)(internal quotation omitted). When qualified immunity is raised in a motion to dismiss, a court must assume the truth of all well-pleaded facts and determine whether they demonstrate a violation of a "clearly established right." *See Marrero-Mendez v. Calixto-Rodriguez*, 830 F.3d 38, 41, 45–48 (1st Cir. 2016).

When a defendant raises a qualified immunity defense, "[t]he plaintiff bears the burden of demonstrating that the law was clearly established at the time of the alleged violation, and it is a heavy burden indeed." *Mitchell v. Miller*, 790 F.3d 73, 77 (1st Cir. 2015). To overcome qualified immunity, a plaintiff must plead facts that, when assumed true, support a plausible inference that "every reasonable officer would understand that what they are doing is unlawful." *Segrain v. Duffy*, 118 F.4th 45, 57 (1st Cir. 2024) (internal quotations and brackets omitted). "In determining whether such law was clearly established, the court is mindful that the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Soltani v. Smith*, 812 F. Supp. 1280, 1301 (D.N.H. 1993) (internal quotation omitted).

Here, the State Defendants are entitled to qualified immunity largely for the reasons already stated. Plaintiffs have failed allege clearly established violations of the Fifth and Eighth Amendment because those provisions do not apply under the circumstances alleged in the Complaint as a matter of law. Similarly, there is no basis to conclude that *any* reasonable official

would know that what the State Defendants are alleged to have done here violated due process and equal protection. Likewise, there is no basis to conclude, based on the allegations in the Complaint, that *any* reasonable officer would know that there was no probable cause to arrest Plaintiffs on October 13, 2021. Nor is there any basis to conclude that *any* reasonable officer would know that what the State Defendants are alleged to have done here would constitute a civil rights conspiracy under 42 U.S.C. § 1985.

Plaintiffs have therefore failed to allege facts that, when taken as true, support the plausible inference that the State Defendants violated clearly established law. Qualified immunity therefore bars Plaintiffs' individual-capacity claims for damages even if the Court otherwise concluded that Plaintiffs had minimally alleged one or more federal claims.

**VI.    The Court should dismiss any remaining state-law claims for failure to state a claim or otherwise decline supplemental jurisdiction over those claims.**

While the only state-law claims asserted in the body of the Complaint are state constitutional claims, *see* Compl. at 8, the prayer for relief contains the following additional request: "A declaration that defendants' actions violated NH RSA 631:4 (Criminal Threatening and Terrorism) by instilling fear and intimidating lawful attendees, thereby suppressing lawful speech and assembly." *Id.* at 9. The Eleventh Amendment precludes the Court from entering this declaratory relief for the reasons stated above.

To the extent, however, the Complaint can be read to also seek compensatory damages for purported violation of RSA 631:4, the Court should conclude that there is no private right of action under that statute. The New Hampshire Supreme Court will not hold that a statute creates a private right of action unless "the legislature indicate[s] an intention" to do so. *Snierson v. Scruton*, 145 N.H. 73, 79 (2000). RSA 631:4 is a part of the New Hampshire Criminal Code. Nothing in the text or structure of the statute indicates that the legislature intended it to be

privately enforceable for damages. The Court should therefore dismiss any claim for damages under RSA 631:4.

Alternatively, the Court should decline to exercise supplemental jurisdiction over any remaining state-law claims. "[I]t is well settled that district courts may decline to exercise supplemental jurisdiction over any pendent state law claims when the anchor federal claims for those state law claims are dismissed." *Borras-Borrero v. Corporacion del Fondo del Seguro del Estado*, 958 F.3d 26, 36 (1st Cir. 2020).

For the reasons stated above, Plaintiffs' federal claims must all be dismissed. To the extent the Court identifies any state-law claims in the Complaint that are not otherwise addressed above, it should decline supplemental jurisdiction over those claims.

## VII.    Plaintiffs are not entitled to punitive damages or an award of fees as a matter of law.

For all of the above-stated reasons, Plaintiffs' claims are not viable. If, however, the Court allows one or more of those claims to proceed, it should still dismiss the request for punitive damages and attorneys' fees.

The State of New Hampshire has not waived sovereign immunity for any claim for punitive damages. RSA 541-B:14, I. Accordingly, punitive damages are not available as a matter of law on any viable state-law claim.

Punitive damages are available "in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Even if the Court concludes that Plaintiffs have *minimally* alleged a viable federal claim, there are no allegations in the Complaint that would support an inference that the State Defendants'

conduct rose to the level of culpability that would warrant an award of punitive damages under federal law.

Finally, "a non-lawyer *pro se* litigant is not entitled to attorney fees." *Aronson v. United States Dep't of Hous. & Urban Dev.*, 866 F.2d 1, 4 (1st Cir. 1989). Plaintiffs are proceeding *pro se* in this case. Any request for attorneys' fees must therefore also be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss all of Plaintiffs' claims. The following chart summarizes the bases for dismissal:

| Type of Claim | Relief Sought | Capacity Asserted | Ground(s) for Dismissal |
|---|---|---|---|
| Federal constitution or statute | Damages | Official capacity | Eleventh Amendment (see *infra* Section I) |
| Federal constitution or statute | Declaration | Official Capacity | |
| State constitution or statute | Declaration | Official Capacity | |
| Federal constitution or statute | Declaration | Individual capacity | Not viable under § 1983 (see *infra* Section II) |
| State constitution or statute | Declaration | Individual capacity | Not viable under state law (see *infra* Section II) |
| State constitution | Damages | Any capacity | Not viable under state law (see *infra* Section III) |
| Any claims arising out of September 29, 2021 Executive Council Meeting | Any | Any | Time-barred (see *infra* Section IV) |
| Federal constitution or statute | Damages | Individual capacity | Failure to state a claim and qualified immunity (see *infra* Section V) |
| Any remaining state-law claims | Damages | Any | Failure to state a claim and lack of supplemental jurisdiction (see *infra* Section VI) |
| Requests for punitive damages and attorneys' fees | N/A | Any | Not available under controlling law (see *infra* Section VII) |

Respectfully submitted,

Governor Chris Sununu, and
Attorney General John Formella

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: February 18, 2025        /s/ *Shawna Bentley*
                                Shawna Bentley, Bar #270149
                                Attorney - Civil Bureau
                                N.H. Department of Justice
                                1 Granite Place South
                                Concord, NH 03301
                                shawna.bentley@doj.nh.gov
                                (603) 271-3650


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent this day by first class mail to each

of the plaintiffs at the address listed in the CM/ECF docket.


                                /s/ *Shawna Bentley*
                                Shawna Bentley