UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
************************************
Frank Staples, et al.,              *
                                    *
            Plaintiffs,             *
   v.                               *   Civil No.: No. 1:24-cv-331-LM-TSM
                                    *
                                    *
Governor Chris Sununu, et al.,      *
                                    *
            Defendants.             *
                                    *
************************************
```

**DEFENDANT CHARLES O'LEARY'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant Charles O'Leary, in his individual capacity ("Attorney O'Leary"), by and through his attorneys, the Office of the Attorney General, submits this Memorandum of Law in Support of his Motion to Dismiss:

**BACKGROUND**

For purposes of this motion only, the facts as alleged in the Complaint are accepted as true. Plaintiffs bring myriad claims under both the federal and New Hampshire Constitutions. The claims are listed in the table below, and each count has been numbered in the order they appear in the Complaint for ease of reference.

| Federal constitutional claims | New Hampshire constitutional claims |
|---|---|
| (Count I) – "First Amendment (Freedom of Speech and Assembly)" | (Count VII) – "Article 8 (Accountability and Transparency)" |
| (Count II) – "Unlawful Arrest and Excessive Force" | (Count VIII) – "Article 22 (Freedom of Speech)" |
| (Count III) – "Fifth Amendment (Due Process)" | (Count IX) – "Article 32 (Right to Assemble)" |
| (Count IV) – "Eighth Amendment (Excessive Force/Cruel and Unusual Punishment" | (Count X) – "Article 14 (Due Process)" |

| | |
|---|---|
| (Count V) – "Fourteenth Amendment (Equal Protection, Due Process)" | |
| (Count VI) – "42 U.S.C. § 1985(3) (Conspiracy to Interfere with Civil Rights" | |

In their Complaint, Plaintiffs appear to allege that on separate occasions, the Defendants took actions to violate their federal and New Hampshire constitutional rights. Compl. at 1–10. First, at a September 29, 2021 Executive Council meeting, Plaintiffs allege Frank Staples became "vocal" at the meeting, leading an unnamed person or persons to cancel the meeting. *Id.* at 7. Staples was allegedly "identified in news coverage" thereafter. *Id.*

Plaintiffs then allege that at an October 13, 2021 Executive Council meeting, Frank Staples and other unnamed parties "participated in a peaceful protest [during the session], turning their backs on Governor Sununu while the meeting continued." *Id.* Plaintiffs allege Governor Sununu then texted, nodded at law enforcement, and communicated with Attorney General John Formella just before the arrests of Plaintiff Frank Staples and [non-party] Therese Grinnell occurred. *Id.*

The Complaint next alleges Governor Sununu gave a press conference after the October 13, 2021 arrests, in which he labeled those arrested as "anti-vaxxers" and "extremists." *Id.* Next, the Complaint alleges that—at an unidentified trial for an unidentified charge—Attorney O'Leary wrongfully introduced video evidence from the September 29, 2021 meeting, which Plaintiffs allege unfairly targeted Staples. *Id.* at 8.

Lastly, Plaintiffs allege that at a November 19, 2021 Fiscal Committee meeting, Plaintiff Frank Staples "spoke up" about his previous arrest and was arrested by non-party "Trooper DeLuca." *Id.* at 8.

For the reasons set forth below, the claims against Attorney O'Leary should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## STANDARD OF REVIEW

"[T]o survive a motion to dismiss for failure to state a claim [under Fed. R. Civ. P. 12(b)(6)], the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012) quoting *Katz v. Pershing, LLC*, 672 F.3d 64, 72–73 (1st Cir. 2012). As the First Circuit Court of Appeals explains, this inquiry is a two-step process:

> First, the court must sift through the averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited). Second, the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim of relief.

*Goldstein v. Galvin*, 719 F.3d 16, 29-30 (1st Cir. 2013). "If this factual residue is too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint may be dismissed." *Id*.

## ARGUMENT

**I.     The claims against Attorney O'Leary are barred by prosecutorial immunity.**

The sole factual allegation against Attorney O'Leary is that he "introduced video evidence from the September 29, 2021 meeting, even though no charges had been brought from that event." Compl. at 8. Plaintiffs allege Attorney O'Leary was attempting to link the two incidents to target Plaintiff Staples for his involvement in both meetings. *Id.* Attorney O'Leary enjoys prosecutorial discretion for his prosecutorial decisions. *See United States v. Welch*, 15 F.3d 1202, (1st Cir. 1993) (citing *Wayte v. United States*, 470 U.S. 598, 607 (1985)) ("The decision whether or not to prosecute, and what charges to file or bring before a grand jury, generally rests entirely in [the [prosecutor's] discretion"). To receive prosecutorial immunity, an official must have been performing a function "closely associated with the judicial process," as opposed to an administrative. *Penate v. Kaczmarek*, 928 F.3d 128, 135-37 (1st Cir. 2019). The factual allegation challenges Attorney O'Leary's decision

3

to introduce video evidence from the September meeting despite there being no charges arising from that meeting. In other words, Plaintiffs disagree with Attorney O'Leary's evidentiary strategy at trial. This is precisely the type of advocacy function of a prosecutor that should be shielded by absolute immunity. Further, the criminal court's decision to admit the evidence rebuts the aversion that Attorney O'Leary acted improperly. The Court should not allow Plaintiffs to collaterally attack the criminal court's decision in this civil action.

## II. The Complaint fails to allege sufficient facts to state a claim against Attorney O'Leary.

Other than alleging that Attorney O'Leary acted improperly by admitting a video into evidence during trial, there are absolutely no allegations alleging that Attorney O'Leary was involved in the events underlying the complaint. He is not alleged to have attended or been involved in any of the meetings referenced in the Complaint. Given the lack of factual allegations against him, and the vague and conclusory nature of the Complaint, Plaintiffs have failed to give Attorney O'Leary fair notice of the claims against him. There is simply no connection between Attorney O'Leary and the various claims asserted.

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). This sLtatement must "give the defendant fair notice what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, quotation marks, and ellipsis omitted). A complaint need not contain "detailed factual allegations," but must set forth more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citations,

quotation marks, and bracketing omitted). In short, the complaint must give the defendants a "meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004).

Because the Complaint is devoid of any factual allegations that would give rise to any claim against Attorney O'Leary, the Complaint must be dismissed against him in his entirety.

### III. The Complaint fails to allege a conspiracy under 42 U.S.C. 1985.

Attorney O'Leary is not alleged to have had any contact with the other State Defendants, Attorney General John Formella or Governor Christopher Sununu. A separate Motion to Dismiss has been filed by the remaining State Defendants setting forth why the claims in the Complaint must be dismissed. (ECF Doc. No. 22). But even if claims were to survive dismissal, there is absolutely no factual allegations supporting a conspiracy between Attorney O'Leary and the remaining State Defendants. "Pleading a section 1985(3) conspiracy requires at least minimum factual support of the existence of a conspiracy." *Parker v. Landry*, 935 F.3d 9, 18 (1st Cir. 2019). "Thus, a plaintiff seeking to allege such a conspiracy must plausibly allege facts indicating an agreement among the conspirators to deprive the plaintiff of her civil rights." *Id.* "Without direct evidence of such an agreement, . . . the plaintiff must plead plausible factual allegations sufficient to support a reasonable inference that such an agreement was made." *Id.* "A complaint containing only vague and conclusory allegations of a conspiracy fails to state a plausible claim under section 1985(3)." *Id.* Here, Plaintiffs fail to allege any facts that, when taken as true, support a reasonable inference that the State Defendants entered into a conspiracy, amongst each other or with Attorney O'Leary, to violate Plaintiffs' civil rights. Rather, their allegations are wholly vague and conclusory. Any conspiracy claim also fails.

### IV. The Complaint must also be dismissed for the reasons set forth in the State Defendants' Motion to Dismiss.

A separate Motion to Dismiss was filed on behalf of Attorney General Formella and Governor Sununu. (ECF Doc. No. 22). The Motion makes numerous arguments that are equally applicable to any claims asserted against Attorney O'Leary, including but not limited to arguments that the claims in the complaint are time-barred, that state constitutional claims for monetary damages are not recognized by New Hampshire courts, that the Complaint fails to allege any viable state law claims that the Court should decline to exercise jurisdiction over any surviving state law claims, and that Plaintiffs are not entitled to punitive damages or attorney's fees. Attorney O'Leary joins the arguments set forth in their Motion to Dismiss and incorporates them herein by reference.

## CONCLUSION

For these reasons set forth above, the Complaint fails to state a claim against Attorney O'Leary and the Court should dismiss Plaintiffs' claims in their entirety.

WHEREFORE, Defendant Charles O'Leary respectfully requests that this Honorable Court:

A. Dismiss Plaintiffs' Complaint; and

B. Grant such other and further relief as justice may require.

Respectfully submitted,

ATTORNEY CHARLES O'LEARY,
INDIVIDUALLY

By his attorneys,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date:  February 18, 2025          /s/ *Christina M. Wilson*

        Christina M. Wilson, Bar #268553
        Senior Assistant Attorney General
        Public Safety and Infrastructure Bureau
        New Hampshire Attorney General's Office
        Department of Justice
        1 Granite Place South
        Concord, NH 03301
        (603) 271-1280
        christina.m.wilson@doj.nh.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 18, 2025, a copy of the foregoing was served on all counsel of record through the ECF system and sent postage prepaid, to:

Frank Staples
332 Merrimack Street
Manchester, NH, 03103

Kathleen Bussiere
178 S. Main Street Apt 3
Newton, NH 03858

                                                          /s/ *Christina M. Wilson*
                                                          Christina M. Wilson