UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Case No. 1:24-cv-00331-LM-TSM

Frank Staples and Kathleen Bussiere, Plaintiffs,
v.
Governor Kelly Ayotte (in her official capacity), et al., Defendants.

---

PLAINTIFFS' EXPEDITED MOTION FOR COURT TO RULE ON PENDING MATTERS BEFORE CONSIDERING DEFENDANTS' MOTION TO DISMISS

(Pursuant to Local Rule 7.1 and Federal Rules of Civil Procedure 12(f), 55(a), & 11(b))

---

I. INTRODUCTION

Plaintiffs Frank Staples and Kathleen Bussiere move this Honorable Court to resolve several outstanding matters before considering Defendants' Motion to Dismiss. Specifically, Plaintiffs request that this Court:

1. Rule on Plaintiffs' Motion to Strike Documents 6 & 7 for improper filing and material misrepresentation (Doc. 17).

2. Rule on Plaintiffs' Objection (Doc. 9), which was never addressed before the Magistrate granted Defendants' Motion for Extension of Time (Doc. 8).

3. Reconsider the denial of Plaintiffs' Motion for Default Judgment (Doc. 11), as the Court's prior denial relied on an improper extension granted based on Defendants' misrepresentation regarding service.

4. Stay any ruling on Defendants' Motion to Dismiss (Doc. 22) until these procedural issues are resolved.

Failure to address these procedural issues before considering Defendants' dispositive motion would cause irreparable harm by allowing Defendants to benefit from their own procedural misconduct.

---

II. FACTUAL & PROCEDURAL HISTORY

1. December 4, 2024 – Defendant Chris Sununu was served in-hand.

2. December 20, 2024 – Defendants unilaterally filed Documents 6 & 7, falsely representing them as valid waivers of service despite Plaintiffs never initiating such waivers.

3. December 27, 2024 – All remaining Defendants were served in-hand.

4. December 27, 2024 – Plaintiffs filed Doc. 9 (Objection to Extension Request), arguing that Documents 6 & 7 were improper and constituted material misrepresentation to the Court.

5. January 13, 2025 – The Magistrate granted Doc. 8 (Defendants' Extension Request) without ruling on Doc. 9.

6. January 17, 2025 – Defendants missed their 21-day response deadline, triggering Rule 55(a) default.

7. February 10, 2025 – Plaintiffs moved to strike Docs. 6 & 7 and sought default judgment (Doc. 11).

8. February 13, 2025 – The Court denied Plaintiffs' Motion for Default Judgment (Doc. 11), despite the improper extension granted based on Defendants' misrepresentation.

9. February 18, 2025 – Defendants filed a Motion to Dismiss (Doc. 22), attempting to take advantage of the procedural errors they created.

10. March 3, 2025 – Plaintiffs filed a Motion for Extension of Time to amend the complaint and respond to the Motion to Dismiss.

Now, Plaintiffs urgently request this Court resolve these outstanding procedural issues before considering the Motion to Dismiss, as allowing dismissal proceedings to proceed before these matters are resolved would be prejudicial to Plaintiffs.

---

III. ARGUMENTS & LEGAL ANALYSIS

A. The Court Must Rule on Document 9 Before Relying on Document 8

The Magistrate granted Defendants' Motion for Extension (Doc. 8) without ruling on Plaintiffs' pending objection (Doc. 9), thereby violating fundamental procedural fairness. Due process requires that all pending objections be resolved before granting substantive relief to the opposing party. Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

Additionally, United States v. Taylor, 487 U.S. 326, 336 (1988), holds that unresolved objections must be ruled upon before substantive relief is granted to the opposing party. The Court must correct this oversight before considering further motions.

---

B. Documents 6 & 7 Were Improperly Filed and Must Be Stricken

Rule 4(d)(1) explicitly states that only Plaintiffs may initiate a waiver of service. Defendants admitted in Document 12 (pages 3.6 & 4.7) and again in a footnote of their Objection that they improperly filed waiver forms meant for Plaintiffs.

New Hampshire v. Maine, 532 U.S. 742, 749 (2001), states that a party cannot take one litigation position, then take the opposite position to suit its convenience. Because Defendants have now admitted fault, the Court must strike Documents 6 & 7.

---

C. Default Judgment Should Be Reconsidered

Plaintiffs' Motion for Default (Doc. 11) was wrongly denied based on an improperly granted extension. Under Rule 55(a), default automatically applies when a defendant fails to timely respond.

Here, Defendants missed their response deadline, and their improper filings cannot retroactively cure their failure to answer. The Court should reconsider default judgment in light of these procedural violations. Rivera-Torres v. Ortiz-Velez, 341 F.3d 86, 94 (1st Cir. 2003).

---

D. Any Ruling on Defendants' Motion to Dismiss Must Be Stayed

The Court's inherent authority allows it to correct procedural defects before considering dispositive motions. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991).

If the Motion to Dismiss is considered before addressing these errors, Defendants will improperly benefit from procedural misconduct. Judicial efficiency also requires resolving these issues now to avoid unnecessary motions for reconsideration or appeal.

---

IV. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Expedite rulings on Plaintiffs' pending Motion to Strike (Docs. 6 & 7) and Objection (Doc. 9).

2. Reconsider and strike the improper extension (Doc. 8) granted to Defendants.

3. Reinstate Plaintiffs' Motion for Default Judgment (Doc. 11).

4. Stay Defendants' Motion to Dismiss pending resolution of procedural disputes.

5. If necessary, schedule an evidentiary hearing to clarify factual disputes regarding Defendants' procedural misconduct.

---

Respectfully Submitted,

Frank Staples
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Date: March 3, 2025

---

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties.

Frank Staples
/s/ Kathleen Bussiere (Electronic Signature)