UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Case No. 1:24-cv-00331-LM-TSM

Frank Staples and Kathleen Bussiere, Plaintiffs,

v.

Governor Kelly Ayotte (in her official capacity), et al., Defendants.

---

PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO MOTION TO STRIKE DOCUMENTS 6 & 7

(Pursuant to Local Rule 7.1 and Federal Rules of Civil Procedure 12(f) & 11(b))

---

I. INTRODUCTION

Plaintiffs Frank Staples and Kathleen Bussiere submit this reply to Defendants' Objection (ECF No. 24) to Plaintiffs' Motion to Strike Documents 6 & 7. Defendants argue that

Plaintiffs' motion is "duplicative, meritless, and moot." However, Defendants misstate the procedural posture and the legal significance of these documents.

Clarification of Relief Sought

This motion is not a request to revisit the Court's prior extension order but rather to ensure that the record accurately reflects procedural compliance. Striking Documents 6 & 7 does not affect Defendants' extension but prevents reliance on improper filings in future proceedings.

Plaintiffs seek relief for the following reasons:

1. This is the first time Plaintiffs have formally moved to strike Documents 6 & 7.

2. Documents 6 & 7 were improperly filed under Rule 4(d)(1) and must be stricken.

3. Plaintiffs' Objection (Document 9) remains unresolved and requires the Court's ruling.

4. Defendants' waiver filings resulted in a procedural irregularity that must be corrected.

5. Defendants have repeatedly admitted the filings were improper.

6. If necessary, an evidentiary hearing may be required to clarify Defendants' procedural conduct.

---

## II. PROCEDURAL HISTORY

1. December 4, 2024 – Defendant Chris Sununu was served in-hand with the Complaint and Summons.

2. December 20, 2024 – Defendants unilaterally filed Documents 6 & 7, falsely representing them as valid waivers of service, despite Plaintiffs never requesting or authorizing waivers.

3. December 27, 2024 – Plaintiffs served all remaining Defendants in-hand.

4. December 27, 2024 – Plaintiffs filed Document 9 (Objection to Extension Request), arguing that Documents 6 & 7 were improper and constituted material misrepresentations to the Court.

5. January 13, 2025 – The Magistrate granted Defendants' Extension Request (Document 8) without ruling on Document 9.

6. January 17, 2025 – The response deadline passed without any filing from Defendants.

7. February 10, 2025 – Plaintiffs filed a Motion to Strike Documents 6 & 7 due to improper filing and misrepresentation to the Court.

8. February 18, 2025 – Defendants objected to Plaintiffs' Motion to Strike but did not dispute that Documents 6 & 7 were improperly filed. Instead, Defendants admitted this in Document 12 and again in their Objection.

---

III. MEMORANDUM OF LAW

### A. Defendants' Procedural Filings Created an Inaccurate Record

Defendants' submission of Documents 6 & 7 resulted in a procedural irregularity that must be corrected to ensure an accurate record. Rule 4(d)(1) expressly provides that only Plaintiffs may initiate service waivers, yet Defendants filed waivers intended for Plaintiffs without authorization.

As recognized in Rivera-Torres v. Ortiz-Velez, 341 F.3d 86, 94 (1st Cir. 2003), failure to timely object to procedural defects constitutes waiver. Here, Defendants failed to object to service before seeking an extension, leading the Court to grant relief based on an incomplete and misleading record.

---

### B. Documents 6 & 7 Must Be Stricken as Improper Filings

Under Local Rule 7.1(a)(3), motions to strike are warranted for redundant, immaterial, or improper filings. Documents 6 & 7 were improperly filed by Defendants in violation of Rule 4(d)(1), which mandates that only Plaintiffs may initiate service waivers.

Furthermore, in New Hampshire v. Maine, 532 U.S. 742, 749 (2001), the Supreme Court held that a party cannot take one position in litigation and then take a directly contrary position later to suit its convenience.

Defendants previously admitted in Document 12 that they improperly filed these waivers, yet now object to striking them. Their contradictory positions warrant immediate corrective action by the Court.

—

C. The Court Must Issue a Ruling on Document 9

The Court has not issued any ruling on Document 9, which challenges the procedural validity of Documents 6 & 7. Under basic principles of procedural due process, parties are entitled to a ruling on all pending objections before the Court relies on contested documents.

As held in United States v. Taylor, 487 U.S. 326, 336 (1988), a Court must resolve outstanding objections before granting substantive relief to the opposing party. Plaintiffs respectfully request that the Court formally rule on Document 9 before considering further proceedings.

—

D. If Necessary, an Evidentiary Hearing May Be Required

If the Court determines that factual ambiguities remain, Plaintiffs respectfully request a limited evidentiary hearing to resolve outstanding procedural issues. However, striking Documents 6 & 7 outright would eliminate the need for unnecessary litigation and ensure procedural clarity moving forward.

## IV. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Deny Defendants' Objection to Plaintiffs' Motion to Strike.

2. Grant Plaintiffs' Motion to Strike Documents 6 & 7.

3. Issue a ruling on Plaintiffs' Objection (Document 9).

4. If necessary, hold a limited evidentiary hearing to resolve outstanding issues while ensuring this matter proceeds efficiently.

Respectfully Submitted,

*[signature]*

Frank Staples

332 Merrimack Street

Manchester, NH 03103

(603) 722-5408

Absolutedefiance@protonmail.com


/s/ Kathleen Bussiere (Electronic Signature)

178 S. Main Street, Apt 3

Newton, NH 03858

(603) 770-2015

kaffatina@yahoo.com


Date: March 3, 2025


---

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties.

Frank Staples

/s/ Kathleen Bussiere (Electronic Signature)