UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Case No. 1:24-cv-00331-LM-TSM

Frank Staples and Kathleen Bussiere, Plaintiffs,
v.
Governor Kelly Ayotte (in her official capacity), et al., Defendants.

---

PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO AMEND COMPLAINT AND RESPOND TO MOTION TO DISMISS

(Pursuant to Fed. R. Civ. P. 15(a)(1)(B) and Local Rule 7.1)

---

I. REQUESTED RELIEF

NOW COME the Plaintiffs, Frank Staples and Kathleen Bussiere, and respectfully move this Honorable Court to grant an extension of time to:

1. Extend Plaintiffs' deadline to amend the complaint from March 11, 2025, to April 10, 2025 (30 days).

2. Extend Plaintiffs' deadline to respond to Defendants' Motion to Dismiss from March 4, 2025, to April 10, 2025, consolidating both deadlines.

Granting this extension will ensure fairness in light of procedural delays, allow Plaintiffs to properly prepare their filings, and promote judicial efficiency by avoiding piecemeal submissions.

---

II. GROUNDS FOR EXTENSION

A. Procedural Delay Due to Late Receipt of Defendants' Filings

Defendants filed their Motion to Dismiss (ECF No. 22̶ 22&23) on February 18, 2025. However, Plaintiffs did not receive notice or copies of this filing—along with Defendants' Objection to Motion to Strike (ECF No. 2̶4̶ 24) and Objection to Rule 25(d) Substitution (ECF No 2̶5̶ 25)—until February 24, 2025.

This six-day delay significantly impacted Plaintiffs' ability to timely respond within their allotted 21-day amendment window under Rule 15(a)(1)(B). Given that Plaintiffs are pro se litigants coordinating across state lines, this lost time is particularly prejudicial.

Courts recognize that procedural fairness requires ensuring both parties have adequate time to respond. McNeil v. United States, 508 U.S. 106, 113 (1993) ("Pro se litigants are held to less stringent procedural standards than attorneys, and courts must ensure fairness in accommodating them.").Haines v. Kerner, 404 U.S. 519, 520 (1972) (Pro se pleadings should be construed liberally to avoid procedural unfairness).

Granting this extension would restore procedural fairness and allow Plaintiffs the same opportunity Defendants had in preparing their filings.

---

B. ADA Considerations and Pro Se Challenges

Plaintiff Frank Staples is pro se, navigating this litigation without legal counsel, and Plaintiff Kathleen Bussiere resides out-of-state (Massachusetts), further complicating coordination.

Additionally, Plaintiff Frank Staples has documented head trauma, which affects his ability to work under strict deadlines. Courts must consider reasonable accommodations under the Americans with Disabilities Act (ADA).

Under Tennessee v. Lane, 541 U.S. 509, 533-34 (2004), courts must provide reasonable accommodations for litigants with disabilities, particularly in legal proceedings. Extending this deadline constitutes a necessary and reasonable accommodation that ensures Plaintiffs can fully and fairly litigate their claims.

Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980), further supports granting extensions for pro se litigants when needed to level the procedural playing field.

---

C. Need for Proper Submission of Evidence, Exhibits, and Videos

Plaintiffs plan to submit substantial video evidence, trial records, and additional exhibits in their Amended Complaint and/or Response to the Motion to Dismiss. These exhibits will:

Support Plaintiffs' allegations.

Refute Defendants' claims.

Demonstrate the extent of constitutional violations.

Given the complexity of processing video evidence, ensuring proper authentication, and complying with local rules for filing exhibits, additional time is required for Plaintiffs to properly prepare their submissions.

Judicial economy favors granting this extension, allowing Plaintiffs to submit all evidence in an organized manner rather than through fragmented supplemental filings.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("When considering procedural matters, courts must ensure fairness and allow time for relevant evidence to be properly considered.").

United States v. Gonzales, 520 U.S. 1, 6 (1997) (Judicial economy favors procedural fairness and ensuring all evidence is properly before the Court).

---

D. Judicial Efficiency & Consolidation of Deadlines

Extending both deadlines to April 10, 2025, will streamline proceedings by ensuring that the amendment process is completed before substantive briefing on dismissal.

A consolidated deadline will prevent duplicative filings, reduce procedural inefficiencies, and promote judicial economy.

Courts routinely extend deadlines to prevent piecemeal litigation. Landis v. North American Co., 299 U.S. 248, 254 (1936) (Courts have broad discretion to extend deadlines and manage cases efficiently to promote fairness).

Additionally, Herbert v. Lando, 441 U.S. 153, 177 (1979), emphasizes that the fair administration of justice requires balancing procedural deadlines with due process.

---

III. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1. Extend the deadline to amend the complaint from March 11, 2025, to April 10, 2025.

2. Extend the deadline to respond to Defendants' Motion to Dismiss from March 4, 2025, to April 10, 2025.

3. Consolidate both deadlines to promote judicial efficiency and avoid duplicative filings.

4. Recognize that this extension is a necessary and reasonable accommodation under the ADA for Plaintiff Frank Staples.

5. Grant such further relief as the Court deems just and equitable.

---

Respectfully Submitted,

*[signature]*

Frank Staples
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Date: March 3, 2025

---

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties.

Frank Staples
/s/ Kathleen Bussiere (Electronic Signature)