UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Case No. 1:24-cv-00331-LM-TSM

Frank Staples and Kathleen Bussiere, Plaintiffs,
v.
Governor Kelly Ayotte (in her official capacity), et al., Defendants.

---

PLAINTIFFS' REPLY TO DEFENDANTS' PARTIAL OBJECTION TO MOTION FOR SUBSTITUTION

(Pursuant to Federal Rule of Civil Procedure 25(d) and Local Rule 7.1)

---

I. INTRODUCTION

Plaintiffs Frank Staples and Kathleen Bussiere submit this reply to Defendants' Partial Objection to Motion for Substitution (ECF No. 25). Defendants concede that Governor Kelly Ayotte should be substituted for former Governor Christopher Sununu in his official capacity. However, they incorrectly argue that Plaintiffs seek substitution for individual-capacity claims and prematurely attempt to dispute the merits of those claims.

Defendants' objections are misplaced, procedurally improper, and legally irrelevant to the present motion. Plaintiffs clarify that:

1. Plaintiffs seek substitution only for official-capacity claims, as required by Rule 25(d).

2. Defendants' argument regarding individual-capacity substitution is irrelevant because Plaintiffs never requested such relief.

3. Defendants improperly attempt to challenge the merits of individual-capacity claims in an objection to substitution, which is procedurally improper.

For these reasons, Plaintiffs respectfully request that the Court:

Grant Plaintiffs' Motion for Substitution for official-capacity claims.

Disregard Defendants' objections to individual-capacity substitution, as Plaintiffs did not seek such relief.

Reject Defendants' premature arguments on the validity of individual-capacity claims.

---

II. ARGUMENT

A. Plaintiffs Seek Substitution Only for Official-Capacity Claims

Federal Rule of Civil Procedure 25(d) mandates substitution for official-capacity claims when a public officer leaves office. The rule states:

> "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).

Plaintiffs are not seeking substitution for individual-capacity claims against Sununu. Defendants' argument on this point is misplaced and should be disregarded.

Since Defendants concede that Rule 25(d) applies, and Plaintiffs are only seeking substitution for official-capacity claims, their Partial Objection serves no legitimate purpose and should be overruled.

---

B. Defendants' Objection on Individual-Capacity Claims Is Irrelevant

Defendants object to substitution for individual-capacity claims on the basis that such claims are personal to Sununu and cannot transfer to Ayotte. However, this argument is entirely unnecessary because Plaintiffs never requested individual-capacity substitution.

Courts do not rule on issues that are not before them (Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). Defendants' objection to an issue that Plaintiffs never raised is a waste of judicial resources and should be summarily disregarded.

---

C. Defendants' Attempt to Argue the Merits of Individual-Capacity Claims Is Procedurally Improper

Defendants improperly attempt to argue the merits of Plaintiffs' individual-capacity claims within their objection to substitution. Specifically, they state that individual-capacity claims would necessarily be rooted in Sununu's personal conduct rather than his official actions.

This argument is irrelevant to the substitution issue and should be raised, if at all, in Defendants' Motion to Dismiss—not in an objection to a Rule 25(d) motion. Courts routinely reject premature arguments that seek to dispose of claims before the appropriate motion is filed (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007)).

Since Defendants have already filed a Motion to Dismiss, any arguments regarding the validity of individual-capacity claims should be addressed through proper briefing, not as part of a procedural substitution motion.

---

III. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Grant Plaintiffs' Motion for Substitution for official-capacity claims under Rule 25(d).

2. Disregard Defendants' objections to individual-capacity substitution, as Plaintiffs did not request such relief.

3. Reject Defendants' premature arguments on the validity of individual-capacity claims, as such arguments belong in a Motion to Dismiss.

---

Respectfully Submitted,



Frank Staples
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Date: March 3, 2025


---

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties.

Frank Staples
/s/ Kathleen Bussiere (Electronic Signature)