

# UNITED STATES DISTRICT COURT

**DISTRICT OF NEW HAMPSHIRE**

2025 MAR 14 P 7:57

Frank Staples and Kathleen Bussiere, *Plaintiffs*,

v.

Governor Kelly Ayotte (in her official capacity), et al., *Defendants*.

Case No. 1:24-cv-00331-LM-TSM

---

## PLAINTIFFS' MOTION FOR RECONSIDERATION, REQUEST FOR FINDINGS OF FACT AND RULINGS OF LAW, AND NOTICE OF POTENTIAL INTERLOCUTORY APPEAL

**NOW COME Plaintiffs, Frank Staples and Kathleen Bussiere, pro se, and respectfully move this Honorable Court to reconsider its Endorsed Order dated March 6, 2025.**

The Court's order **fails to provide specific Findings of Fact and Rulings of Law**, making it impossible for Plaintiffs to determine the legal or factual basis for the decision. Without such findings, **Plaintiffs are deprived of their ability to challenge the ruling effectively, and meaningful appellate review is undermined**.

Additionally, the Court has failed to rule on several key procedural filings that directly impact this case, including:

- **Plaintiffs' Timely-Filed Objection to Improperly Filed Waivers of Service (Document 9).**
- **Plaintiffs' Proof of Service Establishing Defendants' Actual Response Deadline (Document 10).**
- **Plaintiffs' Motion to Strike Improperly Filed Documents 6 & 7 (Document 17).**
- **Plaintiffs' Additional Procedural Objections (Document 26).**

## RELIEF REQUESTED

Plaintiffs respectfully request that this Court:

1. **Reconsider its March 6, 2025, Endorsed Order** to ensure procedural defects are resolved before ruling on dispositive motions.
2. **Issue formal Findings of Fact and Rulings of Law** regarding Documents 9, 10, 17, and 26 to clarify the basis for the Court's decision.

3. **If the Court refuses to rule on these documents, it must provide formal Findings of Fact and Rulings of Law explaining why it is declining to adjudicate these motions.**
4. **Grant an evidentiary hearing** to resolve procedural issues before substantive rulings are made.
5. **Allow discovery to proceed** while this motion is pending to prevent Defendants from evading accountability.
6. **Take notice that an interlocutory appeal will be necessary** if reconsideration is denied without proper adjudication of these issues.

Failure to resolve these **fundamental procedural errors** before ruling on dispositive motions will result in **a procedurally defective judgment and a denial of due process**.

---

# I. INTRODUCTION

Plaintiffs object to the Court's **failure to provide specific Findings of Fact and Rulings of Law**, which leaves the reasoning behind its order ambiguous and legally unreviewable. The Court's **selective ruling on filings has resulted in procedural unfairness**, where **Defendants' improper filings were granted relief while Plaintiffs' valid objections were ignored**.

Additionally, if the Court intends to continue ignoring Plaintiffs' procedural motions, **due process requires that the Court provide a legal justification for declining to rule on these filings**.

Plaintiffs seek reconsideration to **ensure that pending motions are ruled upon before moving forward** and that the procedural record is corrected before substantive rulings are made.

---

# II. ARGUMENT

### A. The Court Must Provide Findings of Fact and Rulings of Law to Ensure Procedural Fairness

A court **must articulate its reasoning in a way that allows for meaningful review.** *See Anderson v. Bessemer City*, 470 U.S. 564, 571 (1985) (holding that findings must be sufficiently detailed to provide understanding of the basis for the decision).

- **Without Findings of Fact and Rulings of Law, Plaintiffs do not know why their motions were ignored or denied.**

- **This lack of explanation violates fundamental due process, making meaningful review impossible.**
- **If the Court refuses to rule on Documents 9, 10, 17, and 26, it must explain why it is declining to do so.**

Plaintiffs respectfully request that the Court **issue detailed Findings of Fact and Rulings of Law to clarify its reasoning**.

---

## B. The Court Must Rule on Pending Procedural Motions Before Adjudicating Dispositive Motions

Federal courts are required to resolve procedural objections **before granting substantive relief**. See *United States v. Taylor*, 487 U.S. 326, 336 (1988); *Rivera-Torres v. Ortiz-Velez*, 341 F.3d 86, 94 (1st Cir. 2003).

- **Defendants' Extension Request (Document 8) was improperly granted before resolving Plaintiffs' timely-filed Objection (Document 9).**
- **Defendants' Motions to Dismiss rely on an improperly obtained extension, making them procedurally defective.**
- **Plaintiffs' Motion to Strike (Document 17), which directly challenges Defendants' improper filings, has also been ignored and remains unruled upon.**

Without resolving these procedural issues, **any ruling on the Motions to Dismiss will be void**.

---

## C. The Court Has Ignored Plaintiffs' Proof of Service (Document 10) and Improperly Extended Defendants' Deadline

- **Defendants were properly served on December 27, 2023, which was never objected to and is legally binding.**
- **This proper service occurred before the Court ruled on Document 8, which requested a consolidated deadline.**
- **Despite this, the Court granted Defendants an extension based on Documents 6 & 7, which Defendants improperly filed on behalf of Plaintiffs in violation of FRCP 4(d)(1).**
- **By ignoring proper service and granting an extension based on misrepresented filings, the Court has allowed Defendants to manipulate procedural deadlines unfairly.**

The Court **must acknowledge the proper service date and correct the improper extension it granted to Defendants**.

## III. CONCLUSION

Plaintiffs respectfully request that this Court:

1. **Vacate or modify its Endorsed Order (March 6, 2025).**
2. **Issue formal Findings of Fact and Rulings of Law** regarding Documents 9, 10, 17, and 26.
3. **If the Court refuses to rule on these documents, it must provide formal Findings of Fact and Rulings of Law explaining why.**
4. **Grant an evidentiary hearing** to fully adjudicate procedural defects.
5. **Strike Defendants' improperly filed waivers of service (Documents 6 & 7).**
6. **Allow discovery to proceed while this motion is pending.**

If reconsideration is denied, **Plaintiffs will file an interlocutory appeal to correct these procedural deficiencies.**

Respectfully Submitted,

Frank Staples
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Date: March 14, 2025

---

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties.

Frank Staples
/s/ Kathleen Bussiere (Electronic Signature)