

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Frank Staples and Kathleen Bussiere, Plaintiffs,
v.
Governor Kelly Ayotte (in her official capacity), et al., Defendants.

Case No. 1:24-cv-00331-LM-TSM

---

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION

NOW COME Plaintiffs, Frank Staples and Kathleen Bussiere, pro se, and submit this Memorandum of Law in support of their Motion for Reconsideration of the Court's March 6, 2025, Endorsed Order.

This Memorandum demonstrates that:

1. The Court must resolve pending procedural motions (Documents 9, 10, 17, and 26) before ruling on substantive motions.

2. Federal law requires Findings of Fact and Rulings of Law when procedural issues impact due process rights.

3. Defendants improperly manipulated procedural deadlines, and the Court erroneously granted relief based on their misrepresentations.

4. If reconsideration is denied, the ruling would be ripe for interlocutory appeal due to procedural irregularities and due process violations.

---

I. LEGAL STANDARD FOR RECONSIDERATION

Reconsideration is warranted when a court overlooks critical factual or legal issues that could alter the outcome of the decision.
Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000).

Under Federal Rule of Civil Procedure 54(b), reconsideration is appropriate where:

A prior ruling overlooked controlling law or material facts.

New evidence or legal precedent clarifies the necessity of modifying a prior ruling.

Reconsideration is required to prevent manifest injustice.

Here, reconsideration is necessary because:

The Court overlooked key procedural filings (Documents 9, 10, 17, and 26).

The Court granted relief to Defendants based on procedurally defective filings (Documents 6 & 7).

Plaintiffs' due process rights were violated when the Court ignored valid objections and allowed procedural gamesmanship.

---

## II. FINDINGS OF FACT AND RULINGS OF LAW ARE REQUIRED UNDER DUE PROCESS PRINCIPLES

A. The Court Must Provide a Clear Basis for Its Rulings

A court must issue Findings of Fact and Rulings of Law when:

1. Procedural motions affect the outcome of a case (Anderson v. Bessemer City, 470 U.S. 564, 571 (1985)).

2. Due process rights are at stake (Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).

The First Circuit has held that rulings must be detailed enough to permit meaningful appellate review. Supermercados Econo, Inc. v. Integrand Assurance Co., 375 F.3d 1 (1st Cir. 2004).

The Court's failure to rule on Documents 9, 10, 17, and 26 deprives Plaintiffs of a meaningful opportunity to challenge the decision. If the Court refuses to rule, it must issue Findings of Fact and Rulings of Law explaining its reasoning.

---

### III. THE COURT MUST RESOLVE PROCEDURAL MOTIONS BEFORE ADJUDICATING DISPOSITIVE MOTIONS

The Supreme Court and First Circuit have consistently held that unresolved procedural defects must be adjudicated before ruling on substantive motions.

United States v. Taylor, 487 U.S. 326, 336 (1988) (courts must address procedural fairness before reaching substantive claims).

Rivera-Torres v. Ortiz-Velez, 341 F.3d 86, 94 (1st Cir. 2003) (procedural defects must be corrected before substantive motions can proceed).

Here, the Court improperly ruled on Defendants' extension request (Document 8) before addressing:

Plaintiffs' timely-filed Objection (Document 9).

Plaintiffs' Proof of Service (Document 10).

Plaintiffs' Motion to Strike improper filings (Document 17).

The failure to resolve these procedural issues before ruling on substantive motions constitutes reversible error.

---

### IV. DEFENDANTS IMPROPERLY MANIPULATED PROCEDURAL DEADLINES

A. The Court Ignored Valid Service and Granted an Improper Extension

Under Federal Rule of Civil Procedure 4(d)(1), only Plaintiffs may initiate waivers of service.

Defendants improperly filed Documents 6 & 7, misrepresenting them as valid waivers.

These improper filings were used as the basis for Document 8 (Defendants' extension request), which the Court granted without ruling on Plaintiffs' objections.

The Court failed to acknowledge Document 10, which confirmed proper service had already occurred on December 27, 2023.

Because the Court ignored proper service and granted relief based on procedurally defective filings, reconsideration is necessary to correct this error.

---

V. INTERLOCUTORY APPEAL IS WARRANTED IF RECONSIDERATION IS DENIED

If reconsideration is denied, the ruling will be subject to immediate interlocutory appeal under 28 U.S.C. § 1292(b) because:

A controlling question of law is involved—whether a court can ignore procedural filings and grant relief based on improper service waivers.

The failure to rule on procedural motions affects the fairness of the entire litigation.

Appellate review is necessary to correct procedural errors that prejudice Plaintiffs' due process rights.

See Johnson v. Jones, 515 U.S. 304, 309 (1995) (holding that interlocutory appeal is appropriate where due process violations affect ongoing litigation).

---

VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Reconsider its March 6, 2025, Order.

2. Rule on Documents 9, 10, 17, and 26 before any substantive rulings.

3. Issue formal Findings of Fact and Rulings of Law if it declines to rule on these motions.

4. Grant an evidentiary hearing.

5. Allow discovery to proceed.

If reconsideration is denied, Plaintiffs reserve the right to seek immediate interlocutory appeal.

Respectfully Submitted,

Frank Staples
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Date: March 14, 2025

---

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties.

Frank Staples
/s/ Kathleen Bussiere (Electronic Signature)