

# UNITED STATES DISTRICT COURT

**DISTRICT OF NEW HAMPSHIRE**

DISTRICT OF NH

2025 MAR 14 P 7 57

24 HOUR DEPOSITORY

**Frank Staples and Kathleen Bussiere**, *Plaintiffs*,

v.

**Governor Kelly Ayotte (in her official capacity), et al.**, *Defendants*.

Case No. 1:24-cv-00331-LM-TSM

---

## PLAINTIFFS' MOTION TO STAY RULING ON DEFENDANTS' MOTIONS TO DISMISS PENDING DISCOVERY

**NOW COME Plaintiffs, Frank Staples and Kathleen Bussiere, pro se, and respectfully move this Honorable Court to stay its ruling on Defendants' Motions to Dismiss pending resolution of Plaintiffs' Motion for Limited Discovery (filed separately).**

This motion is submitted pursuant to **Federal Rules of Civil Procedure 26(d)(1) and 56(d)** and is necessary to **prevent premature dismissal of Plaintiffs' constitutional claims** while key evidence remains unavailable due to Defendants' control over critical government records.

---

## I. INTRODUCTION

Defendants have moved to dismiss this case, arguing that **Plaintiffs have failed to state a claim**. However, **Plaintiffs have already provided substantial evidence contradicting Defendants' justifications**, including:

- **Video evidence** of the October 13, 2021, Executive Council Meeting showing that arrests were selectively enforced.
- **Trial transcripts** confirming conflicting justifications for Plaintiffs' arrests.
- **Government records** establishing surveillance of Plaintiffs' political activities.

Plaintiffs' Motion for Limited Discovery seeks **government communications, surveillance records, and arrest justifications** that will **directly impact the Court's evaluation of Defendants' Motions to Dismiss**.

**Accordingly, this Court should stay its ruling until discovery is completed, ensuring that Plaintiffs' constitutional claims are not prematurely dismissed based on incomplete evidence.**

## II. LEGAL STANDARD FOR STAYING A RULING ON DISMISSAL PENDING DISCOVERY

Federal courts have consistently held that **motions to dismiss should not be granted when factual disputes require discovery to resolve.**

- *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)

    - **"Discovery is available regarding any matter, not privileged, which is relevant to the claim or defense of any party. Where factual disputes exist, it is improper to dismiss before discovery resolves them."**
- *Iqbal v. Ashcroft*, 556 U.S. 662 (2009)

    - **"Determining whether a plausible claim exists requires courts to consider whether additional facts could support the allegations."**
- *Lozman v. City of Riviera Beach*, 138 S. Ct. 1945 (2018)

    - **"A retaliatory arrest claim depends on evidence of the government's motive, often requiring discovery."**
- *ACLU v. Clapper*, 785 F.3d 787 (2d Cir. 2015)

    - **"Government surveillance that chills political activity raises serious constitutional concerns, requiring disclosure of surveillance policies and decision-making."**

Where constitutional violations are alleged, **discovery is essential to evaluating the government's intent, selective enforcement, and due process issues.** Because Plaintiffs' claims involve **First and Fourth Amendment violations**, this Court **must allow discovery before ruling on dismissal.**

## III. REASONS TO STAY RULING ON DEFENDANTS' MOTIONS TO DISMISS

### A. Defendants Rely on Factual Disputes That Cannot Be Resolved Without Discovery

Defendants argue that:

1. **Plaintiffs' arrests were justified.**
2. **Public meeting venue selection was neutral.**
3. **Government surveillance of Plaintiffs did not occur.**

However, Plaintiffs have already provided evidence contradicting these claims:

**1. October 13, 2021 – Executive Council Meeting**

- **Video evidence shows that over 90% of attendees participated in a silent back-turning protest, yet only Plaintiffs and a few others were arrested.**
- **Governor Sununu was seen texting law enforcement before arrests occurred.**
- **Trial testimony contradicts the stated reason for Staples' arrest, as officers gave conflicting justifications.**

**2. December 28, 2020 – Candlelight Vigil Surveillance**

- **Government records confirm that law enforcement monitored Plaintiffs' social media activity and infiltrated a public Zoom meeting to track protest planning.**

**3. Venue Selection to Restrict Public Participation**

- **Government officials selected venues too small to accommodate public opposition, while lobbyists and pre-approved individuals were granted priority seating.**

Because these factual disputes **cannot be resolved without discovery**, this Court **must stay its ruling until key government records are disclosed.**

---

## B. Discovery Is Necessary to Determine Government Intent and Motive

Plaintiffs have alleged **First Amendment retaliation and selective enforcement.** Courts have consistently held that **claims involving government intent and motive require discovery:**

- *Wayte v. United States*, 470 U.S. 598 (1985)

    - **"A claim of selective enforcement requires an inquiry into government intent, which is not available without discovery."**
- *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252 (1977)

    - **"Determining whether discriminatory intent was a motivating factor requires an evaluation of all relevant facts, often necessitating discovery."**

Because **Defendants' intent in selectively enforcing laws against Plaintiffs is central to this case,** this Court **should allow discovery before ruling on dismissal.**

## C. Staying Ruling on Dismissal Prevents Premature Dismissal of Valid Claims

Federal courts strongly **disfavor dismissing civil rights claims before factual development**:

- *Reyes v. City of Lynchburg*, 300 F.3d 449 (4th Cir. 2002)

    - **"Claims involving governmental misconduct require discovery before dismissal, as intent and motive are often at issue."**
- *Gomez v. Toledo*, 446 U.S. 635 (1980)

    - **"A plaintiff need not prove motive at the pleading stage, as discovery is necessary to establish government intent."**

If this Court **rules on dismissal before discovery**, it risks **wrongfully disposing of valid constitutional claims**.

# IV. CONCLUSION

Plaintiffs have provided **substantial evidence contradicting Defendants' claims**, yet **additional discovery is needed** to fully establish:

- **The extent of government surveillance against Plaintiffs.**
- **The true justification for Plaintiffs' arrests and the selective enforcement against them.**
- **The intent behind Defendants' public meeting venue choices and public seating restrictions.**

For the foregoing reasons, Plaintiffs respectfully request that this Court **stay its ruling on Defendants' Motions to Dismiss until limited discovery is completed.**


**Respectfully Submitted,**



Frank Staples

332 Merrimack Street

Manchester, NH 03103

(603) 722-5408

Absolutedefiance@protonmail.com


/s/ Kathleen Bussiere (Electronic Signature)

178 S. Main Street, Apt 3

Newton, NH 03858

(603) 770-2015

kaffatina@yahoo.com


Date: March 14, 2025


---

CERTIFICATE OF SERVICE


I hereby certify that a true copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties.



**Frank Staples**

**/s/ Kathleen Bussiere (Electronic Signature)**