

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Frank Staples and Kathleen Bussiere, Plaintiffs,
v.
Governor Kelly Ayotte (in her official capacity), et al., Defendants.

Case No. 1:24-cv-00331-LM-TSM

---

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STAY RULING ON DEFENDANTS' MOTIONS TO DISMISS

NOW COME Plaintiffs, Frank Staples and Kathleen Bussiere, pro se, and submit this Memorandum of Law in support of their Motion to Stay Ruling on Defendants' Motions to Dismiss pending the resolution of Plaintiffs' Motion for Limited Discovery.

This Memorandum establishes that:

1. The Court must allow discovery before ruling on dismissal where factual disputes exist regarding selective enforcement, government surveillance, and retaliatory arrests.

2. Precedent confirms that constitutional claims require factual development before dismissal is appropriate.

3. Dismissing this case without discovery would violate due process and risk wrongfully disposing of valid constitutional claims.

---

I. LEGAL STANDARD FOR STAYING A RULING PENDING DISCOVERY

A. Federal Rules of Civil Procedure Favor Allowing Discovery Before Ruling on Dismissal

Federal Rule of Civil Procedure 56(d) authorizes a court to stay ruling on dispositive motions when additional discovery is necessary to oppose dismissal.

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)

"Discovery is available regarding any matter, not privileged, which is relevant to the claim or defense of any party. Where factual disputes exist, it is improper to dismiss before discovery resolves them."

Iqbal v. Ashcroft, 556 U.S. 662 (2009)

"Determining whether a plausible claim exists requires courts to consider whether additional facts could support the allegations."

Lozman v. City of Riviera Beach, 138 S. Ct. 1945 (2018)

"A retaliatory arrest claim depends on evidence of the government's motive, often requiring discovery."

Where constitutional violations are alleged, discovery is essential to evaluating the government's intent, selective enforcement, and due process issues. Because Plaintiffs' claims involve First and Fourth Amendment violations, this Court must allow discovery before ruling on dismissal.

---

II. REASONS TO STAY RULING ON DEFENDANTS' MOTIONS TO DISMISS

A. Defendants' Motion to Dismiss Raises Factual Disputes That Cannot Be Resolved Without Discovery

Defendants argue that:

Plaintiffs' arrests were justified.

Public meeting venue selection was neutral.

Government surveillance of Plaintiffs did not occur.

However, Plaintiffs have already provided evidence contradicting these claims:

1. October 13, 2021 – Executive Council Meeting

Video evidence shows that over 90% of attendees participated in a silent back-turning protest, yet only Plaintiffs and a few others were arrested.

Governor Sununu was seen texting law enforcement before arrests occurred.

Trial testimony contradicts the stated reason for Staples' arrest, as officers gave conflicting justifications.

2. December 28, 2020 – Candlelight Vigil Surveillance

Government records confirm that law enforcement monitored Plaintiffs' social media activity and infiltrated a public Zoom meeting to track protest planning.

3. Venue Selection to Restrict Public Participation

Government officials selected venues too small to accommodate public opposition, while lobbyists and pre-approved individuals were granted priority seating.

Because these factual disputes cannot be resolved without discovery, this Court must stay its ruling until key government records are disclosed.

---

B. Discovery Is Necessary to Establish Government Intent and Motive

Plaintiffs have alleged First Amendment retaliation and selective enforcement. Courts have consistently held that claims involving government intent and motive require discovery:

Wayte v. United States, 470 U.S. 598 (1985)

"A claim of selective enforcement requires an inquiry into government intent, which is not available without discovery."

Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252 (1977)

"Determining whether discriminatory intent was a motivating factor requires an evaluation of all relevant facts, often necessitating discovery."

Because Defendants' intent in selectively enforcing laws against Plaintiffs is central to this case, this Court should allow discovery before ruling on dismissal.

---

C. Staying Ruling on Dismissal Prevents Premature Dismissal of Valid Claims

Federal courts strongly disfavor dismissing civil rights claims before factual development:

Reyes v. City of Lynchburg, 300 F.3d 449 (4th Cir. 2002)

"Claims involving governmental misconduct require discovery before dismissal, as intent and motive are often at issue."

Gomez v. Toledo, 446 U.S. 635 (1980)

"A plaintiff need not prove motive at the pleading stage, as discovery is necessary to establish government intent."

If this Court rules on dismissal before discovery, it risks wrongfully disposing of valid constitutional claims.

---

III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Stay its ruling on Defendants' Motions to Dismiss until Plaintiffs complete limited discovery.

2. Allow Plaintiffs' Motion for Limited Discovery to proceed before making any substantive rulings.

Without a stay, Plaintiffs will be denied a fair opportunity to develop the factual record necessary to oppose dismissal—a clear violation of due process.

Respectfully Submitted,

Frank Staples
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Date: March 14th, 2025

---

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties.

Frank Staples
/s/ Kathleen Bussiere (Electronic Signature)