UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Frank Staples and Kathleen Bussiere, Plaintiffs,
v.
Governor Kelly Ayotte (in her official capacity), et al., Defendants.

Case No. 1:24-cv-00331-LM-TSM

---

PLAINTIFFS' MOTION FOR LIMITED DISCOVERY

NOW COME Plaintiffs, Frank Staples and Kathleen Bussiere, pro se, and respectfully move this Honorable Court to permit limited discovery prior to ruling on Defendants' pending Motions to Dismiss, pursuant to Fed. R. Civ. P. 26(d)(1) and 56(d).

Defendants' arguments rely on factual disputes that cannot be resolved without discovery. Plaintiffs have provided documentary and video evidence contradicting Defendants' justifications for their actions, demonstrating the need for discovery into key issues, including:

1. Government surveillance and monitoring of political activities, including social media tracking and protest surveillance.

2. Selective enforcement and retaliatory arrests of Plaintiffs at public meetings.

3. Venue selection and public access restrictions that intentionally suppressed political opposition.

4. Use of excessive force and unconstitutional bail conditions to suppress protest activity.

5. Government coordination with media to control the public narrative about the arrests.

Because Defendants' factual justifications require evidentiary support, this Court should permit limited discovery before ruling on dismissal.

---

I. LEGAL STANDARD FOR LIMITED DISCOVERY PRIOR TO RULING ON DISMISSAL

Federal courts recognize that motions to dismiss should not be granted when factual disputes exist requiring discovery:

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978):
"Discovery is available regarding any matter, not privileged, which is relevant to the claim or defense of any party. Where factual disputes exist, it is improper to dismiss before discovery resolves them."

Iqbal v. Ashcroft, 556 U.S. 662 (2009):
"Determining whether a plausible claim exists requires courts to consider whether additional facts could support the allegations."

Lozman v. City of Riviera Beach, 138 S. Ct. 1945 (2018):
"A retaliatory arrest claim depends on evidence of the government's motive, often requiring discovery."

Additionally, courts recognize that surveillance of political activists raises serious constitutional concerns, justifying discovery:

ACLU v. Clapper, 785 F.3d 787 (2d Cir. 2015):
"Government surveillance that chills political activity raises serious constitutional concerns, requiring disclosure of surveillance policies and decision-making."

Where government intent, motive, or selective enforcement is at issue, courts consistently require discovery before dismissal.

---

II. FACTUAL DISPUTES NECESSITATING DISCOVERY

A. Government Surveillance of Plaintiffs' Political Activity

Defendants deny engaging in unlawful surveillance or targeting of Plaintiffs, yet police records contradict this claim.

December 28, 2020 – Candlelight Vigil Monitoring:

Newfields Police Reports confirm that law enforcement monitored Plaintiffs' social media activity, infiltrated a public Zoom meeting, and tracked protest planning.

This establishes that Defendants engaged in political surveillance, making it likely that similar tactics were used at later public meetings.

Requested Discovery:

All government records of surveillance, monitoring, or tracking of Plaintiffs' political activities.

Social media monitoring logs and intelligence reports regarding Plaintiffs.

Emails, texts, and memos between Defendants discussing surveillance efforts.

---

B. Selective & Retaliatory Enforcement at Public Meetings

Defendants claim that Plaintiffs' arrests were lawful and not based on political retaliation. However, video evidence contradicts this assertion:

October 13, 2021 – Executive Council Meeting:

Over 90% of attendees participated in a silent back-turning protest, but only Plaintiffs and a few others were arrested.

Governor Sununu was seen texting law enforcement before the arrests occurred.

Trial testimony reveals conflicting justifications for arresting Staples.

Requested Discovery:

Internal law enforcement communications identifying individuals for pre-planned arrests.

Directives to officers regarding protest enforcement.

Emails and memos discussing security measures at public meetings.

---

### C. Unconstitutional Venue Selection to Restrict Public Access

Plaintiffs assert that Defendants intentionally selected small venues for public meetings to suppress opposition participation.

September 29, 2021 – Executive Council Meeting:

Lobbyists and pre-approved individuals were granted priority seating, while general public access was restricted.

Larger venues (e.g., Representatives Hall) were available but not used.

Requested Discovery:

Internal communications regarding venue selection and public seating policies.

Records showing why larger venues were rejected despite expected opposition.

---

### D. Excessive Force & Unconstitutional Bail Conditions

Plaintiffs contend that Defendants used excessive force and punitive bail conditions to suppress political opposition.

October 13, 2021 – Use of Force Against Kathleen Bussiere:

Video shows Bussiere being violently dragged and suffering a concussion.

Unconstitutional Bail Conditions:

Plaintiffs were barred from attending future public meetings, violating their First Amendment rights.

Requested Discovery:

Bodycam footage, officer reports, and internal memos discussing Plaintiffs' arrests.

Justifications for restrictive bail conditions on political activists.

---

E. Media Coordination & Public Narrative Control

Defendants coordinated media narratives to control public perception of the arrests.

Requested Discovery:

All internal government communications with WMUR/NHPR regarding Plaintiffs.

Government press guidance regarding protester arrests.

---

III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Grant limited discovery into the listed issues before ruling on dismissal.

Defendants' motions to dismiss rely on factual disputes that require discovery. Video evidence, trial transcripts, and police reports contradict Defendants' justifications. Without discovery, Plaintiffs will be denied a fair opportunity to prove their claims.

Respectfully Submitted,

Frank Staples
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Date: March 14, 2025


---

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties.



Frank Staples
/s/ Kathleen Bussiere (Electronic Signature)