UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Frank Staples and Kathleen Bussiere,
Plaintiffs,
v.
Governor Christopher T. Sununu, et al.,
Defendants.

Civil Action No.: 1:24-cv-00331-LM-TSM

---

NOTICE OF FILING – EXHIBIT A (Plaintiffs' Discovery Request Email)

TO THE CLERK OF COURT AND ALL PARTIES OF RECORD:

Please take notice that Plaintiffs Frank Staples and Kathleen Bussiere, pro se, hereby submit the attached Exhibit A in support of their ongoing efforts to initiate discovery pursuant to the Federal Rules of Civil Procedure.

Exhibit A consists of a copy of the email communication dated March 20, 2025, sent by Plaintiffs to Defendants' counsel, Shawna Bentley and Christina Wilson of the New Hampshire Department of Justice, requesting discovery pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

This filing is submitted to inform the Court that Plaintiffs have formally served discovery requests on Defendants via email, as required, and to place the communication on the record.

Respectfully submitted,
this 24th day of March, 2025.

/s/ Frank Staples (Electronic Signature)
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Subject: Plaintiffs' Formal Discovery Requests – Staples et al. v. Sununu et al. (1:24-cv-00331-LM-TSM)

Dear Counsel,

Pursuant to Fed. R. Civ. P. 26, 33, and 34, Plaintiffs Frank Staples and Kathleen Bussiere submit the following formal discovery requests for Defendants in the above-captioned matter. As no automatic stay of discovery applies, and per the Court's endorsed order on March 3, 2025, Defendants remain obligated to respond in accordance with the Federal Rules.

We request full responses within 30 days of this email. If Defendants believe an alternative schedule is appropriate, please propose a timeline for completion. Failure to respond or cooperate in good faith may necessitate a motion to compel.

---

I. INTERROGATORIES

1. Identify all officials who had decision-making authority over:

a) Security measures and venue selection for the September 29, 2021 and October 13, 2021 Executive Council meetings.

b) Directives given to law enforcement for managing protesters, including instructions on arrests.

c) Coordination with WMUR and other media outlets regarding public messaging.

d) Surveillance or intelligence-gathering activities related to Plaintiffs or associated protest groups.

2. Describe any meetings, emails, or directives in which Governor Sununu, Attorney General John Formella, or any state officials discussed:

a) Moving the October 13 meeting to the Police Standards & Training Council facility.

b) The need to "control" or limit public access to these meetings.

c) The arrests that occurred on October 13 and November 19, including post-event briefings.

3. List all instances from 2019 to present where members of the public disrupted an Executive Council meeting.

Indicate:

a) How law enforcement responded.

b) Whether arrests were made, and under what justification.

c) Any policy changes implemented in response.

4. Identify all individuals within law enforcement responsible for:

a) Monitoring Plaintiffs' social media, online activity, or public opposition groups.

b) Deploying surveillance techniques such as drone monitoring or undercover infiltration.

c) Determining which individuals were to be arrested at October 13 and November 19 meetings.

---

II. REQUESTS FOR PRODUCTION (RFPs)

1. Law Enforcement & Security Directives

a) All internal memoranda, emails, and law enforcement reports regarding:

- The decision to move the Executive Council meeting venue on October 13.

- Directives issued regarding arrests and removal of individuals at the meeting.

- Security planning for both the September 29 and October 13 meetings.

- Reports detailing post-event assessments of arrests and public backlash.

b) All text messages, emails, and radio transmissions between law enforcement officials (including NH State Police, local police, and AG's office) related to the events of:

- September 29, 2021
- October 13, 2021
- November 19, 2021

2. Communications with Media & Public Messaging

a) All internal and external communications between Governor Sununu's Office, law enforcement, and WMUR (or any media outlets) regarding:

- Public narratives about the protests and arrests.

- Pre-scripted statements or press releases prepared in advance.

- Any government influence over media coverage of these events.

3. Surveillance & Monitoring of Political Opposition

a) Surveillance reports, intelligence memos, or internal discussions on monitoring Plaintiffs or Absolute Defiance.

b) Any documents showing coordination between state police and the Attorney General's office regarding monitoring and infiltrating opposition groups.

c) Records of drone surveillance, undercover informants, or electronic surveillance used on Plaintiffs or protest groups.

4. Selective Enforcement & Venue Manipulation

a) All records of past public meeting disruptions from 2019-present, including how security and arrests were handled.

b) Documents or emails discussing restrictions on public seating, media access, or protest activities at the Executive Council meetings in question.

c) All directives given to law enforcement about protester identification, public seating, or crowd control measures.

---

III. REQUESTS FOR ADMISSIONS (RFAs)

1. Admit that Governor Sununu and Attorney General Formella were present at and participated in discussions at the September 29, 2021, meeting.

2. Admit that the New Hampshire State Police monitored the Absolute Defiance social media group.

3. Admit that the Governor's Office and law enforcement discussed in advance the potential removal or arrest of protesters at the October 13, 2021, meeting.

4. Admit that law enforcement was instructed to identify, target, and arrest specific individuals during the October 13 and November 19 meetings.

5. Admit that members of the press, lobbyists, and other pre-selected individuals were granted priority seating over the general public at the October 13 meeting.

6. Admit that protesters at Executive Council meetings prior to 2021 were not arrested for similar disruptions.

---

IV. DEADLINE FOR RESPONSE

Pursuant to Fed. R. Civ. P. 33 & 34, Defendants are required to provide full and complete responses within 30 days from the date of this email, unless an alternative schedule is mutually agreed upon. If Defendants require an extension, please communicate such requests within 7 days so that we may confer on a reasonable timeframe.

Failure to respond may necessitate a Motion to Compel under Rule 37. We hope to resolve this amicably and expect good-faith participation in the discovery process.

Please confirm receipt and let us know if you need any clarification on these requests.

Sincerely,

Frank Staples
Plaintiff, Pro Se
332 Merrimack Street
Manchester, NH 03103
603-722-5408
Absolutedefiance@protonmail.com

Kathleen Bussiere
Plaintiff, Pro Se
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com