USDC -NH
MAR 25 PM3:54

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Frank Staples and Kathleen Bussiere,
Plaintiffs,
v.
Governor Chris Sununu (in his official capacity), et al.,
Defendants.

Case No. 1:24-cv-00331-LM-TSM

---

PLAINTIFFS' MOTION TO STRIKE DOCUMENT 23 AS A SECOND RULE 12(b) MOTION FILED IN VIOLATION OF FED. R. CIV. P. 12(g)(2) AND 12(h)(1)
(Supplement to Document 17 – Plaintiffs' Motion to Strike Documents 6 and 7)

NOW COME the Plaintiffs, Frank Staples and Kathleen Bussiere, pro se, and respectfully move this Court to strike Document 23 as procedurally improper under Federal Rules of Civil Procedure 12(g)(2) and 12(h)(1). Document 23 constitutes a second Rule 12(b) motion filed by the same Defendants after their initial Rule 12(b) motion (Document 22), and it raises arguments that could have—and should have—been joined in the original motion. No leave of Court was sought or granted for this piecemeal filing. Accordingly, it must be stricken.

---

I. BACKGROUND AND PROCEDURAL POSTURE

1. On February 20, 2025, Defendants Governor Sununu and Attorney General Formella filed their first Motion to Dismiss under Rule 12(b)(6), docketed as Document 22.

2. Subsequently, on March 4, 2025, without seeking leave of Court, these same Defendants filed Document 23, a second Rule 12(b) motion, purporting to raise new grounds for dismissal that could have been raised in Document 22.

3. Plaintiffs' deadline to respond to both filings is March 25, 2025.

4. Defendants previously filed improper waiver forms (Documents 6 and 7), which Plaintiffs moved to strike in Document 17. The Court has not yet ruled on that motion.

5. Plaintiffs have also filed a formal ADA accommodation notice and affidavit identifying cognitive limitations stemming from head trauma, further supporting the need for fair, consolidated, and procedurally proper filings from Defendants.

---

II. ARGUMENT

A. Rule 12(g)(2) Bars Successive Pre-Answer Motions to Dismiss Raising Grounds That Could Have Been Joined Earlier

Under Federal Rule of Civil Procedure 12(g)(2):

> "[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

Document 23 violates this rule by asserting a second motion to dismiss under Rule 12(b)(6), after Document 22, without leave of Court and without explaining why these arguments were not presented in the first filing. All available defenses must be raised in the first motion. Staggering 12(b) motions is impermissible.

B. Rule 12(h)(1) Waives Omitted Defenses Not Raised in the First 12(b) Motion

Under Rule 12(h)(1):

> "A party waives any defense listed in Rule 12(b)(2)-(5) by… failing to include it in a motion under Rule 12(b) that is joined with another Rule 12 motion."

Though Document 23 re-raises arguments under Rule 12(b)(6), the logic of 12(h)(1) extends to prevent dilatory tactics and piecemeal litigation. Defendants waived the right to present additional 12(b) arguments by failing to consolidate them in Document 22.

C. Plaintiffs Are Prejudiced by Staggered Filings, Especially Given ADA Limitations

Defendants previously coordinated filings to secure a single, consolidated response deadline, but have now split their motions to burden Plaintiffs, who have documented disabilities affecting memory, cognition, and concentration.

Requiring Plaintiffs to parse staggered and overlapping filings creates unnecessary confusion and delay, in direct contradiction to Rule 1's mandate for a "just, speedy, and inexpensive determination of every action."

D. Plaintiffs' Motion to Strike Documents 6 & 7 (Document 17) Remains Pending and Is Directly Relevant

As Plaintiffs noted in Document 17, the Defendants' initial filing actions were procedurally improper. Document 23 compounds this procedural confusion and further justifies striking all related filings until the Court resolves whether the initial waiver and deadline filings were valid.

---

III. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Strike Document 23 as a second, successive Rule 12(b) motion filed in violation of Rule 12(g)(2) and 12(h)(1).

2. Consolidate any future filings from these Defendants into a single motion or response, with prior leave of Court.

3. In the alternative, reset the Plaintiffs' response deadline and allow consolidated briefing if the Court permits Document 23 to stand.

4. Treat this motion as a supplement to Document 17, and rule comprehensively on all procedural irregularities.

5. Grant such other and further relief as this Court deems just and proper.

---

Respectfully submitted,

*[signature]*

Frank Staples, Pro Se
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Date: March 25, 2025

---

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record on this day, March 25, 2025.

*[signature]*

Frank Staples
/s/ Kathleen Bussiere