**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

************************************

Frank Staples, et al.,               *

                                  *

         Plaintiff,          *

    v.                            *      Civil No. 1:24-cv-00331-LM-TSM

                                  *

Christopher Sununu, Governor, et al.,   *

                                  *

         Defendants.       *

                                  *

************************************

## STATE DEFENDANTS' CONSOLIDATED OBJECTION TO PLAINTIFFS' VARIOUS MOTIONS REGARDING DISCOVERY: ECF DOC. NOS. 33, 34, 35

The New Hampshire Governor and the New Hampshire Attorney General submit the above-captioned pleading, stating in support thereof as follows:

1. By way of brief background, on or around February 18, 2025, Defendants filed Motions to Dismiss, arguing that Plaintiffs' claims must be dismissed because, among other things, they fail to state a claim, are time barred, are not viable, and are barred by doctrines of immunity. *See* ECF Doc. Nos. 22 and 23.

2. On March 4, 2025, Plaintiffs filed a *Motion to Extend Time to Amend Complaint and Respond to Motion to Dismiss*, asking that their response deadline be extended to **April 10, 2025**. ECF Doc. No. 28.

3. The State Defendants did not object to the Plaintiffs' responsive pleading deadline being extended to April 10, 2025. *See* ECF Doc. No. 31 (simply asking that, in granting the extension, the Court not reach Plaintiff's alleged ADA issue).

4. Ten days after they filed their initial Motion to Extend, Plaintiffs filed a *Motion to Stay Ruling on Defendants' Motions to Dismiss Pending Discovery*, a *Motion for Limited*

*Discovery*, and a *Notice of Discovery Requests*. *See* ECF Doc. Nos. 33, 34, 35 (each filed March 14, 2025).

5. A week after that (after hours on March 20, 2025) Plaintiffs emailed various discovery requests to counsel for the Defendants. Notably, responses to such requests would not be due until after the Plaintiff's proposed responsive pleading deadline of April 10, 2025.

6. The subject pleadings (ECF Doc. Nos. 33-35) are each variations on the same theme: Rather than defend the allegations they have, Plaintiffs request time to fish for new ones.

7. This Honorable Court should deny Plaintiffs' requests and put the plausibility of Plaintiffs' claims to the test before allowing them to conduct discovery related to same.

8. "[T]o access discovery mechanisms, a plaintiff must <u>first</u> produce a complaint that passes the plausibility test — a test that helps keep defendants from wasting time and money in discovery on largely groundless claims." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56 (1st Cir. 2012) (emphasis in original, internal quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).

9. Indeed, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. … Some threshold of plausibility must be crossed at the outset before a … case should be permitted to go into its inevitably costly and protracted discovery phase." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (cleaned up); *and see Gordo-Gonzalez v. United States*, 873 F.3d 32, 37 n.3 (1st Cir. 2017) ("Litigants . . . are not entitled to use pretrial discovery to find out if they have a cause of action."); *Schatz v. Republican State Leadership Comm.*, 669

F.3d 50, 56 (1st Cir. 2012) ("a claim must have some degree of plausibility before the parties are put through their discovery paces.").

10. As Plaintiffs have perpetually noted, judicial economy is an important consideration in the trial court's decision making as to these matters.

11. The State Defendants submit that judicial economy, and all practicality, is best served by holding Plaintiffs to their requested (and assented to) extended response deadline of April 10, 2025, so that this case, and its discovery, may proceed only on such claims for which Plaintiffs have asserted a plausible claim for relief.

12. State Defendants will submit a Motion to Suspend Discovery under separate cover.

WHEREFORE, Defendants respectfully requests that this Honorable Court:

A.  Note the within Objection;

B.  Decline Plaintiffs' request to suspend ruling on the Motions to Dismiss pending discovery; and

C.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Governor Chris Sununu, and
Attorney General John Formella

By their attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: March 28, 2025

/s/ Shawna Bentley
Shawna Bentley, Bar #270149
Attorney
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
shawna.bentley@doj.nh.gov
(603) 271-6836

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent this day by first class mail to each of the plaintiffs at the address listed in the CM/ECF docket.


/s/ *Shawna Bentley*
Shawna Bentley