UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Frank Staples, et al., | \* |
| | \* |
| Plaintiff, | \* |
| v. | \*  Civil No. 1:24-cv-00331-LM-TSM |
| | \* |
| Christopher Sununu, Governor, et al., | \* |
| | \* |
| Defendants. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STATE DEFENDANTS' MOTION TO SUSPEND DISCOVERY PENDING RULING ON MOTIONS TO DISMISS

The New Hampshire Governor and the New Hampshire Attorney General submit the above-captioned pleading, stating in support thereof as follows:

1. By way of brief background, on or around February 18, 2025, Defendants filed Motions to Dismiss, arguing that Plaintiffs' claims must be dismissed because, among other things, they fail to state a claim, are time barred, are not viable, and are barred by doctrines of immunity. *See* ECF Doc. Nos. 22 and 23.

2. State Defendants' Motion to Dismiss contained a table summarizing the various grounds on which Plaintiffs' claims must be dismissed. For ease of reference, same is included here below.

| Type of Claim | Relief Sought | Capacity Asserted | Ground(s) for Dismissal |
|---|---|---|---|
| Federal constitution or statute | Damages | Official capacity | Eleventh Amendment |
| Federal constitution or statute | Declaration | Official Capacity | |
| State constitution or statute | Declaration | Official Capacity | |
| Federal constitution or statute | Declaration | Individual capacity | Not viable under § 1983 |
| State constitution or statute | Declaration | Individual capacity | Not viable under state law |
| State constitution | Damages | Any capacity | Not viable under state law |
| Any claims arising out of September 29, 2021 Executive Council Meeting | Any | Any | Time-barred |
| Federal constitution or statute | Damages | Individual capacity | Failure to state a claim and qualified immunity |
| Any remaining state-law claims | Damages | Any | Failure to state a claim and lack of supplemental jurisdiction |
| Requests for punitive damages and attorneys' fees | N/A | Any | Not available under controlling law |

ECF Doc. No. 22 (internal references to sections of the Motion itself omitted).

3. In short, Defendants have put several grounds for dismissal before the court which, they submit, are likely to succeed.

4. Plaintiffs initially requested that their deadline to respond to the pending Motions to Dismiss be extended to April 10, 2025, and Defendants did not object to the proposed date. *See* ECF Doc. No. 28 (Motion to Extend), 31 (Partial Objection).

5. Plaintiffs have since emailed various discovery requests to counsel for the Defendants. *See* ECF Doc. No. 35.

6. Notably, the requests were sent on March 20, 2025, and responses to such requests would not be due until after the Plaintiff's proposed responsive pleading deadline of April 10, 2025.

7. Plaintiffs now suggest that the Court suspend the Motions to Dismiss pending discovery. *See* ECF Doc. Nos. 33, 34, 35.

8. Defendants must insist in the opposite direction.

9. Given the stage of this case, and the various grounds for dismissal before the Court, Defendants request that discovery be suspended pending the Court's ruling on the Motions to Dismiss. Such suspension would allow all Parties to avoid spending significant time and expense on discovery and motion practice in a case which, at least in part, is appropriate for dismissal.

10. Indeed, having propounded their discovery requests only days ago, Plaintiffs have already put the Court on notice of anticipated motion practice regarding same. *See* ECF Doc. No. 35 at Par. 5 (noting the discovery requests and "reserv[ing] all rights to seek appropriate relief, including a Motion to Compel and potential sanctions[.]")

11. Though Plaintiffs appear to claim that they require discovery to substantiate their claims, this is not a reason to allow an otherwise meritless case to move forward. *See Gordo-Gonzalez v. United States*, 873 F.3d 32, 37 n.3 (1st Cir. 2017) ("Litigants . . . are not entitled to use pretrial discovery to find out if they have a cause of action.").

12. Indeed, Plaintiffs chose to initiate this action and, by their own assertions, they already have "substantial evidence" to support their claims. *See* ECF Doc. Nos. 33 at 1 (Plaintiffs have "**substantial evidence**"), 34-1 at 1 ("Plaintiffs have **video evidence, trial transcripts, and police reports**[.]") (emphasis in originals)

13. The Court need not, and should not, subject itself and the Parties to the arduous process of discovery where Plaintiffs have yet to establish that they have pled plausible claims for relief.

14. This is especially so where, as here, the scope of discovery is likely to be extensive. *See generally* ECF Doc. No. 35-1 (Plaintiffs' discovery requests, requesting information and documentation about and from various public officials and employees spanning back years).

15. Aside from the administrative time and expense to respond to the expansive discovery requests themselves, extensive litigation on such requests can reasonably be anticipated. *See* ECF Doc. No. 35 at Par. 5 (noting the discovery requests and "reserve[ing] all rights to seek appropriate relief, including a Motion to Compel and potential sanctions[.]").

16. Indeed, extensive motion practice seems to be the theme of this case. Service of Plaintiffs' Complaint was completed in December of 2024. As of this filing, approximately 40 pleadings have been submitted.

17. In March alone (the month isn't even over), Plaintiff has submitted twelve filings. *See* ECF Doc. Nos.  26, 27, 28, 29, 32, 33, 34, 35, 36, 37, 38, 39.

18. Plaintiffs have even put the Court and the Defendants on notice that they are contemplating an interlocutory appeal if the Court does not order in their favor on various pending procedural motions. *See* ECF Doc No. 32-1 at 4.

19. "The costs of modern federal … litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (cleaned up); *see id.*

(noting that "discovery accounts for as much as 90 percent of litigation costs when discovery is actively employed[.]")

20. "[T]o access discovery mechanisms, a plaintiff must <u>first</u> produce a complaint that passes the plausibility test — a test that helps keep defendants from wasting time and money in discovery on 'largely groundless' claims." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56 (1st Cir. 2012) (emphasis in original) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).

21. Indeed, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. … Some threshold of plausibility must be crossed at the outset before a … case should be permitted to go into its inevitably costly and protracted discovery phase." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (cleaned up); *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56 (1st Cir. 2012) ("a claim must have some degree of plausibility before the parties are put through their discovery paces.").

22. Here, completing litigation on the pending Motions to Dismiss *before Parties conduct discovery* will allow any meritless claims to be culled "at the point of minimum expenditure of time and money by the parties and the court." *See supra.*

WHEREFORE, Defendants respectfully requests that this Honorable Court:

A. Suspend discovery pending further orders of this Court, at least until the pending Motions to Dismiss have been fully litigated and ruled upon; and

B. Grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        Governor Chris Sununu, and
        Attorney General John Formella

        By their attorney,

        THE OFFICE OF THE ATTORNEY GENERAL

Dated: March 28, 2025        /s/ Shawna Bentley
        Shawna Bentley, Bar #270149
        Attorney
        Civil Bureau
        NH Department of Justice
        1 Granite Place South
        Concord, NH 03301
        shawna.bentley@doj.nh.gov
        (603) 271-6836

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent this day by first class mail to each of the plaintiffs at the address listed in the CM/ECF docket.

        */s/ Shawna Bentley*
        Shawna Bentley