

USDC -NH
26 PM4:33

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Frank Staples and Kathleen Bussiere,
Plaintiffs,
v.
Governor Christopher Sununu, et al.,
Defendants
Civil No. 1:24-cv-00331-LM-TSM

---

PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO MOTION TO RESOLVE PENDING MATTERS (DOC. 30)

NOW COME the Plaintiffs, Frank Staples and Kathleen Bussiere, pro se, and respectfully submit this Reply to Defendants' Objection (Doc. 30) to Plaintiffs' Motion to Resolve Pending Matters (Doc. 26).

---

I. Defendants Have Not Objected to Plaintiffs' Motion to Strike (Doc. 17) – Objection Deadline Passed

Plaintiffs filed their Motion to Strike Documents 6 and 7 (Doc. 17) on February 10, 2025. Under Local Rule 7.1(b) of the District of New Hampshire, "[a] party who fails to object to a motion within fourteen (14) days may be deemed to have waived objection." Accordingly, Defendants' deadline to object was February 24, 2025.

As of this filing on March 25, 2025, more than 40 days have passed with no objection filed to Document 17. Defendants' later filing (Doc. 30) addresses other procedural issues but fails to respond to the merits of the Motion to Strike, and thus cannot be construed as a timely or substantive opposition.

- Defendants have not denied:

- That Plaintiffs were personally served and did not request waivers;

- That the waivers in Documents 6 and 7 were filed unilaterally by Defendants;

- That the waivers contain no signatures from either Plaintiff.

Plaintiffs have now submitted sworn affidavits, filed on March 25, 2025, attesting to the truth of these facts. Given the Defendants' failure to timely object, and the unrefuted factual and legal basis of the motion, Plaintiffs respectfully request that the Court grant Document 17 as unopposed under Local Rule 7.1(b).

---

II. Resolution of Doc. 17 and Related Procedural Motions Is Required for Fair Adjudication

Plaintiffs' Motion to Resolve Pending Matters (Doc. 26) seeks an orderly resolution of core procedural disputes before the Court proceeds to rule on the pending Motions to Dismiss (Docs. 22 and 23). These include:

- Plaintiffs' Objection to Extension of Time (Doc. 9);

- Plaintiffs' Motion for Default (Doc. 11);

- The now fully-supported Motion to Strike (Doc. 17), with sworn affidavits;

- Clarification of the effect and integrity of Documents 6 and 7, which remain on the record improperly.

Defendants' objection dismisses this request as duplicative but offers no valid legal basis why foundational issues—such as improper service-related filings and disputed extensions—should be bypassed before the court resolves dispositive motions.

This approach undermines due process and judicial economy. Plaintiffs are entitled to clarity on these matters, particularly in light of their ADA-noticed cognitive impairments and pro se status. The court's March 3 order expressly preserved Rule 26 obligations, reinforcing that procedural issues remain active.

---

III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Disregard or overrule Defendants' Objection (Doc. 30);

2. Grant Plaintiffs' Motion to Resolve Pending Matters (Doc. 26);

3. Grant Plaintiffs' Motion to Strike Documents 6 and 7 (Doc. 17) as unopposed and supported by sworn affidavits;

4. Rule on Plaintiffs' related procedural filings before adjudicating the pending motions to dismiss.

Respectfully submitted,

*[signature]*

Frank Staples, Plaintiff pro se
332 Merrimack Street
Manchester, NH 03103

/s/ Kathleen Bussiere
Kathleen Bussiere, Plaintiff pro se
178 S. Main Street, Apt. 3
Newton, NH 03858

Dated: March 26, 2025

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing motion has been served via the court's CM/ECF system on all counsel of record on this day, March 26th, 2025.

*[signature]* Frank Staples