UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

FRANK STAPLES, et al.

     v.                                              Civil No. 24-cv-00331-LM-TSM

CHRISTOPHER SUNUNU, GOVERNOR, et al.

ORDER ON PENDING MOTIONS

This matter is before the court on the following motions, brought by self-represented Plaintiffs, Frank Staples and Kathleen Bussiere: (1) Motion to Strike (Doc. No. 17); (2) Motion to Substitute Party (Doc. No. 20); and (3) Expedited Motion for Court to Rule on Pending Matters Before Considering Defendants' Motion to Dismiss (Doc. No. 26). For the reasons explained below, the court orders as follows.

    **I.**     **Motion to Strike (Doc. No. 17)**

Plaintiffs move to strike (Doc. No. 17) the Waivers of Service documents (Doc. Nos. 6 and 7) ("Waiver Forms") from the record pursuant to Federal Rule of Civil Procedure 12(f). Plaintiffs claim these "filings are improper, misleading, and were not initiated by [them] as required by Rule 4(d)." Doc. No. 17 at pg. 1. Defendants' object (Doc. No. 24) and argue that the motion is "duplicative, meritless, and moot." Doc. No. 24 at pg. 1.

Rule 12(f) provides that "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Pleadings are "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an

answer." Fed. R. Civ. P. 7(a).  See, e.g., Resolution Trust Corp. v. Blasdell, 154 F.R.D. 675, 683 (D. Ariz. 1993) ("Rule 12(f) . . . does not authorize this court to strike documents other than pleadings."); 5C Charles Alan Wright, Arthur R. Miller, and A. Benjamin Spencer, Federal Practice and Procedure § 1380 (3d ed. 2023) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."). A Waiver Form is not a "pleading" as defined in Rule 7(a). See Fed. R. Civ. P. 7(a). Therefore, it is not subject to being stricken under Rule 12(f). See Russo v. New Hampshire Neurospine Inst., P.A., No. 21-CV-703-SM-TSM, 2024 WL 4802462, at *1 (D.N.H. Nov. 15, 2024) (explaining that "a motion for summary judgment is not a 'pleading'" and therefore, "not governed by Rule 12(f)"). For this reason alone, Plaintiffs' motion is denied.

In any event, the purpose of a Waiver Form is to benefit plaintiffs by enabling them to avoid the costs associated with formal service of a summons. See Fed. R. Civ. P. 4(d)(4) (explaining that filing of a waiver relieves the plaintiff of the obligation to make personal service); Vandenberg v. Hamilton, No. 13-cv-040-JL, 2013 WL 1856432, at *1 (D.N.H. May 2, 2013) (stating that "Rule 4(d)(1) imposes upon individuals like [defendant] a duty to avoid unnecessary expenses associated with formal service of the summons in a civil case."). Indeed, Fed. R. Civ. P. 4(d) requires the court to award plaintiffs the costs of making service where "a defendant . . . fails, without good cause, to sign and return a waiver requested by a plaintiff[.]" Fed. R. Civ. P. 4(d)(2). Accordingly, there is no basis for Plaintiffs' assertion that Defendants' conduct in filing the Waiver Forms was improper, misleading, or otherwise unfair. For this reason as well, Plaintiff's motion to strike the Waiver Forms is denied.

II. **<u>Motion to Substitute Party (Doc. No. 20)</u>**

Plaintiffs' lawsuit alleges claims against Governor Chris Sununu ("Sununu") in both his individual and official capacities. See Doc. No. 1 at pg. 3. In January 2025, Kelly Ayotte ("Governor Ayotte") replaced Sununu as Governor of New Hampshire. Therefore, Plaintiffs move, pursuant to Fed. R. Civ. P. 25(d), to substitute (Doc. No. 20) Governor Ayotte, in her official capacity, for the official-capacity claims against Sununu. Defendants do not object to Governor Ayotte being substituted for the official-capacity claims against Sununu (Doc. No. 25). Defendants object, however, to any attempt to substitute Governor Ayotte for individual-capacity claims against Sununu. Id. at pg. 2. In their reply, Plaintiffs clarify that they "are not seeking substitution for individual-capacity claims against Sununu." Doc. No. 29 at pg. 2.

> Rule 25(d) provides:
>
> Public Officers; Death or Separation from Office. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

The parties agree, and Rule 25(d) confirms, that substituting Governor Ayotte for Sununu for the official-capacity claims against Sununu is appropriate. They further agree that Governor Ayotte should not be substituted for the individual-capacity claims against Sununu because "they would necessarily be rooted in Governor Sununu's alleged conduct in his individual capacity, rather than conduct within the scope of his office." Doc. No. 25 at ¶ 9. Therefore, Plaintiffs' motion is granted to the extent it seeks to substitute Governor Ayotte for the official-capacity claims brought against Sununu and is otherwise denied.

### III.    <u>Motion for Court to Rule on Pending Matters (Doc. No. 26)</u>

Plaintiff also filed an "Expedited Motion for Court to Rule on Pending Matters Before Considering Defendants' Motion to Dismiss" (Doc. No. 26), to which Defendants' object (Doc. No. 30). In their motion, Plaintiffs request that the court: (1) rule on their Motion to Strike (Doc. No. 17); (2) rule on their Objection (Doc. No. 9) to Defendants' Motion to Extend their Time to Answer; and (3) reconsider its denial of Plaintiffs' Motion for Default Judgment, <u>see</u> Jan. 13, 2025 Endorsed Order. Plaintiffs also ask the court to stay a decision on Defendants' Motion to Dismiss (Doc. Nos. 22 and 23) until these other matters are resolved. Doc. No. 26 at pg. 1. For the reasons that follow, the motion is denied.

First, the court addressed (and denied) Plaintiffs' Motions to Strike *supra*, and therefore, Plaintiffs' motion is moot in this regard. Second, contrary to Plaintiffs' assertion, the court already considered and rejected Plaintiffs' Objection (Doc. No. 9) to Defendants' Motion to Extend when the court issued its January 13, 2025 Endorsed Order granting the Motion to Extend (Doc. No. 8). Plaintiffs provide no basis sufficient to warrant reconsideration of the court's previous decision.

To prevail on a motion for reconsideration, the moving party must "present[ ] newly discovered evidence," show that "there has been an intervening change in the law," or "demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). Plaintiffs fail to satisfy their burden with respect to the ruling on defendants' motion to extend the time to answer: they cite no newly discovered evidence; they do not point to intervening changes in the law; and they have not demonstrated that the original decision was based on a manifest error of law or was clearly unjust. Accordingly, Plaintiff's provide no basis to justify the "extraordinary remedy" of reconsideration. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et

4

al., Federal Practice & Procedure § 2810.1 (2d ed. 1995) ("The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'").

IV.   **Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Strike (Doc. No. 17) and Expedited Motion for Court to Rule on Pending Matters Before Considering Defendants' Motion to Dismiss (Doc. No. 26) are both denied. Plaintiffs' Motion to Substitute Party (Doc. No. 20) is granted to the extent it seeks to substitute Governor Ayotte for the official-capacity claims brought against Sununu and is otherwise denied.

**SO ORDERED.**

_____
Talesha L. Saint-Marc
United States Magistrate Judge

April 4, 2025

cc:   Frank Staples, pro se
      Kathleen Bussiere, pro se
      Counsel of Record