UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Frank Staples, et al.,
Plaintiffs,

v.

Christopher Sununu, et al.,
Defendants.

Civil No. 1:24-cv-00331-LM-TSM

---

PLAINTIFFS' MOTION TO DENY DEFENDANTS' MOTIONS TO EXTEND RESPONSIVE PLEADING DEADLINE

NOW COME the Plaintiffs, Frank Staples and Kathleen Bussiere, and respectfully move this Honorable Court to deny the two pending Motions to Extend Time (Docs. 49 and 50). These motions lack "good cause" under Fed. R. Civ. P. 6(b), reflect a prejudicial and repeating pattern of strategic delay, and contradict Defendants' own earlier representations for unified treatment (Doc. 8).

I. Defendants Have Not Shown Good Cause Under Rule 6(b)

Defendants cite the Amended Complaint's length and general workload constraints, but these are neither exceptional nor sufficient to meet the standard required by Rule 6(b).

Procedural Deadline

Defendants were served with the First Amended Complaint on April 17, 2025. Under Fed. R. Civ. P. 15(a)(3), their responsive pleading was due 14 days later, by May 1, 2025. Even applying the 21-day rule under Rule 12(a)(1)(A)(i), their response would have been due by May 8, 2025 (tomorrow). They now seek a deadline of June 16, 2025—which would amount to nearly 60 days of total response time and more than triple the default period. This excessive request lacks a basis in law or fact.

II. Delay Prejudices Plaintiffs and Freezes Litigation

Plaintiffs cannot begin discovery or receive judicial oversight of their ongoing constitutional harms while Defendants delay their response. In addition to:

- Evidence deterioration or spoliation risks,

- Continued harm from official conduct,

- And burden on pro se Plaintiffs to track multiple staggered responses,

This delay obstructs timely and fair resolution and freezes all progress.

III. Defendants Contradict Their Own Request for Consolidation

In Document 8, Defendants requested a single, unified deadline for all responsive pleadings. The Court granted that request. That motion was built on improper waivers filed in Docs. 6 and 7, which were not authorized by Plaintiffs (contrary to Rule 4(d)). Plaintiffs objected in Doc. 9 and moved for clarification in Doc. 26. Although the Court denied the motion to expedite a ruling in Order 46, it did not address or resolve the underlying procedural defect.

Now, Defendants reverse course by filing two separate motions to extend—one from the Attorney General's Office, the other from a separately represented co-defendant—inconsistent with their earlier request and with the interest of judicial efficiency.

> "This is not mere delay; this is deliberate evasion." — Todd Replication, at 1 (Case No. 1:24-cv-00330)

IV. The Pattern Mirrors Conduct in Other Civil Rights Cases

Defendants' behavior here mirrors tactics used in Todd v. State of New Hampshire, where delays, fractured filings, and refusal to engage led to systemic litigation dysfunction. The same office, same attorneys, and same tools are being used now.

> "Litigants cannot be permitted to treat the requirements of the rules with cavalier disregard." — McNeil v. United States, 508 U.S. 106, 113 (1993)

"Delay and evasion are antithetical to the orderly administration of justice." — Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980)

V. Relief Requested

WHEREFORE, Plaintiffs respectfully request that this Court:

1. DENY Defendants' Motions to Extend Time (Docs. 49 and 50);

2. In the alternative, and in the interest of fairness, Plaintiffs are willing to consent to a limited extension of no more than 28 days from the date of service—i.e., until May 15, 2025;

3. Require all Defendants to file a single, unified response to the First Amended Complaint, consistent with their own request in Document 8;

4. Direct that no further extensions be granted absent a sworn declaration of extraordinary cause;

5. Grant such other relief as the Court deems necessary to preserve judicial integrity and ensure prompt adjudication.


Respectfully submitted,
/s/ Frank Staples
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere
178 S. Main Street, Apt. 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Dated: May 7, 2025

---

CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, a true and correct copy of the foregoing Motion to Deny Defendants' Motions to Extend Responsive Pleading Deadline was filed electronically with the United States District Court for the District of New Hampshire. Notice of this filing will be sent to all counsel of record by operation of the CM/ECF system. If any counsel is not registered, service will be made via first class mail or other means permitted by Rule 5(b).

/s/ Frank Staples
/s/ Kathleen Bussiere