## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

FRANK STAPLES, et al.

v.                                        Civil No. 24-cv-00331-LM-TSM

KELLY AYOTTE, GOVERNOR, et al.

## <u>ORDER</u>

Self-represented Plaintiffs Frank Staples and Kathleen Bussiere filed their initial Complaint against New Hampshire's Governor[1] and Attorney General (the "State Defendants"), Charles O'Leary ("Defendant O'Leary"), and a series of John Doe defendants who are law enforcement officers. Doc. No. 1. Plaintiffs allege that Defendants caused them emotional and physical injuries, conspired to interfere with their civil rights, and violated a number of their rights protected by the New Hampshire and United States Constitutions when both Plaintiffs were arrested at the October 13, 2021 Executive Council Meeting, and when Plaintiff Frank Staples was arrested at the November 19, 2021 Fiscal Committee Meeting. Id. On April 10, 2025, Plaintiffs amended their Complaint to add new defendants, facts regarding additional public meetings or protests, and new causes of action to this case. Doc. No. 48. The new causes of action include: violations of Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments of the federal

---

[1] In their original Complaint, Plaintiffs sued then Governor Christopher Sununu in his individual and official capacities. Doc. No. 1. New Hampshire's current Governor, Kelly Ayotte, was later substituted for the official capacity claims that Plaintiffs brought against former Governor Sununu. Doc. No. 46.

Constitution (Counts I–III);[2] violations of Plaintiffs' rights under Articles 2, 2-b, 8, 10, 14, 15, 19. 22, 32, and 33 of the New Hampshire Constitution (Count V);[3] false arrest and imprisonment (Count VI(A)); malicious prosecution (Count VI(B)); abuse of process (Count VI(C)); defamation (Count VI(D)); invasion of privacy (Count VI(E)); and intentional infliction of emotional distress (Count VI(F)). Id.

The following motions are pending before the Court, which the Court addresses in turn:

a. State Defendants' Motion to Dismiss (Doc. No. 22);

b. Defendant O'Leary's Motion to Dismiss (Doc. No. 23);

c. Plaintiffs' Motion to Stay Ruling on Defendants' Motions to Dismiss Pending Discovery (Doc. No. 33);

d. Plaintiffs' Motion for Limited Discovery (Doc. No. 34);[4]

e. Plaintiffs' Motion to Strike Defendant O'Leary's Motion to Dismiss (Doc. No. 39);[5] and

f. State Defendants' Motion to Stay Discovery Requests Pending Ruling on the Motion to Dismiss (Doc. No. 42).

## I.  **Defendants' Motions to Dismiss (Doc. No. 22; Doc. No. 23)**

The State Defendants and Defendant O'Leary both filed their respective Motions to Dismiss on February 18, 2025.  Doc. Nos. 22 and 23 (collectively, "Defendants' Motions to

---

[2] Plaintiffs' first Complaint broadly mentions violations of Plaintiffs' rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments (Doc. No. 1 at pgs. 4, 7), but did not describe how Defendants violated those rights.  The Amended Complaint adds detail to the alleged violations of Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments.  Doc. No. 48 at ¶¶ 85–114E.

[3] Similar to their claims under the federal Constitution, Plaintiffs added details regarding or new violations to their claims under the New Hampshire Constitution in their Amended Complaint. See Doc. No. 1 at pg. 7; Doc. No. 48 at pgs. 36–41.

[4] The State Defendants filed a Consolidated Objection to Plaintiffs' Various Motions Regarding Discovery (Doc. No. 41), objecting to Plaintiffs' Motion to Stay (Doc. No. 33) and Motion for Limited Discovery (Doc. No. 34).

[5] Defendant O'Leary objected (Doc. No. 47).

Dismiss"). On March 3, 2025, Plaintiffs filed a Motion to Extend Time to Amend Complaint and Respond to Motion to Dismiss. Doc. No. 28. The State Defendants partially objected, but did not object to Plaintiffs' request to extend their deadlines to file an amended Complaint.[6] Doc. No. 31. On March 28, 2025, the court granted Plaintiffs' request and extended Plaintiffs' response time to April 10, 2025. On April 10, Plaintiffs filed an Amended Complaint. Doc. No. 48.

Under Federal Rule of Civil Procedure 15(a), a plaintiff can amend their complaint "once as a matter of course" up to twenty-one days after a motion to dismiss or answer has been served. See Fed. R. Civ. P. 15(a)(1). Given that Plaintiffs filed their Amended Complaint within twenty-one days of the April 10 extended deadline to respond, the court finds that Plaintiffs' Amended Complaint was filed as of right and will be considered the operative Complaint in the case. See Id.[7]

Under this court's Local Rules, when an amended complaint is filed as of right after Defendants filed a motion to dismiss for failure to state a claim, the motion to dismiss will be automatically denied without prejudice. See LR 15.1(c) ("When a plaintiff files an amended complaint as of right . . . after the filing of a motion to dismiss for failure to state a claim, the

---

[6] Specifically, State Defendants objected to the extent Plaintiffs requested any accommodation pursuant to the Americans with Disabilities Act (ADA). Thereafter, Plaintiffs filed a Notice of Request for ADA Accommodation (Doc. No. 37), in which Plaintiffs asked the court to recognize Frank Staples' cognitive impairments, which may serve as the basis for extension requests or motion to supplement or correct pleadings in the future. To the extent Plaintiffs seek any guidance on that Notice, the court advises Plaintiffs that it will consider reasonable extensions as well as motions to supplement or amend on a case-by-case basis when circumstances warrant, as it has done throughout this matter.

[7] Even if the court concluded that Defendants' filing of their Motions to Dismiss renders Plaintiffs' amendment as of right untimely, the court's finding would not change. Defendants did not object to Plaintiffs' request to extend the time to amend their Complaint. Therefore, permitting Plaintiffs' amendment and, as explained in this Order, dismissing Defendants' Motions to Dismiss without prejudice will promote efficiency at this early stage in the proceedings. See Fed. R. Civ. P. 15(a)(2); LR 15.1(c).

motion to dismiss shall be automatically denied without prejudice.").  Accordingly, pursuant to LR 15.1(c), Defendants' Motions to Dismiss (Doc. Nos. 22 and 23) are denied without prejudice.

Plaintiffs are directed to complete and return summons forms to the Clerk's Office for the new defendants.  Once the Clerk's Office issues those summons forms, Plaintiffs are directed to serve the First Amended Complaint on any new defendants.  For the new defendants being sued in their individual capacity, Plaintiffs are directed to serve the First Amended Complaint in the manner described in Fed. R. Civ. P. 4(e).  For the new defendants that are state or local government entities, or state or local government officials sued in their official capacities, Plaintiffs are directed to serve the First Amended Complaint in the manner described in Fed. R. Civ. P. 4(j).  Defendants who are already in the case — State Defendants and Defendant O'Leary — must file an answer or other response to the First Amended Complaint within twenty-one days of the date of this Order. Fed. R. Civ. P. 12; LR 15.1(c).

## II.    **Additional Outstanding Motions (Doc. No. 33; Doc. No. 34; Doc. No. 39; Doc. No. 42)**

As outlined above, Plaintiffs filed a Motion to Stay Ruling on Defendants' Motions to Dismiss Pending Discovery (Doc. No. 33); Motion for Limited Discovery (Doc. No. 34); and Motion to Strike Defendant O'Leary's Motion to Dismiss (Doc. No. 39); and the State Defendants filed a Motion to Stay Discovery Requests Pending Ruling on a Motion to Dismiss (Doc. No. 42). As the titles of Plaintiffs' Motion to Stay (Doc. No. 33) and Motion to Strike (Doc. No. 39) and the State Defendants' Motion to Stay (Doc. No. 42) suggest, the relief requested is tied to the court's ruling on Defendants' Motions to Dismiss.  Although not expressly in the title, Plaintiffs' Motion for Limited Discovery (Doc. No. 34) is similarly tied to the court's ruling on Defendants' Motions.  Therefore, in light of the court's Order denying Defendants' Motions to Dismiss, all Motions tied thereto — Plaintiffs' Motion to Stay (Doc. No. 33), Motion for Limited Discovery

(Doc. No. 34), and Motion to Strike (Doc. No. 39), and the State Defendants' Motion to Stay

Discovery (Doc. No. 42) — are denied as moot, without prejudice to each party's ability to seek

or limit discovery as appropriate going forward.

      SO ORDERED.

                              _____
                              Talesha L. Saint-Marc
                              United States Magistrate Judge

May 20, 2025

cc:    Frank Staples, pro se
       Kathleen Bussiere, pro se
       Counsel of Record