UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Frank Staples and Kathleen Bussiere, Plaintiffs
v.
Kelly Ayotte, Governor, et al., Defendants

Case No.: 1:24-cv-00331-LM-TSM

---

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST
EXISTING DEFENDANTS

TO THE HONORABLE COURT:

NOW COME Plaintiffs Frank Staples and Kathleen Bussiere, pro se, and respectfully move this
Honorable Court for entry of default against Defendants Kelly Ayotte, Governor; Christopher
Sununu, former Governor; John M. Formella, Attorney General; and Charles O'Leary
(collectively "Existing Defendants") pursuant to Federal Rule of Civil Procedure 55(a), and for
entry of default judgment against said defendants pursuant to Federal Rule of Civil Procedure
55(b)(2), and in support thereof state as follows:

I. PROCEDURAL BACKGROUND AND COURT'S BIFURCATED STRUCTURE

1. Court-Created Bifurcation: This motion seeks relief consistent with the Court's established
bifurcated procedural framework, which the Court created through its May 20, 2025 Order
(Document 53) to promote judicial efficiency and prevent unnecessary complexity in this federal
civil rights action.

2. First Amended Complaint: On April 10, 2025, Plaintiffs filed their First Amended Complaint
(Document 48) adding new defendants, facts regarding additional public meetings, and
enhanced causes of action under 42 U.S.C. §§ 1983 and 1985(3) for violations of Plaintiffs'
First, Fourth, and Fourteenth Amendment rights arising from arrests at New Hampshire
Executive Council meetings.

3. Court's Explicit Deadline: In Document 53, this Court explicitly directed that Defendants who
are already in the case State Defendants and Defendant O'Leary must file an answer or other
response to the First Amended Complaint "within twenty-one days of the date of this Order."
(Doc. 53 at 4). This established an unambiguous deadline of June 10, 2025 for responsive
pleadings.

4. Systematic Pattern of Procedural Abuse: The Existing Defendants' failure to respond
represents the culmination of a systematic pattern of procedural obstruction that began with

their improper self-initiation of service waivers in Documents 6 and 7, continued through multiple frivolous extension requests, and now culminates in their violation of this Court's explicit deadline.

## II. CLEAR VIOLATION OF COURT-MANDATED DEADLINE

5. Deadline Violation: Instead of filing an answer or responsive pleading by the June 10, 2025 deadline, Existing Defendants filed Document 56 a motion to stay discovery pending their planned renewed motion to dismiss which does not constitute "pleading or otherwise defending" under Federal Rule 55(a).

6. Current Default Status: As of the date of this filing, Existing Defendants are sixteen (16) days past their court-mandated response deadline, having failed to plead or otherwise defend against Plaintiffs' constitutional claims.

7. No Extension Requested: Critically, Existing Defendants made no request for extension of their response deadline and provided no justification for their failure to respond as required by this Court's Order.

## III. LEGAL STANDARDS UNDER FEDERAL RULE 55

### A. Entry of Default Under Rule 55(a)

8. Mandatory Entry: Federal Rule 55(a) provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." [Emphasis added].

9. Elements Satisfied: All elements for mandatory default entry are satisfied:
   - Plaintiffs seek affirmative relief through civil rights damages under Section 1983
   - Existing Defendants failed to file responsive pleadings within the court-mandated deadline
   - Their procedural violation is documented in the court record through Document 53 and the docket

10. "Otherwise Defending" Standard: Federal courts consistently hold that filing motions unrelated to the merits, such as discovery stay requests, does not constitute "otherwise defending" within Rule 55's framework. City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011).

### B. Default Judgment Under Rule 55(b)(2)

11. Court Determination Required: Plaintiffs' Section 1983 civil rights claims seeking unliquidated constitutional damages require default judgment by the court under Rule 55(b)(2) rather than clerk's entry.

12. Seven-Day Notice: Existing Defendants have appeared in this action through counsel and will receive seven-day notice of this application as required by Rule 55(b)(2).

IV. SYSTEMATIC PROCEDURAL GAMESMANSHIP DEFEATS GOOD CAUSE

13. Improper Service Waiver Manipulation: Existing Defendants' pattern of procedural abuse began with their improper self-initiation of service waivers in Documents 6 and 7, violating Federal Rule 4(d)(1) which explicitly requires that only plaintiffs may request waiver from defendants.

14. Multiple Frivolous Extensions: Defendants then used their own procedural violations as justification for repeated extension requests, demonstrating systematic manipulation of court deadlines rather than legitimate legal advocacy.

15. Bad Faith Litigation Conduct: The pattern demonstrates what federal courts recognize as "bad faith" that defeats any "good cause" showing under Rule 55(c). The systematic nature of defendants' violations distinguishes this from inadvertent oversight and supports denial of any future set-aside motions.

V. CIVIL RIGHTS POLICY SUPPORTS DEFAULT ENTRY

16. Expeditious Resolution: Section 1983 civil rights cases receive special consideration for prompt adjudication due to their constitutional significance. Federal courts recognize that civil rights plaintiffs have "strong interests in expeditious resolution of constitutional claims."

17. Deterrent Effect: Allowing defendants to benefit from their own procedural violations would undermine the deterrent and compensatory purposes of Section 1983 litigation and encourage future misconduct by government officials.

18. Constitutional Accountability: Default entry serves important constitutional enforcement purposes by ensuring that government officials cannot evade accountability for civil rights violations through procedural manipulation.

VI. CONSEQUENCES OF DEFAULT ENTRY

A. Qualified Immunity Waived

19. Admission of Liability: Default entry admits all well-pleaded allegations in Plaintiffs' First Amended Complaint, establishing liability for First Amendment retaliation, Section 1985(3) conspiracy, and Fourth Amendment violations without requiring proof at trial.

20. Immunity Defense Forfeited: Qualified immunity defenses are effectively waived through default, eliminating defendants' primary defensive strategy and shifting litigation focus to damages determination rather than liability disputes.

B. Joint and Several Liability

21. Independent Liability: Joint and several liability principles in civil rights cases allow each defendant to bear independent responsibility for constitutional violations regardless of other defendants' litigation status or future proceedings.

22. Full Recovery Potential: This framework permits full damages recovery from defaulting defendants while preserving all strategic options for proceedings against any remaining defendants.

VII. PROCEDURAL INDEPENDENCE AND BIFURCATED STRUCTURE

23. Independent Procedural Tracks: The Court's bifurcated deadline structure demonstrates explicit judicial recognition that existing defendants must meet their established response deadline independent of any future proceedings involving new defendants.

24. Judicial Efficiency: Default entry against Existing Defendants serves the same judicial economy purposes that motivated the original bifurcation while preventing coordination among defendants that could undermine Plaintiffs' conspiracy claims.

25. No Prejudice to Future Proceedings: Entry of default against Existing Defendants operates independently of any service issues involving new defendants and does not affect the viability of claims against properly served or future defendants.

VIII. DAMAGES AND RELIEF SOUGHT

26. Compensatory Damages: Plaintiffs seek compensatory damages including medical expenses from arrest-related injuries, pain and suffering from constitutional violations, loss of First Amendment freedoms, reputational harm from false arrests, and emotional distress from civil rights violations.

27. Punitive Damages: The coordinated targeting of Plaintiffs' political activities and religious expression supports punitive damages against individual defendants under the "evil motive or intent" or "reckless indifference to federal rights" standard established in Smith v. Wade.

28. Attorney's Fees: Default judgment establishes "prevailing party" status entitling Plaintiffs to reasonable attorney's fees under 42 U.S.C. § 1988, including pro se representation expenses where authorized by federal courts.

IX. PREEMPTIVE RESPONSE TO ANTICIPATED DEFENSES

A. Distinguishing from Excusable Neglect

29. Rule 55(c) Standard: Federal courts have explicitly held that Rule 55(c)'s "good cause" standard is "not synonymous with the excusable neglect standard applied in other contexts." The systematic pattern of procedural abuse demonstrates "bad faith" that defeats good cause showings.

30. Burden on Defendants: Once Plaintiffs establish the clear deadline violation and systematic pattern of abuse, the burden shifts to defendants to prove good cause for set-aside, which they cannot meet due to their willful conduct designed to delay proceedings.

 B. Civil Rights Context Weighs Against Set-Aside

31. Strict Standards: Federal courts apply strict standards for setting aside defaults in civil rights cases, particularly where defendants engage in systematic delay tactics that undermine constitutional enforcement.

32. Public Interest: Strong public interest exists in holding government officials accountable for constitutional violations, and allowing defendants to benefit from procedural violations would undermine Section 1983's core purposes.

 X. CONCLUSION AND PRAYER FOR RELIEF

The Existing Defendants' clear violation of this Court's June 10, 2025 deadline, combined with their documented pattern of systematic procedural gamesmanship, mandates entry of default under Federal Rule 55(a). The civil rights context and strong public policy favoring constitutional accountability support both default entry and denial of any future set-aside motions.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. GRANT this Motion and enter default against Existing Defendants Kelly Ayotte, Governor; Christopher Sununu, former Governor; John M. Formella, Attorney General; and Charles O'Leary pursuant to Federal Rule of Civil Procedure 55(a);

B. ENTER default judgment against said defendants pursuant to Federal Rule of Civil Procedure 55(b)(2);

C. SCHEDULE a damages hearing to determine the appropriate amount of compensatory and punitive damages;

D. AWARD Plaintiffs their costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

E. DENY any future motions by defaulting defendants to set aside the default as lacking good cause; and

F. GRANT such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Frank Staples (Electronic Signature)
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Date: June 26, 2025

---

CERTIFICATE OF SERVICE

I, Frank Staples, hereby certify that a true copy of the foregoing Motion was served via CM/ECF
and by first-class mail, postage prepaid, on all counsel or parties of record this 26th day of June,
2025, providing the required seven-day notice under Federal Rule of Civil Procedure 55(b)(2).

/s/ Frank Staples (Electronic Signature)
Plaintiff, Pro Se

/s/ Kathleen Bussiere (Electronic Signature)
Plaintiff, Pro Se