**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Frank Staples, et al.,
Plaintiffs,
v.
Kelly Ayotte, Governor, et al.,
Defendants.

Case No.: 1:24-cv-00331-LM-TSM

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY COOPERATION AND RULE 26(f)
CONFERENCE COMPLIANCE**

TO THE HONORABLE COURT:

NOW COMES Plaintiff Frank Staples, pro se, and respectfully moves this Court for an order
compelling defendants' compliance with mandatory Federal Rule 26(f) discovery conference
requirements and for appropriate sanctions under Federal Rule 37. In support of this motion,
Plaintiff states as follows:

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

This federal civil rights action under 42 U.S.C. §§ 1983 and 1985(3) arises from constitutional
violations during arrests at Executive Council meetings in October and November 2021[1].
Defendants have systematically refused to comply with mandatory discovery obligations despite
Plaintiff's repeated good faith attempts to coordinate required Rule 26(f) conferences, as
documented in extensive email correspondence spanning from April through June 2025.

On May 20, 2025, this Court issued an order (Document 53) establishing a bifurcated timeline
that required existing defendants to respond to Plaintiff's First Amended Complaint within 21
days while preserving Plaintiff's July 9, 2025 deadline to serve new defendants[2]. This
court-created structure was designed to promote judicial efficiency and prevent unnecessary
procedural complications.

## II. FEDERAL RULE 26(f) MANDATORY OBLIGATIONS

Federal Rule 26(f) imposes joint obligations on all appearing parties to "confer as soon as
practicable" and participate in discovery planning conferences regardless of pending motions to
dismiss[2][3]. The rule explicitly states that "the attorneys of record and all unrepresented
parties that have appeared in the case are jointly responsible for arranging the conference"[2].

The 1993 Advisory Committee Notes to Rule 26(f) unambiguously establish that "the obligation
to participate in the planning process is imposed on all parties that have appeared in the case,

including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer"[3]. Federal courts consistently hold that defendants cannot avoid Rule 26(f) obligations merely by filing dispositive motions[1][4].

## III. DOCUMENTED PATTERN OF DISCOVERY OBSTRUCTION

### A. Plaintiff's Good Faith Efforts and Defendants' Systematic Refusal

Federal Rule 37(a)(1) requires certification that the movant "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"[5][6]. Plaintiff's extensive email correspondence with defendants' counsel, Shawna Bentley, amply satisfies this requirement and demonstrates defendants' systematic pattern of discovery obstruction.

**April 21, 2025 - Initial Cooperation Attempt:**
Plaintiff wrote to defendants' counsel: "I would ask that we schedule a Rule 26(f) discovery planning conference within the next 10–14 days, and discuss the voluntary exchange of initial disclosures and the possibility of limited early discovery."

**April 25, 2025 - Defendants' Discovery Obstruction Response:**
Ms. Bentley responded: "At this point, it is our position that discovery should not move forward until the Motion to Dismiss is resolved, so it doesn't seem that a discovery conference would be fruitful at this stage."

**June 26, 2025 - Plaintiff's Clear Opposition to Discovery Stay:**
Plaintiff stated: "I am opposed to defendants' motion to stay discovery (Doc. 56). Federal Rule 26(f) requires parties to 'confer as soon as practicable' regardless of pending motions to dismiss. Courts have consistently held that defendants cannot avoid Rule 26(f) obligations merely by filing dispositive motions."

**June 26, 2025 - Defendants' Continued Systematic Refusal:**
Ms. Bentley responded: "We have already responded to this request and, as you have noted, we have filed motions on this issue. Our position has not changed. We will wait to hear from the Court on the pending motions."

### B. Civil Rights Policy Requiring Expeditious Discovery

Section 1983 civil rights cases receive special consideration for expeditious discovery and case resolution due to their constitutional significance[7][8][9]. Federal courts recognize that discovery delays can undermine the deterrent and compensatory purposes of civil rights enforcement, particularly when defendants engage in systematic obstruction tactics[7].

As established in federal scholarship, "pretrial discovery can play an important role in a § 1983 action" because "factual issues must frequently be resolved in order to determine whether the

defendant violated clearly established federal law"[8]. Defendants' systematic refusal to participate in mandatory discovery conferences directly contradicts this federal policy requiring prompt constitutional claims adjudication.

## IV. DEFENDANTS' DISCOVERY STAY MOTION LACKS MERIT

Defendants filed Document 56 seeking to stay discovery pending their planned renewed motion to dismiss[10]. However, federal courts generally disfavor automatic discovery stays when motions to dismiss are pending, requiring specific showings that the motion is "potentially dispositive" and "can be decided absent additional discovery"[10].

Federal precedent establishes that "the mere filing of a motion to dismiss, standing alone, is not sufficient grounds for staying discovery"[10]. Courts must apply a five-factor test weighing plaintiff's interest in expeditious proceedings, burden on defendants, convenience to court, interests of non-parties, and public interest[10]. Defendants' systematic pattern of procedural abuse, documented from improper service waiver manipulation through discovery obstruction, undermines any "good cause" showing required under Federal Rule 26(c).

## V. SANCTIONS UNDER FEDERAL RULE 37

Federal courts possess broad authority under Rule 37 to impose sanctions for systematic discovery abuse, including attorney fee awards, case management restrictions, and enhanced judicial oversight[11][12]. Courts have imposed significant sanctions when parties engage in "legal gamesmanship rather than real, good faith effort" to comply with discovery obligations[11].

Rule 37(a)(5) mandates that courts "must impose" reasonable expenses and attorney's fees on parties who fail to cooperate in discovery without good cause[5][6]. Defendants' documented refusal to participate in mandatory Rule 26(f) conferences, spanning multiple months despite Plaintiff's repeated good faith efforts, justifies cost-shifting relief under this provision.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **COMPEL immediate Rule 26(f) discovery conference** within 14 days of this order, with mandatory attendance by counsel with case knowledge and authority;

2. **DENY defendants' motion to stay discovery** (Document 56) based on their systematic pattern of procedural abuse and failure to demonstrate good cause under Federal Rule 26(c);

3. **IMPOSE sanctions under Rule 37(a)(5)** requiring defendants to pay reasonable expenses and attorney's fees caused by their discovery obstruction, including costs associated with Plaintiff's coordination efforts and preparation of this motion;

4. **ORDER case management conference** for immediate judicial intervention to establish firm discovery deadlines and prevent further procedural manipulation;

5. **AWARD such other relief** as the Court deems just and proper.

## VII. CERTIFICATION OF GOOD FAITH EFFORTS

Pursuant to Federal Rule 37(a)(1), Plaintiff certifies that he has in good faith conferred and attempted to confer with defendants through extensive email correspondence spanning from April through June 2025, as documented above. Defendants have systematically refused to participate in mandatory Rule 26(f) conferences, explicitly stating their position that "discovery should not move forward" and that they "will wait to hear from the Court on the pending motions." These statements demonstrate defendants' complete refusal to comply with mandatory federal discovery rules despite Plaintiff's persistent good faith efforts.

Respectfully submitted,

/s/ Frank Staples (Electronic Signature)
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Dated: June 26, 2025

---

CERTIFICATE OF SERVICE

I, Frank Staples, hereby certify that a true copy of the foregoing Motion was served via CM/ECF and by first-class mail, postage prepaid, on all counsel or parties of record this 26th day of June, 2025.

/s/ Frank Staples (Electronic Signature)
Plaintiff, Pro Se

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com