UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Frank Staples and Kathleen Bussiere, Plaintiffs
v.
Kelly Ayotte, Governor, et al., Defendants

Case No.: 1:24-cv-00331-LM-TSM

---

 PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE NEW DEFENDANTS UNDER
FEDERAL RULE 4(m) AND REQUEST FOR ADA REASONABLE ACCOMMODATION

TO THE HONORABLE COURT:

NOW COME Plaintiffs Frank Staples and Kathleen Bussiere, pro se, and respectfully move this
Honorable Court for an extension of time to serve the new defendants named in Plaintiffs' First
Amended Complaint (Document 48) pursuant to Federal Rule of Civil Procedure 4(m), and for
reasonable accommodation under the Americans with Disabilities Act, and in support thereof
state as follows:

 I. PROCEDURAL BACKGROUND AND CURRENT SERVICE DEADLINE

1. First Amended Complaint Filed: On April 10, 2025, Plaintiffs filed their First Amended
Complaint (Document 48) adding new defendants to this federal civil rights action under 42
U.S.C. §§ 1983 and 1985(3).

2. Current Service Deadline: Under Federal Rule 4(m), Plaintiffs must serve the new defendants
within 90 days of filing the amended complaint, establishing a current deadline of July 9, 2025.

3. Court's Bifurcated Structure: This Court's May 20, 2025 Order (Document 53) created
separate procedural tracks for existing defendants versus new defendants, establishing
independent deadlines that support the extension requested herein.

4. Extension Requested: Plaintiffs respectfully request a 60-day extension to September 8, 2025
to complete service of the First Amended Complaint on all new defendants.

 II. LEGAL STANDARDS UNDER FEDERAL RULE 4(m)

 A. Good Cause Standard

5. Mandatory Extension for Good Cause: Federal Rule 4(m) provides that courts "must extend the time for service for an appropriate period" if plaintiffs show good cause for any delay. The burden is on the plaintiff to establish good cause.

6. Good Cause Factors: Federal courts recognize that good cause is likely to be found when: (a) the plaintiff's failure to complete service results from conduct of third persons; (b) defendants have evaded service or engaged in misleading conduct; (c) the plaintiff has acted diligently in attempting service; or (d) there are understandable mitigating circumstances.

B. Discretionary Extension Authority

7. Court Discretion: Even absent good cause, federal courts possess broad discretion to extend service deadlines when doing so promotes judicial efficiency and prevents procedural manipulation.

8. Civil Rights Context: Section 1983 civil rights cases receive special consideration for accommodation and access issues because they involve fundamental constitutional rights.

III. ADA ACCOMMODATION REQUEST

A. Documented Disability and Court Recognition

9. Cognitive Impairments: Plaintiff Frank Staples suffers from documented cognitive impairments resulting from head trauma, as explicitly recognized by this Court in Document 53, footnote 6, which acknowledges Mr. Staples' "cognitive impairments" that "may serve as the basis for extension requests or motions to supplement or correct pleadings in the future."

10. Court's Accommodation Commitment: This Court has already stated it "will consider reasonable extensions as well as motions to supplement or amend on a case-by-case basis when circumstances warrant, as it has done throughout this matter." (Doc. 53 at 3 n.6).

11. Functional Limitations: Mr. Staples' cognitive impairments create substantial barriers to coordinating complex multi-defendant service across New Hampshire, affecting his ability to concentrate, organize logistics, and manage the detailed procedural requirements for serving multiple defendants in different capacities.

B. ADA Requirements in Litigation Context

12. Litigation Access Rights: Federal courts have extended ADA protections to litigation deadlines and access barriers, particularly for plaintiffs with cognitive impairments. Mary Jo C. v. New York State and Local Retirement System, 707 F.3d 144 (2d Cir. 2013).

13. Reasonable Accommodation Standard: Transportation accommodations in litigation contexts receive special consideration because they affect fundamental access to justice. The

federal judiciary's own ADA policies recognize that physical access barriers, including transportation difficulties, require prompt accommodation.

IV. TRANSPORTATION HARDSHIPS ESTABLISHING GOOD CAUSE

A. Vehicle and Transportation Barriers

14. Vehicle Registration Issues: Mr. Staples' vehicle currently lacks proper registration and inspection stickers, creating legal restrictions on driving that courts must consider as legitimate hardships creating good cause under Rule 4(m).

15. Mechanical Problems: The vehicle requires mechanical repairs before it can be safely and legally operated for extensive statewide travel required to serve multiple defendants across New Hampshire.

16. Legal Risk of Violations: Driving without current registration or inspection stickers subjects Mr. Staples to traffic violations and potential vehicle impoundment, making extensive travel for service both legally risky and practically impossible.

17. Compound Hardship: The combination of cognitive limitations and vehicle problems creates what legal scholars term "compound hardship" multiple overlapping barriers that collectively justify accommodation under federal disability law.

B. Objective Verification of Hardship

18. Verifiable Transportation Barriers: These transportation limitations provide objective, documented evidence of hardship that strengthens the extension request beyond subjective disability claims and prevents characterization as dilatory tactics.

19. Responsible Resource Management: Mr. Staples' limitation of vehicle use to essential activities demonstrates reasonable resource management under disability constraints rather than avoidance of service obligations.

V. DEFENDANTS' PROCEDURAL GAMESMANSHIP AS CONTRIBUTING FACTOR

A. Systematic Pattern of Procedural Abuse

20. Improper Service Waiver Manipulation: The extension need stems partially from defendants' systematic procedural abuse beginning with their improper self-initiation of service waivers in Documents 6 and 7, violating Federal Rule 4(d)(1) which requires only plaintiffs may request waiver from defendants.

21. Multiple Frivolous Extensions: Existing defendants used their own procedural violations as justification for repeated extension requests, creating the complex multi-defendant scenario requiring strategic service management.

22. Causation Link: Federal Rule 4(m) explicitly recognizes that "good cause is likely to be found when the defendant has evaded service of the process or engaged in misleading conduct." Defendants' pattern of procedural gamesmanship created the complex service scenario requiring accommodation.

B. Civil Rights Policy Considerations

23. Constitutional Enforcement: Federal policy strongly supports expeditious resolution of constitutional claims, and allowing defendants to benefit from their own procedural violations would undermine Section 1983's core purposes.

24. Procedural Fairness: Extension serves judicial economy by preventing defendants from benefiting from their systematic procedural misconduct while ensuring comprehensive constitutional enforcement.

VI. WAIVER OF SERVICE STRATEGY

A. Federal Rule 4(d) Integration

25. Dual Strategy Approach: Concurrently with this extension motion, Plaintiffs are serving waiver of service requests on all new individual defendants pursuant to Federal Rule 4(d), providing an additional pathway to complete service within reasonable timeframes.

26. Cost-Shifting Benefits: Rule 4(d)(2) mandates that courts "must impose" service expenses and attorney's fees on defendants who refuse waiver without good cause, creating substantial pressure for defendant cooperation.

27. Judicial Efficiency: The waiver strategy serves the same judicial efficiency goals that motivated the Court's original bifurcated structure while accommodating legitimate disability-related barriers.

B. Timeline Coordination

28. 30-Day Waiver Period: Federal Rule 4(d) provides a 30-day response period for waiver requests, which coordinates effectively with the requested extension timeline.

29. Alternative Service Preservation: The extension preserves formal service options for defendants who improperly refuse waiver while maintaining all procedural protections.

VII. PROCEDURAL INDEPENDENCE AND BIFURCATED STRUCTURE

A. Court-Created Framework Supports Extension

30. Independent Procedural Tracks: This Court's bifurcated deadline structure anticipates potential complexities in serving new defendants and supports extension requests under the "good cause" standard.

31. Judicial Efficiency Goals: Extension of service deadlines maintains the benefits of bifurcation while preserving all options for constitutional relief and preventing coordination among defendants.

32. No Prejudice to Existing Proceedings: Extension operates independently of default proceedings against existing defendants and serves the judicial economy purposes underlying the Court's procedural design.

B. Rule 4(m) Dismissal Independence

33. Claims vs. Parties Distinction: Even if some new defendants were ultimately dismissed under Rule 4(m) for failure to serve, such dismissals would operate independently from Plaintiffs' claims and existing defendants' procedural status.

34. Joint and Several Liability: Section 1983 conspiracy claims involve joint and several liability, meaning each defendant bears independent responsibility for constitutional violations regardless of other defendants' litigation status.

VIII. DILIGENT PROSECUTION AND GOOD FAITH

A. Timely Extension Request

35. Pre-Deadline Filing: This motion is filed well before the July 9, 2025 service deadline, demonstrating diligent prosecution and good faith compliance with Rule 4(m) requirements.

36. Proactive Case Management: The coordinated approach of seeking extension while pursuing waiver demonstrates sophisticated case management that serves judicial efficiency.

B. Reasonable Extension Period

37. 60-Day Request: The requested 60-day extension to September 8, 2025 provides sufficient time to complete vehicle repairs, coordinate ADA accommodations, and systematically serve all new defendants according to their respective capacity requirements.

38. Comprehensive Service Plan: The extension allows proper coordination of service requirements under Federal Rules 4(e) for individual defendants and 4(j) for government entities, ensuring full compliance with federal procedural requirements.

## IX. PREEMPTIVE RESPONSES TO ANTICIPATED OBJECTIONS

### A. Prejudice Analysis

39. No Prejudice to Unserved Defendants: New defendants have no reliance interests or invested litigation costs that would be prejudiced by the extension, as they have not yet been served or appeared in the action.

40. Minimal Delay Impact: The 60-day extension represents a reasonable accommodation that balances ADA compliance with judicial efficiency, particularly given defendants' own pattern of procedural delays.

### B. Alternative Service Methods

41. Waiver Strategy Mitigates Delay: The concurrent waiver of service requests provide immediate alternative pathways to complete service, potentially eliminating any actual delay in bringing defendants into the litigation.

42. Strategic Coordination: The extension allows coordination between formal service requirements and waiver responses, optimizing efficiency while ensuring comprehensive defendant inclusion.

## X. FEDERAL DISABILITY LAW REQUIRES ACCOMMODATION

### A. Meaningful Access Standard

43. Constitutional Access: The Supreme Court has established that meaningful access to courts requires addressing barriers that disproportionately affect individuals with disabilities. Tennessee v. Lane, 541 U.S. 509 (2004).

44. Fundamental Right to Court Access: Federal disability rights litigation consistently emphasizes that meaningful access requires addressing transportation barriers that disproportionately affect individuals with disabilities.

### B. Reasonable Accommodation Framework

45. Transportation as Access Barrier: Federal courts increasingly recognize transportation-related accommodations as necessary for litigation access, particularly for individuals with cognitive impairments affecting travel coordination.

46. Objective Hardship Standard: The combination of documented cognitive impairments, verifiable transportation barriers, and defendants' procedural misconduct creates precisely the type of compound barrier that federal disability policy aims to address.

XI. CONCLUSION AND PRAYER FOR RELIEF

The combination of Mr. Staples' documented cognitive impairments requiring ADA accommodation, objective transportation hardships creating verifiable barriers to statewide service, and defendants' systematic procedural gamesmanship that complicated the service scenario provides compelling "good cause" under Federal Rule 4(m). The civil rights context and Court's established bifurcated framework support the requested extension as serving judicial efficiency while ensuring meaningful access to justice for plaintiffs with disabilities.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. GRANT this Motion and extend the deadline for service of the First Amended Complaint on new defendants from July 9, 2025 to September 8, 2025;

B. FIND that good cause exists for the extension based on Plaintiffs' ADA accommodation needs, transportation hardships, and defendants' contributory procedural misconduct;

C. RECOGNIZE this extension as a reasonable accommodation under the Americans with Disabilities Act for Plaintiff Frank Staples' documented cognitive impairments;

D. APPROVE Plaintiffs' waiver of service strategy as consistent with judicial efficiency goals and Federal Rule 4(d) requirements;

E. IMPOSE service costs and attorney's fees under Rule 4(d)(2) on any defendants who improperly refuse waiver of service without good cause; and

F. GRANT such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Frank Staples (Electronic Signature)
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

Dated: June 26, 2025

---

CERTIFICATE OF SERVICE

I, Frank Staples, hereby certify that a true copy of the foregoing Motion was served via CM/ECF and by first-class mail, postage prepaid, on all counsel or parties of record this 26th day of June, 2025.

/s/ Frank Staples (Electronic Signature)
Plaintiff, Pro Se

/s/ Kathleen Bussiere (Electronic Signature)
178 S. Main Street, Apt 3
Newton, NH 03858
(603) 770-2015
kaffatina@yahoo.com

---

SUPPORTING AFFIDAVIT OF FRANK STAPLES

I, Frank Staples, being first duly sworn, depose and state:

1. I am one of the Plaintiffs in the above-captioned action and make this affidavit in support of the Motion for Extension of Time to Serve New Defendants.

2. I suffer from cognitive impairments resulting from head trauma, which this Court has explicitly recognized in Document 53, footnote 6, acknowledging my "cognitive impairments" that "may serve as the basis for extension requests."

3. These cognitive impairments significantly affect my ability to concentrate, organize complex logistics, and coordinate the detailed procedural requirements for serving multiple defendants across New Hampshire.

4. My vehicle currently lacks proper registration and inspection stickers, and requires mechanical repairs before it can be safely and legally operated for extensive travel required to serve defendants statewide.

5. Driving without current registration or inspection creates legal risks including traffic violations and potential vehicle impoundment, making extensive service travel both risky and impractical.

6. I have limited my vehicle use to only essential activities due to these limitations, demonstrating responsible resource management rather than avoidance of legal obligations.

7. I am concurrently serving waiver of service requests on all new individual defendants pursuant to Federal Rule 4(d) to provide alternative pathways for completing service efficiently.

8. The need for this extension stems partially from defendants' systematic procedural abuse, including their improper self-initiation of service waivers that violated Federal Rule 4(d) and created the complex multi-defendant service scenario.

9. I am acting diligently and in good faith to prosecute this federal civil rights action while managing legitimate disability-related barriers and transportation hardships.

10. None of the new defendants are minors, incompetent persons, or in the military service of the United States to my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Frank Staples (Electronic Signature)
332 Merrimack Street
Manchester, NH 03103
(603) 722-5408
Absolutedefiance@protonmail.com

Date: June 26, 2025

---

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served via the Court's CM/ECF system on all counsel of record and via certified mail to any unregistered parties on June 26, 2025.

/s/ Frank Staples (Electronic Signature)

/s/ Kathleen Bussiere (Electronic Signature)