**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Frank Staples, et al.,                                  \*
                                                                  \*
                        Plaintiff,                       \*
            v.                                               \*          Civil No. 1:24-cv-00331-LM-TSM
                                                                  \*
Christopher Sununu, Governor, et al.,      \*
                                                                  \*
                        Defendants.                     \*
                                                                  \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANTS' OBJECTION TO MOTION TO COMPEL DISCOVERY COOPERATION AND RULE 26(f) CONFERENCE COMPLIANCE (ECF NO. 58)

Defendants, New Hampshire Governor Kelly Ayotte, New Hampshire former Governor

Christopher Sununu, the New Hampshire Attorney General, and Charles O'Leary, by and

through counsel, the New Hampshire Office of the Attorney General, hereby move and state as

follows:

1. On June 10, 2025, Defendants filed a Motion to Stay Discovery Pending Resolution of

   Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. *See* ECF No. 56.

2. Plaintiffs did not object to said Motion to Stay Discovery.

3. Now, more than two weeks later, Plaintiffs seek to "compel discovery cooperation and

   Rule 26(f) conference compliance[.]" ECF No. 58.

4. For the reasons stated in Defendants' June 10, 2025 Motion to Stay Discovery, which

   Motion (ECF No. 56) is incorporated herein by reference, Plaintiffs' Motion to Compel

   Discovery must be denied.

5. Notably, Defendants filed a Motion to Stay Discovery even before that, when their initial

   Motions to Dismiss were pending regarding Plaintiffs' initial Complaint. *See* ECF No. 42

(also incorporated herein by reference). Plaintiffs subsequently filed an Amended

Complaint (ECF No. 48), and Defendants Motion to Stay Discovery was denied as moot,

without prejudice to Defendants' ability to seek to limit discovery going forward. *See*

ECF No. 53.

6.  It bears noting that, in the time that has passed since Defendants filed their June 10, 2025

    Motion to Stay Discovery:

    a.  Defendants have moved to dismiss Plaintiffs' Amended Complaint (ECF No. 60);

    b.  Plaintiffs have moved for entry of Default and Default Judgment against the

        existing defendants (ECF No. 57);

    c.  Plaintiffs have yet to complete service upon the numerous additional defendants

        named in their Amended Complaint and they have sought an extension of their

        service deadline regarding those new defendants (ECF No. 59), despite the

        Attorney General's office offering to accept service on behalf of several of the

        new defendants, including the State of New Hampshire, the New Hampshire State

        Police, Gregory DeLuca, and Megan Walsh (ECF No. 62 at ¶ 5).

7.  As Defendants have previously noted, "to access discovery mechanisms, a plaintiff

    must first produce a complaint that passes the plausibility test — a test that helps keep

    defendants from wasting time and money in discovery on 'largely groundless' claims."

    *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56 (1st Cir. 2012) (emphasis

    in original) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).

8.  As stated above, the NHAGO has offered to accept service on behalf of numerous new

    defendants which will be represented by its office. Plaintiffs have obstinately refused this

offer, opting instead to expend time and money completing service on the new State

defendants, and requesting additional time to do so.

9.  It can only be assumed that these actions are taken out of Plaintiffs' desire to "bifurcate"

the proceedings and draw out this litigation in hopes that they will enjoy a second round

of motion practice and discovery if, and when, the additional defendants are ultimately

served. But Plaintiffs have already been granted a second opportunity to pass the

"plausibility test", and the existing defendants have, twice, moved for dismissal of

Plaintiffs' claims. Allowing Plaintiffs to now engage in two separate rounds of discovery

against State defendants represented by the NHAGO (first with the existing Defendants,

then with the additional State defendants) would only serve to multiply the cost and

expense of defending against Plaintiffs' meritless claims.

10. Suspending discovery pending ruling on the existing Defendants' Motion to Dismiss and

Plaintiffs' Motion for Default, and pending service on the additional defendants (and

filing of Motions to Dismiss with regard to those defendants) will allow all of the

Plaintiffs' claims to be put to this plausibility test before the parties are subjected to the

"inevitably costly and protracted discovery phase" of litigation, and will allow the parties

to participate in the discovery phase all at once, rather than in the piecemeal fashion

Plaintiffs propose. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (cleaned

up); *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56 (1st Cir. 2012) ("a

claim must have some degree of plausibility before the parties are put through

their discovery paces.").

11. Plaintiffs' Motion should be denied.

WHEREFORE, Defendants respectfully requests that this Honorable Court:

    A.  Deny Plaintiffs' Motion to Compel Discovery Cooperation and Rule 26(f)

        Conference Compliance (ECF No. 58); and

    B.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Kelly Ayotte, Governor
Christopher Sununu, former Governor
John Formella, Attorney General

By their attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: July 10, 2025

/s/ Shawna Bentley
Shawna Bentley, Bar #270149
Assistant Attorney General
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
shawna.bentley@doj.nh.gov
(603) 271-6836


and

Charles O'Leary

By his attorney,

JOHN M. FORMELLA
NEW HAMPSHIRE ATTORNEY GENERAL

Dated: June 10, 2025

/s/ Christina M. Wilson
Christina M. Wilson, NH Bar No. 268553
Senior Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, New Hampshire 03301
(603) 271-3675
Christina.M.Wilson@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via First Class Mail on July 10, 2025 to Plaintiffs' addresses as listed in the Complaint.


/s/ Shawna Bentley
Shawna Bentley