UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

FRANK STAPLES, et al.

    v.                                                  Civil No. 24-cv-00331-LM-TSM

KELLY AYOTTE, GOVERNOR, et al.

### ORDER AND REPORT AND RECOMMENDATION

Self-represented Plaintiffs Frank Staples and Kathleen Bussiere filed their First Amended Complaint (Doc. No. 48) on April 10, 2025, which added new defendants,[1] facts, and causes of action to their original Complaint (Doc. No. 1). On May 20, 2025, this court issued an Order finding that Plaintiffs' filed their First Amended Complaint as of right, see Fed. R. Civ. P. 15(a)(1), and, accordingly, directed Defendants New Hampshire Governor Kelly Ayotte, former Governor Christopher Sununu, the New Hampshire Attorney General (the "State Defendants"), and Charles O'Leary ("Defendant O'Leary") to file a response to Plaintiffs' First Amended Complaint within twenty-one days from the date of that Order. Doc. No. 53 at pg. 4. On June 10, 2025, the State

---

[1] The original complaint named the following Defendants, all of whom were served: New Hampshire's Governor Kelly Ayotte and Attorney General John Formella, Christopher Sununu (for his individual capacity claims), Charles O'Leary, and a series of John Doe defendants who are law enforcement officers. See Doc. No. 53 at pg. 1; id. at n.1; Doc. No. 46 (substituting the current Governor Kelly Ayotte with former Governor Christopher Sununu for Plaintiffs' official capacity claims against Sununu). The defendants that were added in Plaintiffs' First Amended Complaint, but, as of the date of this Order and Report and Recommendation, Plaintiffs have not served are: New Hampshire State Police; Town of Newfields; Newfields Police Department; New Hampshire State Troopers Megan Walsh and Gregory Deluca; the estate of Kathleen O'Brien (former Newfields Police Officer); and a series of John Doe defendants, who are either government agents, law enforcement officers, or officials whose identities are not known. Doc. No. 48.

Defendants and Defendant O'Leary together moved to extend the time to respond to Plaintiffs' First Amended Complaint to June 30, 2025. Doc. No. 55. Plaintiffs did not object. Instead, Plaintiffs moved for entry of default and for default judgment against the State Defendants and Defendant O'Leary (collectively, "Defendants") (Doc. No. 57).[2] Defendants object to Plaintiffs' Motion for Default and Default Judgment. Doc. No. 64. For the reasons stated, the court grants Defendants' Motion to Extend (Doc. No. 55) and recommends that the district judge deny Plaintiffs' Motion for Entry of Default and Default Judgment. Doc. No. 57.

I. **Defendants' Motion to Extend**

As an initial matter, Plaintiffs did not file an objection to Defendants' request to extend the time to respond to Plaintiffs' Amended Complaint and therefore, waived any objection to that Motion.[3] See LR 7.1(b) (noting "[t]he court shall deem waived any objection not filed in accordance with this rule."). Despite Plaintiffs' waiver, the court nevertheless concludes that Defendants' extension request is warranted.

Fed. R. Civ. P. 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed. R. Civ.

---

[2] Plaintiffs also filed an emergency addendum to their Motion for Default on June 30, 2025. Doc. No. 61.

[3] Although Plaintiffs request that the court enter default against Defendants for their failure to timely respond to the Complaint, Plaintiffs assented to Defendants' extension request. Defendants initially emailed Plaintiffs on June 9, 2025 and requested Plaintiffs' assent to the extension. Doc. No. 64-1 at pg. 4. Defendants also told Plaintiffs they planned to file the extension the next day (June 10, 2025). Id. at pgs. 3–4. On June 9, Mr. Staples responded and requested time to confer with Ms. Bussiere. Id. at pg. 3. Plaintiffs eventually assented to Defendants' extension request on June 11, 2025, the day after Defendants filed their extension request. Doc. No. 55 at ¶ 9 (no assent at the time of filing); Doc. No. 64-1 at pg. 2 (Plaintiffs assented via email).

P. 6(b)(1)(A). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (citing cases from the First, Seventh, and Fourth Circuits). In the First Circuit, the term "is liberally construed." Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004) (discussing "good cause" in the context of Fed. R. Civ. P. 55(c)). Additionally, because there is "no precise formula for the 'good cause' analysis[,]" the question whether good cause exists is left to the court's discretion. Id.

Here, Defendants timely moved to extend. The court directed Defendants to respond to Plaintiffs' Amended Complaint within twenty-one days of the date of the court's May 20, 2025 Order.[4] Using the date on which the court signed the Order, Defendants' deadline to file their extension request was June 10, 2025. Doc. No. 55; Fed. R. Civ. P. 6(b)(1)(A). Defendants filed their Motion on June 10, 2025, and therefore, the motion was timely.

Next, Defendants had good cause to request their extension. Defendants, who are represented by the New Hampshire Attorney General's Office, sought an extension to answer Plaintiffs' Amended Complaint to June 30, 2025 in order to "coordinate a consolidated response" with some of the new defendants who had not been served and who would also be represented by the New Hampshire Attorney General's Office. Doc. No. 55 at ¶¶ 4, 8. In other words, Defendants' extension request was based, in part, on Plaintiffs not having served the new defendants (i.e., New Hampshire State Police; Town of Newfields; Newfields Police Department; New Hampshire State Troopers Megan Walsh and Gregory Deluca; the estate of Kathleen O'Brien

---

[4] The court docketed, and therefore notified the parties of, that Order on May 22, 2025. However, as stated above, Defendants timely filed their Motion to Extend because they filed it on or before the original time to respond expired, on June 10, 2024. See, e.g., Jones v. Experian Info. Sols., No. CV 14-10218-GAO, 2016 WL 8679218, at *3 (D. Mass. Sept. 30, 2016) (calculating twenty-day response time as "on or before" that twenty-one-day window expired).

(former Newfields Police Officer); and a series of John Doe defendants, who are either government agents, law enforcement officers, or officials whose identities are not known). See Doc. No. 48 at ¶¶ 17–24. As of June 30, 2025 – the date on which Defendants filed their Motion to Dismiss (Doc. No. 60) – Plaintiffs still had not served the new defendants.[5] Plaintiffs argue that Defendants' failure to include the new defendants in their response to the Complaint warrants denial of Defendants' extension request. However, Defendants could not coordinate with or include new parties that Plaintiffs did not serve. Accordingly, the court is not persuaded by Plaintiffs' argument.

Ultimately, Defendants timely filed their extension and demonstrated good cause to seek that extension. The court grants Defendants' Motion to Extend (Doc. No. 55).

## II. Plaintiffs' Motion for Entry of Default and for Default Judgment

In their Motion for Entry of Default and for Default Judgment (Doc. No. 57), Plaintiffs request: (1) that the court enter default against State Defendants and Defendant O'Leary, pursuant to Fed. R. Civ. P. 55(a); and (2) that the court enter judgment against the defaulted Defendants pursuant to Fed. R. Civ. P. 55(b)(2).[6] For the reasons that follow, Plaintiffs' request for entry of default is denied. Further, the court recommends that the district judge deny Plaintiffs' motion for default judgment.

---

[5] As of the date of this Order, Plaintiffs still have not served the new defendants. Indeed, Plaintiffs requested an extension of time to serve these defendants until September 8, 2025. See Doc. No. 59.

[6] Plaintiffs also filed an "Emergency Addendum" to their Motion for Entry of Default. Doc. No. 61. Like their Motion for Entry of Default, Plaintiffs' Addendum requests that the court enter default judgment against State Defendants and Defendant O'Leary for "systemic procedural manipulation." Id. at pg. 1; see Doc. No. 57 at pg. 1.

4

"[T]he entry of default judgment in federal court is governed by Federal Rule of Civil Procedure 55." Hoyos v. Telecorp Commc'ns, Inc., 488 F.3d 1, 5 (1st Cir. 2007). "Rule 55 outlines a two-step process." Dmitriev v. Mann, No. 1:21-CV-40068-NMG, 2023 WL 2988644, at *6 (D. Mass. Mar. 10, 2023); see Aho v. Deutsche Bank Nat'l Tr. Co. as Tr. Certificateholders of HSI Asset Securitization Corp. Tr. 2007-NC1 Tr., Mortg. Pass Through Certificates, Series 2007-NC1, No. 23-CV-454-JL-TSM, 2024 WL 2939168, at *2–3 (D.N.H. Apr. 30, 2024), R & R adopted sub nom., Aho v. Deutsche Bank Nat'l Tr. Co., No. 23-CV-454-JL-TSM, 2024 WL 3274724 (D.N.H. June 28, 2024). First, under Rule 55(a), the clerk must enter a party's default when the moving party has "shown by affidavit or otherwise," that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). "Only after the clerk has entered a default under Rule 55(a), may a default judgment be entered under Rule 55(b)(1) or 55(b)(2)." Aho, 2024 WL 2939168, at *2. "Default judgments entered pursuant to Fed. R. Civ. P. 55 are intended to protect diligent parties whose adversaries are clearly unresponsive." Niemic v. Maloney, 409 F. Supp. 2d 32, 37 (D. Mass. 2005).

Plaintiffs' Motion for Entry of Default lacks merit. This is not a case where Defendants failed to plead or otherwise defend the action. See Doc. No. 22 (State Defendants' first Motion to Dismiss); Doc. No. 23 (Defendant O'Leary's first Motion to Dismiss);[7] Doc. No. 60 (Defendants' Joint Motion to Dismiss). Rather, as discussed above, Defendants timely sought an extension to their response deadline, which the court grants, and filed their responsive pleading while the motion was pending and before the enlarged deadline expired. Accordingly, there is no basis for

---

[7] The court denied Defendants' respective motions to dismiss without prejudice because Plaintiffs filed an Amended Complaint, as of right, after Defendants filed those motions. See Doc. No. 53 at pgs. 3–4 (citing LR 15.1(c)). However, the court cites the prior motions to dismiss to demonstrate that Defendants responded to Plaintiffs' claims throughout this case.

a finding of default under Rule 55(a) or default judgment under Rule 55(b). Therefore, Plaintiffs' Motion for Entry of Default is denied, and the court recommends that the district judge deny Plaintiffs' Motion for Default Judgment. Doc. No. 57.[8]

## Conclusion

For the reasons stated above, the court grants Defendants' Motion to Extend time to answer Plaintiffs' First Amended Complaint to June 30, 2025 (Doc. No. 55), denies Plaintiffs' Motion for Entry of Default (Doc. No. 57), and recommends that the district judge deny Plaintiffs' Motion for Default Judgment (Id.).

Any objections to the court's Report and Recommendation as to Plaintiffs' Motion for Default Judgment must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842

---

[8] In their Motion for Entry of Default and Default Judgment and "Emergency Addendum" to that Motion, Plaintiffs contend that Defendants engaged in "systematic procedural gamesmanship," which defeats good cause, Doc. No. 57 at pg. 3, and two "identical manipulation cycle[s]" between January and June 2025. Doc. No. 61 at pg. 2–3. Plaintiffs allege that Defendants falsely consolidated "necessity claims," filed "contradicting consolidation claims," exploited the court's January 13, 2025 leniency, missed the June 10 deadline to file their answer, filed "no assent" claims, engaged in bribery, and filed only in reaction to Plaintiffs' default motion, id.; as well as acted improperly with providing service waivers, filed multiple frivolous extensions, and engaged in bad faith litigation conduct, Doc. No. 57 at ¶¶ 13–15. However, Plaintiffs' claims of "gamesmanship" and "manipulation cycle[s]" concern issues that were previously litigated, or that the court has addressed in this Order and Report and Recommendation or in prior orders. See Doc. No. 46 at pg. 2 (denying Plaintiffs' motion to strike), Endorsed Order, Jan. 13, 2025 (granting Defendants' First Motion to Extend and rejecting Plaintiffs' Expedited Motion for Default); Endorsed Order, Mar. 6, 2025 (district judge adopted undersigned Magistrate Judge's January 13, 2025 Endorsed Order); May 13, 2025 Endorsed Order (granting State Defendants' and Defendant O'Leary's Motions to Extend). Accordingly, Plaintiffs' claims of procedural abuse do not provide grounds to defeat either the court's determination that Defendants demonstrated good cause for an extension or the court's order and recommendation as to Plaintiffs' Motion for Entry of Default and for Default Judgment.

F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

SO ORDERED.

_____
Talesha L. Saint-Marc
U.S. Magistrate Judge

August 25, 2025

cc:   Frank Staples, pro se
      Kathleen Bussiere, pro se
      Counsel of Record