UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

FRANK STAPLES and
KATHLEEN BUSSIERE

     v.                            Civil No. 24-cv-331-LM-TSM

GOVERNOR, STATE OF
NEW HAMPSHIRE, et al.

### REPORT AND RECOMMENDATION

Self-represented Plaintiffs, Frank Staples and Kathleen Boussiere, brought federal and state claims against former New Hampshire Governor, Christopher Sununu; the New Hampshire Attorney General John Formella; and Charles O'Leary. Doc. No. 1. Plaintiffs filed an amended complaint in which they added, as Defendants, Governor Ayotte, the State of New Hampshire, the New Hampshire State Police, the Town of Newfields (New Hampshire), the Newfields Police Department, Gregory DeLuca, Megan Walsh, and the estate of Kathleen O'Brien. Doc. No. 48. Plaintiffs did not serve the new Defendants named in the amended complaint within the time allowed or within the extended time allowed. End. Or. Sept. 9, 2025; Doc. No. 82. As a result, the court ordered Plaintiffs to show cause why the claims against the added Defendants, other than Governor Ayotte, should not be dismissed for lack of service. Doc. No. 82 at pg.2.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on notice or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Then, if the plaintiff shows good cause for the failure to serve, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); see also Hewes v. Pangburn, 162 F.4th 177, 201 (1st Cir. 2025).

Plaintiffs filed a response to the show cause order in which Plaintiff Staples stated that he had medical and cognitive impairment during the time allowed to complete service. Doc. No. 83 at pg. 1. He also stated that he has a history of post-concussion syndrome. Id. Staples further states that he was homeless, that he was incarcerated for five days, and that his self-represented status impaired his ability to complete service. Id. at pg. 2. Staples asks that Plaintiffs be granted an additional 45 days to complete services. Id.

Defendants filed a response to Plaintiffs' filing, in which they note that Plaintiffs have previously raised the same reasons Frank Staples provides for not completing service, argue that the court should not credit those reasons for delay, and point out that Staples's reasons do not apply to Plaintiff Bussiere. Doc. No. 84 at pg. 2. Defendants also provide exhibits to show that Staples was litigating in at least five other cases in New Hampshire state courts during the time he claims to have been unable to complete service on the new Defendants: two in the 6th Circuit, District Division, in Concord, one in the 10th Circuit, District Division in Brentwood, and one at the New Hampshire Supreme Court. Id. at pgs. 2-4. Defendants also cite a YouTube video of Staples in which he says that his strategy in litigation is to be an administrative burden. Id. at pgs. 4-5. Defendants argue that any extension of time for service is inappropriate given Staples's conduct and the burden placed on defendants. Id. at pgs. 5-6.

Plaintiffs had more than eight months to complete service. Further, there are two named Plaintiffs in this case: Frank Staples and Kathleen Bussiere. As Defendants point out, Plaintiffs do not show cause why Plaintiff Bussiere could not complete service. For that reason alone, Plaintiffs' response to the show cause order is insufficient.

In addition, the fact that a plaintiff is self-represented is not good cause for failing to complete service within the time allowed. Rice v. Kennedy, No. 23-cv-11940-NMG, 2025 U.S. Dist. LEXIS 158008, at *44-*45, 2025 WL 2325061, at *17 (D. Mass. June 23, 2025), report and

recommendation adopted (Aug. 11, 2025). Further, even a self-represented plaintiff who suffers from homelessness and post-concussive syndrome need only be given one extension of time to complete service. Laurent v. Wal-Mart Store E., LP, No. 25-cv-185MRD, 2025 U.S. Dist. LEXIS 262197, at *1-2, 2025 WL 3634109, at *1 (D.R.I. Dec. 15, 2025). A self-represented litigant who has demonstrated his capacity to aggressively litigate his case is afforded less leeway in determining whether he has shown good cause under Rule 4(m). Isijola v. US Telecommunications, Inc., 768 F. Supp. 3d 157, 160 (D. Mass. 2025).

      Plaintiffs filed the amended complaint on April 10, 2025. Despite Plaintiff Staples's claimed disabilities and impairments, Plaintiffs have made many filings in this case that demonstrate their ability to litigate. Less than a month after filing the amended complaint, Plaintiffs filed an objection to Defendants' motion to extend time to answer the amended complaint. Doc. No. 51. Plaintiffs then filed a motion for expedited consideration of that objection (Doc. No. 52), a motion for entry of default (Doc. No. 57), a motion to compel discovery (Doc. No. 58), a motion to extend time to serve the new defendants (Doc. No. 59), an emergency addendum to the motion for default (Doc. No. 61), a motion to extend time to respond to Defendants' motion to dismiss (Doc. No. 65), a motion for a temporary restraining order and a preliminary injunction (Doc. No. 66), a response to Defendants' objection to their motion for an extension of time (Doc. No. 67), a motion to file exhibits (Doc. No. 71), and a motion to stay ruling on the motion to dismiss (Doc. No. 72). The court allowed extra time to complete service because of the same issues that Staples again raises in his response to the show cause order. End. Or. Sept. 9, 2025.

      Plaintiffs have not shown good cause for their failure to complete service. Given their litigation history, Plaintiffs have not shown any likelihood that they would complete service even if they were granted yet another extension of time. Further, the served Defendants moved to

3

dismiss the claims in the case, and the court recommends that the district judge grant the motion to dismiss. Plaintiffs' failure to complete service would be prejudicial to the existing Defendants as well as the new and unserved Defendants.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss the claims against the new Defendants added in the amended complaint (Doc. No. 48), other than Governor Ayotte, for lack of service.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

Dated: February 12, 2026

cc: Frank Staples, pro se.
      Kathleen Boussier, pro se.
      Counsel of record.